Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600   Fax: 213.236.2700

Attorneys for Defendant
THE GEO GROUP, INC. (Sued herein as THE
GEO GROUP)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin VARGAS, as Successor in Interest of the Estate of Martin Vargas Arellano,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; THE GEO GROUP; and WELLPATH, LLC,<br><br>Defendants. | Case No. 5:23-cv-00380-JWH-SP<br><br>**DEFENDANT THE GEO GROUP, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT; AND DEMAND FOR JURY TRIAL**<br><br>Judge:   Hon. John W. Holcomb |

Defendant The GEO Group, Inc., in answer to the Complaint [Dkt. 1] filed by Plaintiff Martin Vargas, as Successor in Interest to the Estate of Martin Vargas Arellano, hereby admits, denies, and alleges as follows:

**INTRODUCTION**

1.    In response to paragraph 1 of Plaintiff's Complaint, Defendant GEO acknowledges that decedent's son Martin Vargas files this action as his successor in interest. Defendant denies any remaining allegations for lack of information and belief.

2.    In response to paragraph 2 of Plaintiff's Complaint, Defendant GEO admits that the Adelanto ICE Processing Center is an ICE facility operated by The

GEO Group, Inc.  During the relevant time period at issue, medical services were provided at Adelanto by Wellpath, LLC.  Defendant denies any remaining allegations for lack of information and belief.

3.    In response to paragraphs 3-10 of Plaintiff's Complaint, Defendant avers that it contracted with Wellpath for all medical care.  Defendant GEO did not provide medical care to detainees nor did it have the power to release detainees.  Defendant admits that Vargas Arellano tested positive for COVID-19 in December 2020, while at Adelanto.  Defendant denies that it contributed to decedent's illness or death.  Defendant denies any remaining allegations for lack of information and belief.

## EXHAUSTION

4.    In response to paragraph 11 of Plaintiff's Complaint, Defendant has not received or seen the Federal Tort Claims Act claim.  Defendant denies any remaining allegations for lack of information and belief.

## JURISDICTION AND VENUE

5.    In response to paragraphs 12-13 of Plaintiff's Complaint, Defendant admits this Court has jurisdiction and venue here. Defendant denies any remaining allegations for lack of information and belief.

## PARTIES

6.    In response to paragraphs 14-17 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny facts regarding Plaintiff's citizenship or residence.  Defendant admits that the USA, via ICE, owns the Adelanto Facility and that Adelanto is subject to ICE policies and standards including PBNDS.  Defendant admits that GEO is a corporation headquartered in Florida which contracts with ICE to operate the Adelanto Facility.  Defendant admits that Wellpath (formerly CCS) provides the medical care at Adelanto.  Defendant denies any remaining allegations for lack of information and belief.

///

# FACTUAL ALLEGATIONS

7.    In response to paragraphs 1-25 of Plaintiff's Complaint, these allegations concern ICE and DHS and therefore are not addressed by the answering party GEO.

8.    In response to paragraphs 26-27 of Plaintiff's Complaint, Defendant admits that it operates the Adelanto Detention Facility for ICE. Defendant also admits that in 2016, it contracted with Correct Care Solution (now Wellpath) to provide medical care at Adelanto.  Defendant denies any remaining allegations for lack of information and belief.

9.    In response to paragraphs 28-32 of Plaintiff's Complaint, these allegations concern CCS and Wellpath and therefore are not addressed by the answering party GEO.

10.    In response to paragraph 33 of Plaintiff's Complaint, Defendant admits that it contracted directly with ICE to run the Facility beginning in June 2019. Defendant denies any remaining allegations for lack of information and belief.

11.    In response to paragraphs 34 to 39 of Plaintiff's Complaint,  Defendant denies that Adelanto's response to COVID-19 was inadequate.  Defendant admits that the case of *Roman v. Wolf,* 829 F. App'x 165, 171 (9th Cir. 2020) resulted in various findings and orders, including reduction of the population to increase social distancing.  Defendant denies any remaining allegations for lack of information and belief.

12.    In response to paragraphs 40-48 of Plaintiff's Complaint, Defendant admits that Adelanto is required to comply with ICE's 2011 PBNDS including the standards provided therein for medical care.  Defendant denies any remaining allegations for lack of information and belief.

13.    In response to paragraphs 49-53 of Plaintiff's Complaint, Defendant admits that ICE established Pandemic Response Requirements (PRR) in 2020, which has been periodically updated.  Defendant admits the PRR provides

standards for medical care of COVID at detention facilities.  Defendant admits the Facility also follows the CDC Interim Guidance for Correctional/Detention Facilities.  Defendant denies any remaining allegations for lack of information and belief.

14.    In response to paragraphs 54-59 of Plaintiff's Complaint, these allegations concern ICE and therefore are not addressed by the answering party GEO.

15.    In response to paragraphs 60 to 66 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny decedent's birthplace or immigration details.  Defendant also lacks sufficient information to admit or deny when ICE took decedent into custody, when he was released, and when he was arrested and put into custody again.  Defendant admits that decedent's removal case was terminated after his death.  Defendant denies any remaining allegations for lack of information and belief.

16.    In response to paragraphs 67 to 74 of Plaintiff's Complaint, Defendant lacks sufficient information to admit or deny what ICE was aware of or any of ICE's actions.  Defendant admits that decedent was a class member in *Fraihat.* Defendant admits that decedent had numerous medical chronic conditions. Defendant admits decedent was hospitalized at St. Mary's on January 27, 2021. Defendant denies any remaining allegations for lack of information and belief.

17.    In response to paragraphs 75 to 97 of Plaintiff's Complaint, Defendant admits that decedent was hospitalized at St. Mary's on January 27, 2021. Defendant lacks sufficient information to admit or deny allegations related to ICE bond hearings, ICE determinations, decedent's criminal history, or decedent's medical history, and therefore denies them for lack of information and belief. Defendant admits that decedent died in the hospital.  Defendant admits that decedent was released from custody while he was in the hospital and before he was certified as deceased.  Defendant lacks sufficient information to admit or deny

whether appropriate notifications were made by ICE and therefore denies these allegations for lack of information and belief. Defendant denies any remaining allegations for lack of information and belief.

## COUNT ONE: FTCA - NEGLIGENCE

18. In response to paragraph 98 of Plaintiff's Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

19. In response to paragraphs 99 to 106, this cause of action pertains to ICE and does not concern the answering Defendant GEO.

## COUNT TWO: FTCA - IIED

20. In response to paragraph 107 of Plaintiff's Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

21. In response to paragraphs 108 to 116, this cause of action pertains to ICE and does not concern the answering Defendant GEO.

## COUNT THREE: FTCA – FALSE ARREST/IMPRISONMENT

20. In response to paragraph 117 of Plaintiff's Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

21. In response to paragraphs 118 to 121, this cause of action pertains to ICE and does not concern the answering Defendant GEO.

## COUNT FOUR: GOVT CODE 7320

22. In response to paragraph 122 of Plaintiff's Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

23. In response to paragraphs 123 to 130 of Plaintiff's Complaint, Defendant admits it is a private detention facility operator and that it must adhere to its Facility contract terms, including ICE PBNDS. Defendant denies that it violated the PBNDS and denies it failed to adequately protect decedent. Defendant denies it failed to provide appropriate care for decedent and denies its actions or inactions caused decedent's death and/or damages. Defendant denies any remaining allegations for lack of information and belief.

## COUNT FIVE: NEGLIGENCE

24. In response to paragraph 131 of Plaintiff's Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

25. In response to paragraphs 132 to 138 of Plaintiff's Complaint, Defendant admits Plaintiff brings a successor action on behalf of decedent and that he alleges negligent medical care. Defendant denies that it breached a duty of care and denies it caused decedent pain, suffering, and/or death as a result of any of its actions or inactions. Defendant denies any remaining allegations for lack of information and belief.

## PRAYER FOR RELIEF

26. Defendant admits that Plaintiff is seeking compensatory and punitive damages and attorneys' fees and costs. Defendant denies that Plaintiff is entitled to any form of relief in this matter. Defendant denies any remaining allegations for lack of information and belief.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defensed, Defendant alleges each of the following:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted. The Complaint also fails to state a claim against Defendant GEO.

## SECOND AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff was deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

## THIRD AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason under all circumstances

known, and with the good faith belief that its actions comported with federal and state laws.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no actual injury due to Defendant GEO's conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to sue for one or more of the claims for relief asserted.

## SIXTH AFFIRMATIVE DEFENSE

The damages alleged were directly and proximately caused by decedent's poor health and co-morbidities, and not by any inadequacy in his medical care.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendant GEO did not act with malicious intent to deprive him of any constitutional right or to cause any injury.  Punitive damages are not recoverable for the claims set forth.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is not vicariously liable for acts of subordinates or subject to liability under the doctrine of *respondeat superior*.

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that pursuant to Government Code §815, this answering defendant is not liable for any injury, except as otherwise provided by statute.

## TENTH AFFIRMATIVE DEFENSE

Defendant alleges that this answering defendant is immune from liability pursuant to Government Code §820.4.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that persons or entities other than this answering defendant was responsible for the damages, if any there were which defendant denies, alleged by plaintiff. It was this fault or negligence of third parties, and not any act or acts of this answering defendant, which proximately

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4887-8083-8753 v1

- 7 -

5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO COMPLAINT

contributed to the damages, if any, suffered by plaintiff. This defense is interposed only in the alternative and does not admit any of the allegations of the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff's action is barred by all applicable Government Code immunities including, but not limited to §§ 815.6, 818.2, 818.6, 818.8, 820, 820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846. Said sections are pleaded as though fully set forth herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges it is entitled to immunities provided by the California Business & Professions Code §2395, 2396 and 2397.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability by reason of the provisions of the California Penal Code, including but not limited to §834a, 835, 835a, 836, 836.5, 847 and Civil Code §43.55.

### FIFTEENTH AFFIRMATIVE DEFENSE

TO the extent the Complaint herein seeks punitive damages, it violates defendant's right to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California, and it further violates defendant's rights to protection against "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article 1, Section XVII of the Constitution of the State of California. It further violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California.

### SIXTEENTH AFFIRMATIVE DEFENSE

Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

4887-8083-8753 v1

- 8 -

5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO COMPLAINT

that such affirmative defenses are applicable, is hereby reserved.

## PRAYER FOR RELIEF

Wherefore, Defendant prays for judgment as follows:

1.   That Plaintiff take nothing by this action;

2.   That the action be dismissed in its entirety;

3.   That Defendant be awarded costs of suit, and any other and further relief as deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury in this matter.

Dated:  May 3, 2023                    BURKE, WILLIAMS & SORENSEN, LLP


By: /s/ Susan E. Coleman
         Susan E. Coleman

Attorneys for Defendant
THE GEO GROUP, INC. (Sued herein as THE GEO GROUP)