Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendant
THE GEO GROUP, INC. (Sued herein as THE
GEO GROUP)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin VARGAS, as Successor in Interest of the Estate of Martin Vargas Arellano,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; THE GEO GROUP; and WELLPATH, LLC,<br><br>Defendants. | Case No. 5:23-cv-00380-JWH-SP<br><br>**DEFENDANT THE GEO GROUP, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL**<br><br>Judge:    Hon. John W. Holcomb |

Defendant The GEO Group, Inc., in answer to the First Amended Complaint [Dkt. 39] filed by Plaintiff Martin Vargas, as Successor in Interest to the Estate of Martin Vargas Arrellano, hereby admits, denies, and alleges as follows:

**INTRODUCTION**

1.    In response to paragraph 1 of Plaintiff's First Amended Complaint, Defendant GEO acknowledges that decedent's son Martin Vargas files this action as his successor in interest. Defendant denies any remaining allegations for lack of information and belief.

2.    In response to paragraph 2 of Plaintiff's First Amended Complaint, Defendant GEO admits that the Adelanto ICE Processing Center is an ICE facility

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4853-8609-6233 v1          - 1 -          5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO FAC

1    operated by The GEO Group, Inc.  During the relevant time period at issue, medical

2    services were provided at Adelanto by Wellpath, LLC.  Defendant denies any

3    remaining allegations for lack of information and belief.

4        3.       In response to paragraphs 3-10 of Plaintiff's First Amended

5    Complaint, Defendant avers that it contracted with Wellpath for all medical care.

6    Defendant GEO did not provide medical care to detainees nor did it have the power

7    to release detainees. Defendant admits that Vargas Arellano tested positive for

8    COVID-19 in December 2020, while at Adelanto.  Defendant denies that it

9    contributed to decedent's illness or death.  Defendant denies any remaining

10   allegations for lack of information and belief.

## EXHAUSTION

11

12       4.       In response to paragraph 11 of Plaintiff's First Amended Complaint,

13   Defendant has not received or seen the Federal Tort Claims Act claim.  Defendant

14   denies any remaining allegations for lack of information and belief.

## JURISDICTION AND VENUE

15

16       5.       In response to paragraphs 12-13 of Plaintiff's First Amended

17   Complaint, Defendant admits this Court has jurisdiction and venue here. Defendant

18   denies any remaining allegations for lack of information and belief.

## PARTIES

19

20       6.       In response to paragraphs 14-17 of Plaintiff's First Amended

21   Complaint, Defendant lacks sufficient information to admit or deny facts regarding

22   Plaintiff's citizenship or residence.  Defendant admits that the USA, via ICE, owns

23   the Adelanto Facility and that Adelanto is subject to ICE policies and standards

24   including PBNDS. Defendant admits that GEO is a corporation headquartered in

25   Florida which contracts with ICE to operate the Adelanto Facility.  Defendant

26   admits that Wellpath (formerly CCS) provides the medical care at Adelanto.

27   Defendant denies any remaining allegations for lack of information and belief.

28   ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4853-8609-6233 v1                                    - 2 -                    5:23-CV-00380-JWH-SP
                                                                             DEFT GEO ANSWER TO FAC

**FACTUAL ALLEGATIONS**

7.     In response to paragraphs 18-25 of Plaintiff's First Amended Complaint, these allegations concern ICE and DHS and therefore are not addressed by the answering party GEO.

8.     In response to paragraphs 26-27 of Plaintiff's First Amended Complaint, Defendant admits that it operates the Adelanto Detention Facility for ICE. Defendant also admits that in 2016, it contracted with Correct Care Solution (now Wellpath) to provide medical care at Adelanto.  Defendant denies any remaining allegations for lack of information and belief.

9.     In response to paragraphs 28-32 of Plaintiff's First Amended Complaint, these allegations concern CCS and Wellpath and therefore are not addressed by the answering party GEO.

10.     In response to paragraph 33 of Plaintiff's First Amended Complaint, Defendant admits that it contracted directly with ICE to run the Facility beginning in June 2019.  Defendant denies any remaining allegations for lack of information and belief.

11.     In response to paragraphs 34 to 39 of Plaintiff's First Amended Complaint,  Defendant denies that Adelanto's response to COVID-19 was inadequate.  Defendant admits that the case of *Roman v. Wolf,* 829 F. App'x 165, 171 (9th Cir. 2020) resulted in various findings and orders, including reduction of the population to increase social distancing.  Defendant denies any remaining allegations for lack of information and belief.

12.     In response to paragraphs 40-48 of Plaintiff's First Amended Complaint, Defendant admits that Adelanto is required to comply with ICE's 2011 PBNDS including the standards provided therein for medical care.  Defendant denies any remaining allegations for lack of information and belief.

///

///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

4853-8609-6233 v1                                  - 3 -                      5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO FAC

13.     In response to paragraphs 49-53 of Plaintiff's First Amended Complaint, Defendant admits that ICE established Pandemic Response Requirements (PRR) in 2020, which has been periodically updated.  Defendant admits the PRR provides standards for medical care of COVID at detention facilities.  Defendant admits the Facility also follows the CDC Interim Guidance for Correctional/Detention Facilities.  Defendant denies any remaining allegations for lack of information and belief.

14.     In response to paragraphs 54-59 of Plaintiff's First Amended Complaint, these allegations concern ICE and therefore are not addressed by the answering party GEO.

15.     In response to paragraphs 60 to 66 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny decedent's birthplace or immigration details.  Defendant also lacks sufficient information to admit or deny when ICE took decedent into custody, when he was released, and when he was arrested and put into custody again.  Defendant admits that decedent's removal case was terminated after his death.  Defendant denies any remaining allegations for lack of information and belief.

16.     In response to paragraphs 67 to 74 of Plaintiff's First Amended Complaint, Defendant lacks sufficient information to admit or deny what ICE was aware of or any of ICE's actions.  Defendant admits that decedent was a class member in *Fraihat.* Defendant admits that decedent had numerous medical chronic conditions.  Defendant admits decedent was hospitalized at St. Mary's on January 27, 2021.  Defendant denies any remaining allegations for lack of information and belief.

17.     In response to paragraphs 75 to 97 of Plaintiff's First Amended Complaint, Defendant admits that decedent was hospitalized at St. Mary's on January 27, 2021.  Defendant lacks sufficient information to admit or deny allegations related to ICE bond hearings, ICE determinations, decedent's criminal

history, or decedent's medical history, and therefore denies them for lack of information and belief.  Defendant admits that decedent died in the hospital. Defendant admits that decedent was released from custody while he was in the hospital and before he was certified as deceased.  Defendant lacks sufficient information to admit or deny whether appropriate notifications were made by ICE and therefore denies these allegations for lack of information and belief. Defendant denies any remaining allegations for lack of information and belief.

**COUNT ONE:  FTCA - NEGLIGENCE**

18.     In response to paragraph 98 of Plaintiff's First Amended Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

19.     In response to paragraphs 99 to 108 of Plaintiff's First Amended Complaint, this cause of action pertains to ICE and does not concern the answering Defendant GEO.

**COUNT TWO: FTCA - NIED**

20.     In response to paragraph 109 of Plaintiff's First Amended Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

21.     In response to paragraphs 110 to 120 of Plaintiff's First Amended Complaint, this cause of action pertains to ICE and does not concern the answering Defendant GEO.

**COUNT THREE: FTCA - IIED**

22.     In response to paragraph 121 of Plaintiff's First Amended Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

23.     In response to paragraphs 122 to 132 of Plaintiff's First Amended Complaint, this cause of action pertains to ICE and does not concern the answering Defendant GEO.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4853-8609-6233 v1                                    - 5 -                      5:23-CV-00380-JWH-SP
                                                                                DEFT GEO ANSWER TO FAC

1

**COUNT FOUR: FTCA – FALSE ARREST/IMPRISONMENT**

2      24.    In response to paragraph 133 of Plaintiff's First Amended Complaint,

3 Defendant incorporates the allegations in the paragraphs above as though set forth

4 herein.

5      25.    In response to paragraphs 134 to 138 of Plaintiff's First Amended

6 Complaint, this cause of action pertains to ICE and does not concern the answering

7 Defendant GEO.

8

**COUNT FIVE: GOVT CODE 7320**

9      26.    In response to paragraph 139 of Plaintiff's First Amended Complaint,

10 Defendant incorporates the allegations in the paragraphs above as though set forth

11 herein.

12      27.    In response to paragraphs 140-148 of Plaintiff's First Amended

13 Complaint, Defendant admits it is a private detention facility operator and that it

14 must adhere to its Facility contract terms, including ICE PBNDS.  Defendant denies

15 that it violated the PBNDS and denies it failed to adequately protect decedent.

16 Defendant denies it failed to provide appropriate care for decedent and denies its

17 actions or inactions caused decedent's death and/or damages. Defendant denies any

18 remaining allegations for lack of information and belief.

19

**COUNT SIX: NEGLIGENCE**

20      28.    In response to paragraph 149 of Plaintiff's First Amended Complaint,

21 Defendant incorporates the allegations in the paragraphs above as though set forth

22 herein.

23      29.    In response to paragraphs 150 to 157 of Plaintiff's First Amended

24 Complaint, Defendant admits Plaintiff brings a successor action on behalf of

25 decedent and that he alleges negligent medical care. Defendant denies that it

26 breached a duty of care and denies it caused decedent pain, suffering, and/or death

27 as a result of any of its actions or inactions.  Defendant denies any remaining

28 allegations for lack of information and belief.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4853-8609-6233 v1      - 6 -      5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO FAC

**COUNT SEVEN: NIED**

30.     In response to paragraph 158 of Plaintiff's First Amended Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

31.     In response to paragraphs 159-164 of Plaintiff's First Amended Complaint, Defendant admits Plaintiff brings a successor action on behalf of decedent and that he alleges negligent infliction of emotional distress. Defendant denies that it breached a duty of care and denies it caused Plaintiff serious emotional distress as a result of any of its actions or inactions.  Defendant denies any remaining allegations for lack of information and belief.

**COUNT EIGHT: WRONGFUL DEATH**

32.     In response to paragraph 165 of Plaintiff's First Amended Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

33.     In response to paragraphs 166 to 167 of Plaintiff's First Amended Complaint, Defendant admits Plaintiff brings a successor action on behalf of decedent and that he alleges negligent medical care. Defendant denies that it breached a duty of care and denies it caused decedent's death as a result of any of its actions or inactions.  Defendant denies Plaintiff is entitled to wrongful death damages or any other recovery as a result of its actions or inactions. Defendant denies any remaining allegations for lack of information and belief.

**PRAYER FOR RELIEF**

34.     Defendant admits that Plaintiff is seeking compensatory and punitive damages and attorneys' fees and costs.  Defendant denies that Plaintiff is entitled to any form of relief in this matter.  Defendant denies any remaining allegations for lack of information and belief.

///

///

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defensed, Defendant GEO alleges each of the following:

**FIRST AFFIRMATIVE DEFENSE**

The First Amended Complaint fails to state a claim upon which relief can be granted.  The Complaint also fails to state a claim against Defendant GEO.

**SECOND AFFIRMATIVE DEFENSE**

Defendant denies that Plaintiff was deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

**THIRD AFFIRMATIVE DEFENSE**

At all relevant times, Defendant acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason under all circumstances known, and with the good faith belief that its actions comported with federal and state laws.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has suffered no actual injury due to Defendant GEO's conduct.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to sue for one or more of the claims for relief asserted.

**SIXTH AFFIRMATIVE DEFENSE**

The damages alleged were directly and proximately caused by decedent's poor health and co-morbidities, and not by any inadequacy in his medical care.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive damages because Defendant GEO did not act with malicious intent to deprive him of any constitutional right or to cause any injury.  Punitive damages are not recoverable for the claims set forth.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is not vicariously liable for acts of subordinates or subject to liability under the doctrine of *respondeat superior*.

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that pursuant to Government Code §815, this answering defendant is not liable for any injury, except as otherwise provided by statute.

## TENTH AFFIRMATIVE DEFENSE

Defendant alleges that this answering defendant is immune from liability pursuant to Government Code §820.4.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges on information and beliefp that persons or entities other than this answering defendant was responsible for the damages, if any there were which defendant denies, alleged by plaintiff. It was this fault or negligence of third parties, and not any act or acts of this answering defendant, which proximately contributed to the damages, if any, suffered by plaintiff and/or decedent. This defense is interposed only in the alternative and does not admit any of the allegations of the First Amended  Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's action is barred by all applicable Government Code immunities including, but not limited to §§ 815.6,818.2, 818.6, 818.8, 820, 820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846. Said sections are pleaded as though fully set forth herein.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges it is entitled to immunities provided by the California Business & Professions Code §2395, 2396 and 2397.

///

///

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4853-8609-6233 v1

- 9 -

5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO FAC

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from liability by reason of the provisions of the California Penal Code, including but not limited to §834a, 835, 835a, 836, 836.5, 847 and Civil Code §43.55.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the First Amended Complaint herein seeks punitive damages, it violates defendant's right to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California, and it further violates defendant's rights to protection against "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article 1, Section XVII of the Constitution of the State of California. It further violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California.

## SIXTEENTH AFFIRMATIVE DEFENSE

Because the First Amended Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

## PRAYER FOR RELIEF

Wherefore, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by this action;

2.      That the action be dismissed in its entirety;

3.      That Defendant be awarded costs of suit, and any other and further relief as deemed proper by this Court.

///

///

///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

4853-8609-6233 v1

- 10 -

5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO FAC

1

## DEMAND FOR JURY TRIAL

2

Defendant demands a trial by jury in this matter.

3

4      Dated:  June 7, 2023                    BURKE, WILLIAMS & SORENSEN, LLP

5

6                                              By: _/s/ Susan E. Coleman_____
                                                      Susan E. Coleman
7

8                                              Attorneys for Defendant
                                               THE GEO GROUP, INC. (Sued herein as
9                                              THE GEO GROUP)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4853-8609-6233 v1                              - 11 -                    5:23-CV-00380-JWH-SP
                                                                        DEFT GEO ANSWER TO FAC