Peter G. Bertling (SBN 131602)
Jemma Parker Saunders (SBN 227962)
Bertling Law Group
21 East Canon Perdido Street, Suite 204B
Santa Barbara, CA 93101
Telephone: 805-879-7558
Facsimile: 805-869-1597
peter@bertlinglawgroup.com
jemma@bertlinglawgroup.com

Attorneys for Defendant WELLPATH, LLC

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin VARGAS, as Successor in Interest of the Estate of Martin Vargas Arellano,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; THE GEO GROUP; and WELLPATH, LLC.<br><br>Defendants. | Case No.: 5:23-cv-00380-JWH-SP<br><br>**DEFENDANT WELLPATH'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Action Filed:  March 7, 2023<br>Judge: Hon. John W. Holcomb<br>Ctrm: 9D, 9th Floor |

COMES NOW, Defendant WELLPATH, in response to Plaintiff's Second Amended Complaint, answers, alleges, and pleads as follows:

## INTRODUCTION

1. Defendant can neither admit nor deny the allegations of paragraph 1 based on lack of information.

2. Defendant admits decedent contracted COVID-19 in December 2020. Defendant can neither admit nor deny the remainder of allegations of paragraph 2 based on lack of information.

3. Defendant admits decedent had medical complications, but denies they were COVID-related.

5:23-cv-00380-JWH-SP

4.      Defendant admits decedent died on March 8, 2021, and can nor deny the remainder of allegations of paragraph 4 based on lack of information.

5.      Defendant can neither admit nor deny the allegations of paragraph 5 based on lack of information.

6.      Defendant can neither admit nor deny the allegations of paragraph 6 based on lack of information.

7.      Defendant can neither admit nor deny the allegations of paragraph 7 based on lack of information.

8.      Defendant admits Mr. Vargas Arellano tested positive for COVID but can neither admit nor deny the remainder of allegations of paragraph 8 based on lack of information.

9.      Defendant can neither admit nor deny the allegations of paragraph 9 based on lack of information.

10.     Defendant can neither admit nor deny the allegations of paragraph 10 based on lack of information.

11.     Defendant can neither admit nor deny the allegations of paragraph 11 based on lack of information.

12.     Defendant can neither admit nor deny the allegations of paragraph 12 based on lack of information.

13.     Defendant denies the allegations of paragraph 13 as to itself, and can neither admit nor deny the allegations of paragraph 13 as to any other defendant based on lack of information.

14.     Defendant can neither admit nor deny the allegations of paragraph 14 based on lack of information.

## EXHAUSTION

15.     Defendant can neither admit nor deny the allegations of paragraph 15 based on lack of information.

///

## JURISDICTION AND VENUE

16.     Defendant admits this Court has jurisdiction over this matter.

17.     Defendant admits the venue in this Court is proper.

## PARTIES

18.     Defendant can neither admit nor deny the allegations of paragraph 18 based on lack of information.

19.     Defendant can neither admit nor deny the allegations of paragraph 19 based on lack of information.

20.     Defendant admits GEO is a private corporation.  Defendant can neither admit nor deny the remainder of allegations of paragraph 20 based on lack of information.

21.     Defendant admits WELLPATH is or was the medical provider at Adelanto. Defendant admits WELLPATH is a corporation headquartered in Nashville, Tennessee. Defendant denies the remainder of allegations of paragraph 21.

## FACTUAL ALLEGATIONS

### *ICE's Response to the COVID-19 Pandemic*

22.     Defendant can neither admit nor deny the allegations of paragraph 22 based on lack of information.

23.     Defendant can neither admit nor deny the allegations of paragraph 23 based on lack of information.

24.     Defendant can neither admit nor deny the allegations of paragraph 24 based on lack of information.

25.     Defendant can neither admit nor deny the allegations of paragraph 25 based on lack of information.

26.     Defendant can neither admit nor deny the allegations of paragraph 26 based on lack of information.

27.     Defendant can neither admit nor deny the allegations of paragraph 27 based on lack of information.

28.     Defendant can neither admit nor deny the allegations of paragraph 28 based on lack of information.

29.     Defendant need not respond to paragraph 29 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of case law.

### *The Adelanto Detention Center*

30.     Defendant can neither admit nor deny the allegations of paragraph 30 based on lack of information.

31.     Defendant can neither admit nor deny the allegations of paragraph 31 based on lack of information.

32.     Defendant denies the allegations of paragraph 32.

33.     Defendant can neither admit nor deny the allegations of paragraph 33 based on lack of information.

34.     Defendant can neither admit nor deny the allegations of paragraph 34 based on lack of information.

35.     Defendant can neither admit nor deny the allegations of paragraph 35 based on lack of information.

36.     Defendant can neither admit nor deny the allegations of paragraph 36 based on lack of information.

37.     Defendant can neither admit nor deny the allegations of paragraph 37 based on lack of information.

### *Response to the COVID-19 Pandemic at the Adelanto Facility*

38.     Defendant can neither admit nor deny the allegations of paragraph 38 based on lack of information.  Defendant also need not respond to paragraph 38 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

39.     Defendant can neither admit nor deny the allegations of paragraph 39 based on lack of information.  Defendant also need not respond to paragraph 39 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

///

40.    Defendant can neither admit nor deny the allegations of paragraph 40 based on lack of information.  Defendant also need not respond to paragraph 40 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

41.    Defendant can neither admit nor deny the allegations of paragraph 41 based on lack of information.  Defendant also need not respond to paragraph 41 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

42.    Defendant can neither admit nor deny the allegations of paragraph 42 based on lack of information.  Defendant need not respond to paragraph 42 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

43.    Defendant can neither admit nor deny the allegations of paragraph 43 based on lack of information.  Defendant need not respond to paragraph 43 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

44.    Defendant can neither admit nor deny the allegations of paragraph 44 based on lack of information.  Defendant need not respond to paragraph 44 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

45.    Defendant can neither admit nor deny the allegations of paragraph 45 based on lack of information.  Defendant need not respond to paragraph 45 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

46.    Defendant can neither admit nor deny the allegations of paragraph 46 based on lack of information.  Defendant need not respond to paragraph 46 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

47.    Defendant can neither admit nor deny the allegations of paragraph 47 based on lack of information.  Defendant need not respond to paragraph 47 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

48.    Defendant can neither admit nor deny the allegations of paragraph 48 based on lack of information.  Defendant need not respond to paragraph 48 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

///

***Detention Standards***

49.    Defendant can neither admit nor deny the allegations of paragraph 49 based on lack of information.

50.    Defendant can neither admit nor deny the allegations of paragraph 50 based on lack of information.

51.    Defendant can neither admit nor deny the allegations of paragraph 51 based on lack of information.

52.    Defendant can neither admit nor deny the allegations of paragraph 52 based on lack of information.

53.    Defendant can neither admit nor deny the allegations of paragraph 53 based on lack of information.

54.    Defendant can neither admit nor deny the allegations of paragraph 54 based on lack of information.

55.    Defendant can neither admit nor deny the allegations of paragraph 55 based on lack of information.

56.    Defendant can neither admit nor deny the allegations of paragraph 56 based on lack of information.

57.    Defendant can neither admit nor deny the allegations of paragraph 57 based on lack of information.

58.    Defendant can neither admit nor deny the allegations of paragraph 58 based on lack of information.

59.    Defendant can neither admit nor deny the allegations of paragraph 59 based on lack of information.

60.    Defendant can neither admit nor deny the allegations of paragraph 60 based on lack of information.

61.    Defendant can neither admit nor deny the allegations of paragraph 61 based on lack of information.

///

62.     Defendant can neither admit nor deny the allegations of paragraph 62 based on lack of information.

63.     Defendant can neither admit nor deny the allegations of paragraph 63 based on lack of information.

64.     Defendant can neither admit nor deny the allegations of paragraph 64 based on lack of information.

65.     Defendant can neither admit nor deny the allegations of paragraph 65 based on lack of information.

### *Reporting of Custodial Deaths*

66.     Defendant can neither admit nor deny the allegations of paragraph 66 based on lack of information.

67.     Defendant can neither admit nor deny the allegations of paragraph 67 based on lack of information.

68.     Defendant can neither admit nor deny the allegations of paragraph 68 based on lack of information.

69.     Defendant can neither admit nor deny the allegations of paragraph 69 based on lack of information.

70.     Defendant can neither admit nor deny the allegations of paragraph 70 based on lack of information.

71.     Defendant can neither admit nor deny the allegations of paragraph 71 based on lack of information.

### *Mr. Vargas Arellano's Immigration History*

72.     Defendant can neither admit nor deny the allegations of paragraph 72 based on lack of information.

73.     Defendant can neither admit nor deny the allegations of paragraph 73 based on lack of information.

74.     Defendant can neither admit nor deny the allegations of paragraph 74 based on lack of information.

75. Defendant can neither admit nor deny the allegations of paragraph 75 based on lack of information.

76. Defendant can neither admit nor deny the allegations of paragraph 76 based on lack of information.

77. Defendant can neither admit nor deny the allegations of paragraph 77 based on lack of information.

78. Defendant can neither admit nor deny the allegations of paragraph 78 based on lack of information.

79. Defendant can neither admit nor deny the allegations of paragraph 79 based on lack of information.

80. Defendant can neither admit nor deny the allegations of paragraph 80 based on lack of information.

81. Defendant can neither admit nor deny the allegations of paragraph 81 based on lack of information.

82. Defendant can neither admit nor deny the allegations of paragraph 82 based on lack of information.

83. Defendant can neither admit nor deny the allegations of paragraph 83 based on lack of information.

84. Defendant can neither admit nor deny the allegations of paragraph 84 based on lack of information.

85. Defendant can neither admit nor deny the allegations of paragraph 85 based on lack of information.

86. Defendant can neither admit nor deny the allegations of paragraph 86 based on lack of information.

### *Mr. Vargas Arellano's Detention and Requests for Release During the COVID-19 pandemic*

87. Defendant can neither admit nor deny the allegations of paragraph 87 based on lack of information.

88.     Defendant can neither admit nor deny the allegations of paragraph 88 based on lack of information.

89.     Defendant can neither admit nor deny the allegations of paragraph 89 based on lack of information.

90.     Defendant can neither admit nor deny the allegations of paragraph 90 based on lack of information.  Defendant also need not respond to the allegations of paragraph 90 as they are merely Plaintiff's rendition of law.

91.     Defendant can neither admit nor deny the allegations of paragraph 91 based on lack of information.

92.     Defendant can neither admit nor deny the allegations of paragraph 92 based on lack of information.

93.     Defendant can neither admit nor deny the allegations of paragraph 93 based on lack of information.

94.     Defendant can neither admit nor deny the allegations of paragraph 94 based on lack of information.

95.     Defendant can neither admit nor deny the allegations of paragraph 95 based on lack of information.

96.     Defendant can neither admit nor deny the allegations of paragraph 96 based on lack of information.

97.     Defendant can neither admit nor deny the allegations of paragraph 97 based on lack of information.

98.     Defendant can neither admit nor deny the allegations of paragraph 98 based on lack of information.

99.     Defendant can neither admit nor deny the allegations of paragraph 99 based on lack of information.

100.    Defendant can neither admit nor deny the allegations of paragraph 100 based on lack of information.

///

101. Defendant can neither admit nor deny the allegations of paragraph 101 based on lack of information.

### September COVID-19 Outbreak

102. Defendant can neither admit nor deny the allegations of paragraph 102 based on lack of information.

103. Defendant can neither admit nor deny the allegations of paragraph 103 based on lack of information.

104. Defendant can neither admit nor deny the allegations of paragraph 104 based on lack of information.

105. Defendant can neither admit nor deny the allegations of paragraph 105 based on lack of information.

106. Defendant can neither admit nor deny the allegations of paragraph 106 based on lack of information.

107. Defendant can neither admit nor deny the allegations of paragraph 107 based on lack of information.

### Martin Vargas Arellano's Illness: Contracting COVID-19

108. Defendant denies the allegations of paragraph 108 as to itself and can neither admit nor deny the allegations of paragraph 108 as to any other defendant based on lack of information.

109. Defendant admits Mr. Vargas Arellano was admitted to the infirmary, defendant denies the remainder of allegations of paragraph 109.

110. Defendant denies the allegations of paragraph 110 based on lack of information.

111. Defendant denies the allegations of paragraph 111 as to itself and can neither admit nor deny the allegations of paragraph 111 as to any other defendant based on lack of information.

112. Defendant can neither admit nor deny the allegations of paragraph 112 based on lack of information.

113.    Defendant can neither admit nor deny the allegations of paragraph 113 based on lack of information.

114.    Defendant can neither admit nor deny the allegations of paragraph 114 based on lack of information.

115.    Defendant can neither admit nor deny the allegations of paragraph 115 based on lack of information.

116.    Defendant can neither admit nor deny the allegations of paragraph 116 based on lack of information.

117.    Defendant can neither admit nor deny the allegations of paragraph 117 based on lack of information.

118.    Defendant can neither admit nor deny the allegations of paragraph 118 based on lack of information.

119.    Defendant can neither admit nor deny the allegations of paragraph 119 based on lack of information.

### *Martin Vargas Arellano's Illness: Health Deterioration*

120.    Defendant admits Mr. Vargas Arellano had medical complications but denies they were COVID related.  Defendant can neither admit nor deny the remainder of allegations of paragraph 120 based on lack of information.

121.    Defendant can neither admit nor deny the allegations of paragraph 121 based on lack of information.

122.    Defendant can neither admit nor deny the allegations of paragraph 122 based on lack of information.

123.    Defendant can neither admit nor deny the allegations of paragraph 123 based on lack of information.

124.    Defendant can neither admit nor deny the allegations of paragraph 124 based on lack of information.

125.    Defendant can neither admit nor deny the allegations of paragraph 125 based on lack of information.

126.   Defendant can neither admit nor deny the allegations of paragraph 126 based on lack of information.

127.   Defendant can neither admit nor deny the allegations of paragraph 127 based on lack of information.

128.   Defendant can neither admit nor deny the allegations of paragraph 128 based on lack of information.

### Martin Vargas Arellano's Death and ICE's Concealment

129.   Defendant admits a Wellpath physician emailed ICE's medical coordinator, but can neither admit nor deny the remainder of allegations of paragraph 129 based on lack of information.

130.   Defendant can neither admit nor deny the allegations of paragraph 130 based on lack of information.

131.   Defendant can neither admit nor deny the allegations of paragraph 131 based on lack of information.

132.   Defendant can neither admit nor deny the allegations of paragraph 132 based on lack of information.

133.   Defendant can neither admit nor deny the allegations of paragraph 133 based on lack of information.

134.   Defendant admits Mr. Vargas Arellano died on March 8, 2021.  Defendant can neither admit nor deny the remainder of allegations of paragraph 134 based on lack of information.

135.   Defendant can neither admit nor deny the allegations of paragraph 135 based on lack of information.

136.   Defendant can neither admit nor deny the allegations of paragraph 136 based on lack of information.

137.   Defendant can neither admit nor deny the allegations of paragraph 137 based on lack of information.

///

138.   Defendant can neither admit nor deny the allegations of paragraph 138 based on lack of information.

## CAUSE OF ACTION

## COUNT ONE

**(Federal Tort Claims Act)**

**(Negligence)**

*Defendant United States*

139.   In response to the allegations of paragraph 139, Defendant admits, denies, and/or neither admits nor denies the allegations set forth in the relevant paragraphs above.

140.   No allegations are made against Defendant at paragraphs 140 through 153.

## COUNT TWO

**(Federal Tort Claims Act)**

**(Negligent Infliction of Emotional Distress)**

*Defendant United States*

154.   In response to the allegations of paragraph 154, Defendant admits, denies, and/or neither admits nor denies the allegations set forth in the relevant paragraphs above.

155.   No allegations are made against Defendant at paragraphs 155 through 165.

## COUNT THREE

**(Federal Tort Claims Act)**

**(Intentional Infliction of Emotional Distress)**

*Defendant United States*

166.   In response to the allegations of paragraph 166, Defendant admits, denies, and/or neither admits nor denies the allegations set forth in the relevant paragraphs above.

167.   No allegations are made against Defendant at paragraphs 166 through 177.

///

///

///

///

## COUNT FOUR

### (Federal Tort Claims Act)

### (False Arrest/Imprisonment)

### *Defendant United States*

178.   In response to the allegations of paragraph 178, Defendant admits, denies, and/or neither admits nor denies the allegations set forth in the relevant paragraphs above.

179.   No allegations are made against Defendant at paragraphs 178 through 187.

## COUNT FIVE

### (Violation of Detention Standards)

### *Defendants Wellpath and GEO*

188.   In response to the allegations of paragraph 188, Defendant admits, denies, and/or neither admits nor denies the allegations set forth in the relevant paragraphs above.

189.   Defendant can neither admit nor deny the allegations of paragraph 189 based on lack of information.

190.   Defendant can neither admit nor deny the allegations of paragraph 190 based on lack of information.

191.   Defendant can neither admit nor deny the allegations of paragraph 191 based on lack of information.

192.   Defendant denies the allegations of paragraph 192.

193.   Defendant admits that Wellpath is required to exercise a duty of ordinary care and skill in its care of Adelanto inmates.  Defendant denies the remainder of allegations of paragraph 193.

194.   Defendant can neither admit nor deny the allegations of paragraph 194 based on lack of information.

195.   Defendant denies the allegations of paragraph 195 as to itself and can neither admit nor deny the allegations contained in paragraph 195 of Plaintiff's Second Amended Complaint as to any other Defendant based on lack of information.

///

196.   Defendant denies the allegations of paragraph 196 as to itself and can neither admit nor deny the allegations contained in paragraph 196 of Plaintiff's Second Amended Complaint as to any other Defendant based on lack of information.

## COUNT SIX

### (Negligence)

### *Defendants Wellpath and GEO*

197.   In response to the allegations of paragraph 197, Defendant admits, denies, and/or neither admits nor denies the allegations set forth in the relevant paragraphs above.

198.   Defendant can neither admit nor deny the allegations of paragraph 198 based on lack of information.

199.   Defendant can neither admit nor deny the allegations of paragraph 199 based on lack of information.

200.   Defendant need not respond to paragraph 200 of Plaintiff's Second Amended Complaint as it is merely plaintiff's rendition of law.

201.   Defendant need not respond to paragraph 201 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

202.   Defendant need not respond to paragraph 202 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

203.   Defendant need not respond to paragraph 203 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

204.   Defendant need not respond to paragraph 204 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

205.   Defendant admits it owed a duty of care to Mr. Vargas Arellano, defendant denies the remainder of allegations of paragraph 205 as to itself and can neither admit nor deny the allegations contained in paragraph 205 of Plaintiff's Second Amended Complaint as to any other Defendant based on lack of information.

///

///

206.   Defendant denies the allegations of paragraph 206 as to itself and can neither admit nor deny the allegations contained in paragraph 206 of Plaintiff's Second Amended Complaint as to any other Defendant based on lack of information.

207.   Defendant denies the allegations of paragraph 207 as to itself and can neither admit nor deny the allegations contained in paragraph 207 of Plaintiff's Second Amended Complaint as to any other Defendant based on lack of information.

208.   Defendant denies the allegations of paragraph 208 as to itself and can neither admit nor deny the allegations contained in paragraph 208 of Plaintiff's Second Amended Complaint as to any other Defendant based on lack of information.

## COUNT SEVEN

### (Negligent Infliction of Emotional Distress)

### *Defendants Wellpath and GEO*

209.   In response to the allegations of paragraph 209, Defendant admits, denies, and/or neither admits nor denies the allegations set forth in the relevant paragraphs above.

210.   Defendant can neither admit nor deny the allegations of paragraph 210 based on lack of information.

211.   Defendant can neither admit nor deny the allegations of paragraph 211 based on lack of information.

212.   Defendant need not respond to paragraph 212 of Plaintiff's Second Amended Complaint as it is merely Plaintiff's rendition of law.

213.   Defendant denies the allegations of paragraph 213 as to itself and can neither admit nor deny the allegations contained in paragraph 213 of Plaintiff's Second Amended Complaint as to any other Defendant based on lack of information.

214.   Defendant denies the allegations of paragraph 214 as to itself and can neither admit nor deny the allegations contained in paragraph 214 of Plaintiff's Second Amended Complaint as to any other Defendant based on lack of information.

///

///

215. Defendant denies the allegations of paragraph 215 as to itself and can neither admit nor deny the allegations contained in paragraph 215 of Plaintiff's Second Amended Complaint as to any other Defendant based on lack of information.

## COUNT EIGHT

### (Wrongful Death)

### *All Defendants*

216. In response to the allegations of paragraph 216, Defendant admits, denies, and/or neither admits nor denies the allegations set forth in the relevant paragraphs above.

217. Defendant denies the allegations of paragraph 217 as to itself and can neither admit nor deny the allegations contained in paragraph 217 of Plaintiff's Second Amended Complaint as to any other Defendant based on lack of information.

218. Defendant denies the allegations of paragraph 218 to the extent they are asserted as to itself and can neither admit nor deny the allegations contained in paragraph 218 of Plaintiff's Second Amended Complaint as to any other Defendant based on lack of information.

219. Defendant denies plaintiffs are entitled to recover wrongful death damages and denies the remainder of allegations of paragraph 219 of Plaintiff's Second Amended Complaint.

## PRAYER FOR RELIEF

In response to the allegations of paragraphs (1) through (3) of Plaintiff's prayer for relief in their Second Amended Complaint, Defendant denies all prior allegations and thereby denies that Plaintiff is entitled to the relief sought or any relief as alleged or at all.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As and for first affirmative defense, Defendant alleges that all actions taken were undertaken in good faith and with reasonable belief that said actions were valid, necessary, and constitutionally proper, thus, Defendant is entitled to qualified immunity.

///

## SECOND AFFIRMATIVE DEFENSE

As and for second and separate affirmative defense, Defendant alleges that Plaintiff has failed to allege and/or have not stated facts sufficient to show an affirmative link between this answering Defendant and the acts which allegedly caused Plaintiff's injuries in alleged violation Plaintiff's rights.

## THIRD AFFIRMATIVE DEFENSE

As and for third and separate affirmative defense, Defendant alleges that pursuant to *Government Code* §815, this answering Defendant is not liable for any injury, except as otherwise provided by statute.

## FOURTH AFFIRMATIVE DEFENSE

As and for fourth and separate affirmative defense, Defendant alleges that this answering Defendant is immune from liability pursuant to *Government Code* §820.4.

## FIFTH AFFIRMATIVE DEFENSE

As and for fifth and separate affirmative defense, Defendant alleges on information and belief that persons or entities other than this answering Defendant was responsible for the damages, if any there were which Defendant denies, alleged by Plaintiff.  It was this fault or negligence of third parties, and not any act or acts of this answering Defendant, which proximately contributed to the damages, if any, suffered by Plaintiff. This defense is interposed only in the alternative and does not admit any of the allegations of the Second Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

As and for sixth and separate affirmative defense, Defendant alleges that Plaintiff's action is barred by all applicable *Government Code* immunities including, but not limited to §§ 815.6, 818.2, 818.6, 818.8, 820, 820.8, 821, 821.4, 821.6, 822.2, 844.6, 845, 845.6, 845.8(b) and 846.  Said sections are pleaded as though fully set forth herein.

///

///

///

**DEFENDANT WELLPATH'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

## SEVENTH AFFIRMATIVE DEFENSE

As and for seventh and separate affirmative defense, Defendant alleges it is entitled to immunities provided by the *California Business & Professions Code* §2395, 2396 and 2397.

## EIGHTH AFFIRMATIVE DEFENSE

As and for eighth and separate affirmative defense, Defendant is immune from liability by reason of the provisions of the *California Penal Code*, including but not limited to §834a, 835, 835a, 836, 836.5, 847 and *Civil Code* §43.55.

## NINTH AFFIRMATIVE DEFENSE

As and for ninth and separate affirmative defense, Defendant alleges that Plaintiff has failed to comply with the *Code of Civil Procedure* §425.13(a) with respect to their alleged claim for punitive damages against medical care providers, with respect to any alleged claim against such health care provider under California statutes.

## TENTH AFFIRMATIVE DEFENSE

As and for tenth affirmative defense, to the extent the Second Amended Complaint herein seeks punitive damages, it violates Defendant's right to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California, and it further violates Defendant's rights to protection against "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article 1, Section XVII of the Constitution of the State of California.  It further violates Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California.

## ELEVENTH AFFIRMATIVE DEFENSE

As and for eleventh and separate affirmative defense, Defendant alleges that Plaintiff did not exercise ordinary care, caution, or prudence to avoid the happening of the incident complained of herein, and said incident and the injuries and damages, if any,

///

**DEFENDANT WELLPATH'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

sustained by Plaintiff were directly and proximately caused and contributed to by the negligence of said Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

As and for twelfth and separate affirmative defense, Defendant alleges that the Second Amended Complaint on file herein fails to state facts sufficient to constitute a cause of action against this answering Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for thirteenth and separate affirmative defense, Defendant alleges that Plaintiff acted with full knowledge of all the facts and circumstances surrounding Plaintiff's injuries, and that said matters of which Plaintiff and/or decedent assumed the risk proximately contributed to and proximately caused Plaintiff's injuries, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

As and for fourteenth and separate affirmative defense, Defendant alleges that damages for alleged attorney's fees are limited in this action by the provisions of Prison Litigation Reform Act, as described by the Ninth Circuit decision of *Madrid v. Gomez*, 172 F.3d 1252 (9th Cir. 1999), in that decedent was an inmate during the times of the events alleged as misconduct in this lawsuit.

## FIFTEENTH AFFIRMATIVE DEFENSE

As and for fifteenth and separate affirmative defense, Defendant alleges that Plaintiff's claims are barred by the doctrines of qualified and sovereign immunities.

## SIXTEENTH AFFIRMATIVE DEFENSE

As and for sixteenth affirmative defense, Defendant alleges Plaintiff has waived any and all claims they may have or have had against Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As and for seventeenth affirmative defense, Defendant alleges Plaintiff's claims are barred by *California Government Code* §820.2 which provides immunity for discretionary acts of public employees and by *California Government Code* §815.2(b) which bars liability against a public entity from injuries arising from alleged acts or

DEFENDANT WELLPATH'S ANSWER TO SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

omissions of an employee of the public entity where the employee is immune from liability.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As and for eighteenth affirmative defense, Defendant alleges Plaintiff has engaged in conduct with respect to the activities which are the subject of the Second Amended Complaint and by reason of said activities and conduct, Plaintiff is estopped from asserting any claim of damages or seeking any other relief against Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

As and for nineteenth affirmative defense, Defendant alleges that at all times within the Second Amended Complaint, Defendant acted in good faith, without malice and within its respective scope of the duties.

## TWENTIETH AFFIRMATIVE DEFENSE

As and for twentieth affirmative defense, Defendant alleges that by virtue of Plaintiff's unlawful, immoral, careless, negligent, and other wrongful conduct, Plaintiff should be barred from recovering against Defendant by the Equitable Doctrine of Unclean Hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for twenty-first affirmative defense, Defendant alleges that Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages and that, therefore, Plaintiff may not recover for losses which could have been prevented by reasonable efforts on their part or by expenditures which might reasonably have been made, and, therefore, Plaintiff's recovery, if any, should be reduced by the failure to mitigate damages, if any there be.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for twenty-second affirmative defense, Defendant alleges it is not liable for any alleged acts or omissions of its independent contractors, pursuant to *Government Code* §815.4.

///

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As and for twenty-third affirmative defense, Defendant alleges the injuries and damages of which Plaintiff complains, if any there be, were proximately and legally caused or contributed to by the acts of other persons and/or entities, which acts were an intervening and/or superseding cause of the alleged injuries and damages, if any, thus barring Plaintiff from recovery against Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As and for twenty-fourth affirmative defense, Defendant alleges *Government Code* § 818 bars any award of punitive damages sought to be assessed against Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

As and for twenty-fifth and separate affirmative defense, Defendant alleges that the action is barred by the appropriate statute of limitations, as set forth in *Code of Civil Procedure* §§340, 340.5, et seq.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

As and for a twenty-sixth and separate affirmative defense, Defendant alleges that in the event this answering Defendant is found to be negligent, which is expressly herein denied, this Defendant may elect to introduce evidence of any amounts paid or payable, if any, as a benefit to Plaintiff pursuant to *California Civil Code* §3333.1.  This is a statutory affirmative defense.  As this is an action for professional negligence, asserted against a health care provider, Defendant is entitled to submit evidence of payments to Plaintiff by collateral sources.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As and for a twenty-seventh and separate affirmative defense, Defendant alleges that in the event this answering Defendant is found to be negligent, which is expressly herein denied, the damages for non-economic losses shall not exceed the amounts specified in *California Civil Code* §3333.2.  This is a statutory affirmative defense.  As this is an action for professional negligence, asserted against a healthcare provider,

Plaintiff's cause of action are governed by *California Civil Code* §3333.2, which limits Plaintiff's recovery of non-economic damages to $250,000.

### TWENTY-EIGHT AFFIRMATIVE DEFENSE

As and for a twenty-eight and separate affirmative defense, that in the event this answering Defendant is found to be negligent, which is expressly herein denied, this Defendant may elect to have future damages, if in excess of the amount specified in *California Code of Civil Procedure* §667.7, paid in whole or in part as specified in *Code of Civil Procedure* §667.7. This is a statutory affirmative defense. As this is an action for professional negligence, asserted against a healthcare provider, Defendant is entitled to the provisions of *California Code of Civil Procedure* §667.7.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As a twenty-ninth and separate affirmative defense, Defendant is informed and believes and based thereon alleges that it is entitled to set offs for any recovery by Plaintiff received from any source, for the damages and costs alleged in the Second Amended Complaint herein.

### THIRTIETH AFFIRMATIVE DEFENSE

As and for a thirtieth affirmative defense, Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional as yet unstated defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

Respectfully submitted,

Dated: March 29, 2024                BERTLING LAW GROUP

*/s/ Jemma Parker Saunders*
Peter G. Bertling
Jemma Parker Saunders
Attorneys for Defendant
WELLPATH, LLC

///

## DEMAND FOR JURY TRIAL

Defendant WELLPATH, LLC. hereby demands a jury trial of this matter.

Respectfully submitted,

Dated: March 29, 2024          BERTLING LAW GROUP

*/s/ Jemma Parker Saunders*
Peter G. Bertling
Jemma Parker Saunders
Attorneys for Defendant
WELLPATH, LLC