Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel:  213.236.0600     Fax:  213.236.2700

Attorneys for Defendant
THE GEO GROUP, INC. (Sued herein as THE
GEO GROUP)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin VARGAS, as Successor in Interest of the Estate of Martin Vargas Arellano,<br><br>            Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; THE GEO GROUP; and WELLPATH, LLC,<br><br>            Defendants. | Case No.  5:23-cv-00380-JWH-SP<br><br>**DEFENDANT THE GEO GROUP, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL**<br><br>Judge:      Hon. John W. Holcomb |

Defendant The GEO Group, Inc., in answer to the Second Amended Complaint [Dkt. 71] filed by Plaintiff Martin Vargas, as Successor in Interest to the Estate of Martin Vargas Arellano, hereby admits, denies, and alleges as follows:

**INTRODUCTION**

1.      In response to paragraph 1 of Plaintiff's Second Amended Complaint, Defendant GEO acknowledges that decedent's son Martin Vargas files this action as his successor in interest. Defendant denies any remaining allegations for lack of information and belief.

2.      In response to paragraph 2 of Plaintiff's Second Amended Complaint, Defendant GEO admits that the Adelanto ICE Processing Center is an ICE facility

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4863-5298-3986 v1                      - 1 -                      5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO SAC

operated by The GEO Group, Inc.  During the relevant time period at issue, medical services were provided at Adelanto by Wellpath, LLC.  Defendant denies any remaining allegations for lack of information and belief.

3.  In response to paragraphs 3-14 of Plaintiff's Second Amended Complaint, Defendant avers that it contracted with Wellpath for all medical care. Defendant GEO did not provide medical care to detainees nor did it have the power to release detainees. Defendant admits that Vargas Arellano tested positive for COVID-19 in December 2020, while at Adelanto.  Defendant admits that a Wellpath nurse was found by a Special Master in *Roman* to have infected decedent with Covid.  Defendant denies that it contributed to decedent's illness or death. Defendant denies that it "destroyed" video surveillance (as opposed to not retaining such video which contained no "incidents" but only normal operations). Defendant denies any remaining allegations for lack of information and belief.

## EXHAUSTION

4.  In response to paragraph 15 of Plaintiff's Second Amended Complaint, Defendant admits that Plaintiff submitted a claim under the Federal Tort Claims Act.  Defendant denies any remaining allegations for lack of information and belief.

## JURISDICTION AND VENUE

5.  In response to paragraphs 16-17 of Plaintiff's Second Amended Complaint, Defendant admits this Court has jurisdiction and venue here. Defendant denies any remaining allegations for lack of information and belief.

## PARTIES

6.  In response to paragraphs 18-21 of Plaintiff's Second Amended Complaint, Defendant lacks sufficient information to admit or deny facts regarding Plaintiff's citizenship or residence.  Defendant admits that the USA, via ICE, owns the Adelanto Facility and that Adelanto is subject to ICE policies and standards including PBNDS and the PRR. Defendant admits that GEO is a corporation headquartered in Florida which contracts with ICE to operate the Adelanto Facility.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4863-5298-3986 v1

- 2 -

5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO SAC

Defendant admits that Wellpath (formerly CCS) provided the medical care at Adelanto during the relevant time period. Defendant denies any remaining allegations for lack of information and belief.

## FACTUAL ALLEGATIONS

7. In response to paragraphs 22-29 of Plaintiff's Second Amended Complaint, these allegations concern ICE and DHS and therefore are not addressed by the answering party GEO.

8. In response to paragraphs 30-31 of Plaintiff's Second Amended Complaint, Defendant admits that it operates the Adelanto Detention Facility for ICE. Defendant also admits that in 2016, it contracted with Correct Care Solution (now Wellpath) to provide medical care at Adelanto. Defendant denies any remaining allegations for lack of information and belief.

9. In response to paragraphs 32-36 of Plaintiff's Second Amended Complaint, these allegations concern CCS and Wellpath and therefore are not addressed by the answering party GEO.

10. In response to paragraph 37 of Plaintiff's Second Amended Complaint, Defendant admits that it contracted directly with ICE to run the Facility beginning in June 2019. Defendant denies any remaining allegations for lack of information and belief.

11. In response to paragraphs 38-48 of Plaintiff's Second Amended Complaint, Defendant denies that Adelanto's response to the pandemic of COVID-19 was inadequate. Defendant admits that the case of *Roman v. Wolf,* 829 F. App'x 165, 171 (9th Cir. 2020), which GEO was not a party to, resulted in various findings and orders, including reduction of the population to increase social distancing. Defendant denies any remaining allegations for lack of information and belief.

12. In response to paragraphs 49-58 of Plaintiff's Second Amended Complaint, Defendant admits that Adelanto is required to comply with ICE's 2011 PBNDS including the standards provided therein for medical care. Defendant

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4863-5298-3986 v1

- 3 -

5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO SAC

denies any remaining allegations for lack of information and belief.

13.     In response to paragraphs 59-64 of Plaintiff's Second Amended Complaint, Defendant admits that ICE established Pandemic Response Requirements (PRR) in 2020, which have been periodically updated.  Defendant admits the PRR provides standards for medical care of COVID-19 at detention facilities.  Defendant admits the Facility also follows the CDC Interim Guidance for Correctional/Detention Facilities.  Defendant denies any remaining allegations for lack of information and belief.

14.     In response to paragraphs 65-71 of Plaintiff's Second Amended Complaint, these allegations concern ICE and therefore are not addressed by the answering party GEO.

15.     In response to paragraphs 72-86 of Plaintiff's Second Amended Complaint, Defendant lacks sufficient information to admit or deny decedent's birthplace or immigration details.  Defendant also lacks sufficient information to admit or deny when ICE took decedent into custody, when he was released, and when he was arrested and re-detained.  Defendant admits that decedent's removal case was terminated after his death.  Defendant denies any remaining allegations for lack of information and belief.

16.     In response to paragraphs 87-101 of Plaintiff's Second Amended Complaint, Defendant lacks sufficient information to admit or deny what ICE was aware of and/or to admit or deny any of ICE's actions.  Defendant admits that decedent was a class member in *Fraihat.* Defendant admits that decedent had numerous medical chronic conditions and co-morbidities. Defendant admits decedent was hospitalized at St. Mary's on January 27, 2021.  Defendant lacks sufficient information to admit or deny allegations related to ICE bond hearings, ICE determinations, or decedent's criminal history, and therefore denies them for lack of information and belief.  Defendant denies any remaining allegations for lack of information and belief.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4863-5298-3986 v1

- 4 -

5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO SAC

17.    In response to paragraphs 102-107 of Plaintiff's Second Amended Complaint, Defendant lacks information and belief as to what orders were issued in *Roman*, and why ICE did or did not conduct saturation testing of detainees.  GEO was not a party to *Roman* and was denied leave to intervene in the case.  Defendant denies any remaining allegations for lack of information and belief.

18.    In response to paragraphs 108-119 of Plaintiff's Second Amended Complaint, Defendant denies that Vargas Arrellano was not adequately protected from Covid-19. Defendant admits that the *Roman* special master found that a Wellpath nurse infected Vargas Arrellano.  Defendant denies that Vargas Arrellano contracted Covid from any GEO staff persons, who would not have interacted as closely to decedent as medical staff. Defendant admits that Vargas Arrellano tested for positive on December 10, 2020. Defendant denies that it "destroyed" video surveillance of the infirmary and other areas (as opposed to not retaining them because they showed no "incidents").  Defendant denies any remaining allegations for lack of information and belief.

19.    In response to paragraphs 120-128 of Plaintiff's Second Amended Complaint, Defendant admits that Vargas Arrellano had numerous medical issues (co-morbidities) and that he developed pneumonia. Defendant admits that Vargas Arrellano was hospitalized multiple times. Defendant denies any remaining allegations for lack of information and belief.

20.    In response to paragraphs 129-138 of Plaintiff's Second Amended Complaint, Defendant lacks information or belief to admit or deny communications and/or reports by Wellpath and/or ICE, and on that basis denies the allegations. Defendant admits that Vargas Arrellano died on March 8, 2021. Defendant denies any remaining allegations for lack of information and belief.

## COUNT ONE:  FTCA - NEGLIGENCE

21.    In response to paragraph 139 of Plaintiff's Second Amended Complaint, Defendant incorporates the allegations in the paragraphs above as

though set forth herein.

22. In response to paragraphs 140-153 of Plaintiff's Second Amended Complaint, this cause of action pertains to ICE and does not concern the answering Defendant GEO.

## COUNT TWO: FTCA - NIED

23. In response to paragraph 154 of Plaintiff's Second Amended Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

24. In response to paragraphs 155-165 of Plaintiff's Second Amended Complaint, this cause of action pertains to ICE and does not concern the answering Defendant GEO.

## COUNT THREE: FTCA - IIED

25. In response to paragraph 166 of Plaintiff's Second Amended Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

26. In response to paragraphs 167-177 of Plaintiff's Second Amended Complaint, this cause of action pertains to ICE and does not concern the answering Defendant GEO.

## COUNT FOUR: FTCA – FALSE ARREST/IMPRISONMENT

27. In response to paragraph 178 of Plaintiff's Second Amended Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

28. In response to paragraphs 179-187 of Plaintiff's Second Amended Complaint, this cause of action pertains to ICE and does not concern the answering Defendant GEO.

## COUNT FIVE: GOVT CODE 7320

29. In response to paragraph 188 of Plaintiff's Second Amended Complaint, Defendant incorporates the allegations in the paragraphs above as

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4863-5298-3986 v1

- 6 -

5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO SAC

though set forth herein.

30. In response to paragraphs 189-196 of Plaintiff's Second Amended Complaint, Defendant admits it is a private detention facility operator and that it must adhere to its Facility contract terms, including ICE PBNDS. Defendant denies that it violated the PBNDS and denies it failed to adequately protect decedent. Defendant denies it failed to provide appropriate care or housing for decedent and denies its actions or inactions caused decedent's death and/or damages. Defendant denies any remaining allegations for lack of information and belief.

## COUNT SIX: NEGLIGENCE

31. In response to paragraph 197 of Plaintiff's Second Amended Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

32. In response to paragraphs 198-208 of Plaintiff's Second Amended Complaint, Defendant admits Plaintiff brings a successor action on behalf of decedent and that he alleges negligent care including conditions that failed to prevent his infection. Defendant denies that it breached a duty of care and denies it caused decedent pain, suffering, and/or death as a result of any of its actions or inactions. Defendant denies any remaining allegations for lack of information and belief.

## COUNT SEVEN: NIED

33. In response to paragraph 209 of Plaintiff's Second Amended Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

34. In response to paragraphs 210-215 of Plaintiff's Second Amended Complaint, Defendant admits Plaintiff brings a successor action on behalf of decedent and that he alleges negligent infliction of emotional distress. Defendant denies that it breached a duty of care and denies it caused Plaintiff serious emotional distress as a result of any of its actions or inactions. Defendant denies

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4863-5298-3986 v1

- 7 -

5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO SAC

any remaining allegations for lack of information and belief.

## COUNT EIGHT: WRONGFUL DEATH

35.    In response to paragraph 216 of Plaintiff's Second Amended Complaint, Defendant incorporates the allegations in the paragraphs above as though set forth herein.

36.    In response to paragraphs 217-219 of Plaintiff's Second Amended Complaint, Defendant admits Plaintiff brings a successor action on behalf of decedent and that he alleges negligent medical care. Defendant denies that it breached a duty of care and denies it caused decedent's death as a result of any of its actions or inactions.  Defendant denies Plaintiff is entitled to wrongful death damages or any other recovery as a result of its actions or inactions. Defendant denies any remaining allegations for lack of information and belief.

## PRAYER FOR RELIEF

37.    Defendant admits that Plaintiff is seeking compensatory and punitive damages and attorneys' fees and costs.  Defendant denies that Plaintiff is entitled to any form of relief in this matter. Defendant denies any remaining allegations for lack of information and belief.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defensed, Defendant GEO alleges each of the following:

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.  The Second Amended Complaint also fails to state a claim against Defendant GEO.

## SECOND AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff and/or decedent were deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4863-5298-3986 v1

- 8 -

5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO SAC

## THIRD AFFIRMATIVE DEFENSE

At all relevant times, Defendant GEO acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason under all circumstances known, and with the good faith belief that its actions comported with federal and state laws.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no actual injury caused by Defendant GEO's conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to sue for one or more of the claims for relief asserted.  Additionally, Plaintiff may have failed to join all necessary parties, if decedent had any issue and/or heirs.

## SIXTH AFFIRMATIVE DEFENSE

The damages alleged were directly and proximately caused by decedent's poor health and co-morbidities, and a virus during a worldwide pandemic, and not by any inadequacy in decedent's custody conditions and/or medical care.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendant GEO did not act with malicious intent to deprive him or decedent of any constitutional right or to cause any injury.  Punitive damages are not recoverable for the claims set forth.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is not vicariously liable for acts of subordinates or subject to liability under the doctrine of *respondeat superior*.

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that persons or entities other than this answering defendant were responsible for the damages, if any there were which defendant denies, alleged by plaintiff. It was this fault or negligence of third parties, and not any act or acts of this answering defendant, which proximately

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4863-5298-3986 v1

- 9 -

5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO SAC

contributed to the damages, if any, suffered by plaintiff and/or decedent. This defense is interposed only in the alternative and does not admit any of the allegations of the Second Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

The comparative negligence of decedent was a proximate cause in causing any illness or injury to him. Plaintiff's recovery against Defendant should therefore be reduced in proportion to the amount of negligence attributable to decedent.

## ELEVENTH AFFIRMATIVE DEFENSE

Should Plaintiff recover damages against Defendant, Defendant is entitled to have the amount abated, apportioned or reduced to the extent that any other party's negligence (including decedent's) caused or contributed to damages, if any there were.

## TWELFTH AFFIRMATIVE DEFENSE

Decedent's own conduct estops him from claiming the damages claimed, as he failed to separate himself from other detainees or wear PPE.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges it is entitled to immunities provided by the California Business & Professions Code §2395, 2396 and 2397.

## FOURTEENTH AFFIRMATIVE DEFENSE

The allegations against Defendant GEO are barred by the doctrines of res judicata and collateral estoppel, as there was a finding that a Wellpath R.N. infected decedent with the Covid-19 virus.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the Second Amended Complaint herein seeks punitive damages, it violates defendant's right to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California, and it further violates defendant's rights to protection against "excessive fines" as provided in the Eighth Amendment to the United States

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4863-5298-3986 v1

- 10 -

5:23-CV-00380-JWH-SP
DEFT GEO ANSWER TO SAC

Constitution and in Article 1, Section XVII of the Constitution of the State of California. It further violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California.

### SIXTEENTH AFFIRMATIVE DEFENSE

Because the Second Amended Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

### PRAYER FOR RELIEF

Wherefore, Defendant prays for judgment as follows:

1.   That Plaintiff take nothing by this action;

2.   That the action be dismissed in its entirety;

3.   That Defendant be awarded costs of suit, and any other and further relief as deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Defendant demands a trial by jury in this matter.

Dated:  March 29, 2024                     BURKE, WILLIAMS & SORENSEN, LLP


                                           By: */s/ Susan E. Coleman*
                                                Susan E. Coleman

                                           Attorneys for Defendant
                                           THE GEO GROUP, INC. (Sued herein as
                                           THE GEO GROUP)