UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

Martin VARGAS, individually and as Successor in Interest of the Estate of Martin Vargas Arellano,

    Plaintiff,

        v.

UNITED STATES OF AMERICA; THE GEO GROUP; and WELLPATH, LLC.

        Defendants.

Case No. 5:23-cv-00380-JWH-SP

**[PROPOSED] ORDER DENYING DEFENDANT USA'S MOTION TO DISMISS**

Before the Court is Defendant United States of America's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) & 12(b)(6).  Having read and considered all papers filed in support of and in opposition to the Motion, and the arguments of counsel, the Court rules as follows:

IT IS HEREBY ORDERED THAT:

The Motion to Dismiss is denied.

The Court finds that it has jurisdiction over Plaintiff Martin Vargas' Federal Tort Claims Act (FTCA) action and that dismissal under Rule 12(b)(1) is improper. Under Rule 12(b)(1), the plaintiff has the burden of proving that the court has subject matter jurisdiction. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989).  Plaintiff has met this burden.

First, the FTCA contractor exception is inapplicable to Plaintiff's negligence, NIED, and IIED claims regarding the government's failure to protect Mr. Vargas Arellano ("Arellano") from COVID-19 because Plaintiff does not assert a claim of vicarious liability based on the actions of the contractors Defendants The GEO Group and Wellpath, LLC. Rather, Plaintiff brings direct claims against Defendant USA for actions of the U.S. the Immigration and Customs Enforcement ("ICE") and the ICE Health Service Corps ("IHSC"). "The independent contractor exception…has no bearing on the United States' FTCA liability for its own acts or omissions" and "[o]nly upon a finding that the government delegated its *entire* duty of care may the court dismiss the claim for lack of jurisdiction." *Edison v. United States*, 822 F.3d 510, 518 (9th Cir. 2016). Plaintiff has demonstrated that under California law, Defendant USA owed both a special duty of care as a jailer and a general duty of care towards Arellano. *See Edison v. United States*, 822 F.3d 510, 523 (9th Cir. 2016); *Golick v. State of California*, 82 Cal. App. 5th 1127, 1138 (2022). Plaintiff has also shown that Defendant has not delegated the entirety of its duty of care towards Arellano and his claims arise out of Defendant USA's own failure to exercise duties not delegated to GEO, such as the degree and

2

frequency of COVID-19 testing at the facility, the adequacy of efforts to ensure appropriate social distancing at Adelanto, and its own requirement to implement procedures to ensure contractor compliance with COVID-19 precautions.

Second, the FTCA discretionary function exception does not apply to Plaintiff's negligence and NIED claims arising from Defendant's failure to adhere to its own mandatory oversight procedures. Defendant's decision not to comply with its own regulations mandating COVID-19-specific compliance measures that the agency itself, not the contractor, must implement does not involve "an element of judgment or choice," and were not "based on considerations of public policy." *See Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988). Defendant's actions, such as not conducting spot checks at Adelanto in compliance with its own COVID-19 Pandemic Response Requirements (PRR), violated its own mandatory regulations, taking them out of the realm of judgment or choice as a matter of law. *Miller v. United States*, 992 F.3d 878, 885–86 (9th Cir. 2021). The Ninth Circuit has "generally held that the *design* of a course of governmental action is shielded by the discretionary function exception, whereas the *implementation* of that course of action is not." *Whisnant v. United States*, 400 F.3d 1177, 1181 (9th Cir. 2005). Plaintiff is not challenging the creation or adequacy of compliance mechanisms adopted by ICE to mitigate the spread of COVID-19, which themselves could be a product of public policy considerations. Rather, Plaintiff is challenging their implementation by ICE, which does not implicate public policy considerations.

Third, as to Plaintiff's false imprisonment claim, Defendant USA's arguments fail because it has failed to follow legally mandated procedures when it refused to release Arellano. ICE erroneously categorized him as subject to 8 U.S.C. § 1226(c) when he should not have been as a matter of law. *See Rodriguez v. Holder,* 2:07-cv-03239-TJH-RNB (C.D.Cal. Aug. 6, 2013); *Franco-Gonzalez v. Holder,* No. 10-cv-02211 DMG (DTBX), 2013WL8115423 (C.D.Cal. Apr. 23, 2013). An agency's erroneous belief that

it lacks authority to make a determination renders the determination unlawful. *Singh v. Holder*, 771 F.3d 647, 653 (9th Cir.2014). Moreover, the discretionary function exception does not apply to the false imprisonment claim because "governmental conduct cannot be discretionary if it violates a legal mandate," and ICE's refusal to release him violated the legally mandated procedures set forth in *Fraihat v. U.S. Immigr. & Customs Enf't*, No. EDCV191546JGBSHKX, 2020 WL 6541994, at *11 (C.D. Cal. Oct. 7, 2020), *vacated*, No. 519CV01546JGBSHK, 2022 WL 20212706 (C.D. Cal. Sept. 16, 2022) in  several ways. *Nurse v. United States*, 226 F.3d 996, 1002 (9th Cir. 2000). ICE detained Arellano without lawful privilege when it failed to make an individualized custody decision that complied with *Fraihat's* 1) one-week determination requirement; 2) presumption of release for non-mandatory detention cases; and 3) bar against blanket and cursory denials.

Fourth, Plaintiff's claims regarding Defendant's failure to communicate about Arellano's transfer to the hospital, grave medical condition, and death satisfy the FTCA's private analog requirement because California law imposes liability on private individuals for claims under like circumstances. The private analog under 28 U.S.C. §2674 "do[es] not restrict a court's inquiry to the same circumstances, but require[s] it to look further afield." *United States v. Olson*, 546 U.S. 43, 46 (2005). Plaintiff points to *Est. of Duran v. Chavez*, No. 2:14-02048-TLN-CKD, 2015WL8011685, at *11 (E.D. Cal. Dec. 7, 2015) and several California statutory provisions, such as California Penal Code § 5022, California Code of Regulations Title 15 §3999.417(f), California Probate Code §4712, and California Government Code §27471, that impose a similar duty such that the private analog requirement is met. Defendant's challenge of the negligence, NIED, IIED, and wrongful death claims based on the misrepresentation exception to  the FTCA also fails because the misrepresentations alleged are "not essential" to an otherwise actionable claim, and where that is the case, the exception will not bar that claim. *Block v. Neal*, 460 U.S. 289, 296–98 (1983). Additionally, the misrepresentation

exception is not applicable where, as here, "the plaintiffs' injuries were not commercial." *Green v. United States*, 629 F.2d 581, 585 (9th Cir.1980).

Finally, since Defendant's challenge to Plaintiff's wrongful death claim was premised on the same arguments it relied on to dismiss his other claims, which are denied here, Defendants request to dismiss the wrongful death claim also fails.

For the above reasons, the Court denies Defendant USA's Motion to Dismiss.


**IT IS SO ORDERED.**


Dated:                                    _____

John W. Holcomb
United States District Judge