Stacy Tolchin
*Email: Stacy@Tolchinimmigration.com*
Megan Brewer
*Email: Megan@Tolchinimmigration.com*
Law Offices of Stacy Tolchin
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

Matthew Vogel (admitted *pro hac vice*)
*Email: matt@nipnlg.org*
Amber Qureshi (admitted *pro hac vice*)
*Email: amber@nipnlg.org*
National Immigration Project of the National Lawyers Guild (NIPNLG)
2201 Wisconsin Ave NW, Suite 200
Washington, DC 20007
Telephone: (202) 470-2082
Facsimile: (617) 227-5495

(*continued on next page*)

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin VARGAS, individually and as Successor in Interest of the Estate of Martin Vargas Arellano,<br><br>　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA; THE GEO GROUP; and WELLPATH, LLC.<br><br>　　　　　　　　　Defendants. | Case No. 5:23-cv-00380-JWH-SP<br><br>Honorable Sheri Pym<br><br>**DISCOVERY MOTION**<br><br>**PLAINTIFF'S REPLY TO DEFENDANT WELLPATH'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**<br><br>Hearing Date: April 30, 2024<br>Hearing Time: 10:00 a.m.<br>Location: via court's posted Zoom webinar<br>Jury Pre-Trial Conference: November 22, 2024 |

Jury Trial Date: December 9, 2024
Discovery Cut-Off: July 26, 2024

Laboni A. Hoq
*Email: laboni@hoqlaw.com*
Hoq Law APC
P.O. Box 753
Pasadena, CA  91030
Telephone: (213) 973-9004

Attorneys for Plaintiff

## I. INTRODUCTION

Plaintiff Martin Vargas filed the instant Motion to Compel against Defendant Wellpath when Wellpath failed to comply with its discovery obligations, including to supplement its responses to Plaintiff's first set of written discovery requests and respond to Plaintiff's second set of written discovery requests. In response to the Motion, Defendant Wellpath filed *only* a declaration from litigation counsel, baldly claiming that the discovery Plaintiff seeks is "either not retained, or archived with limited, if any, access." Dkt. 74 at 3. Wellpath's attestations of counsel both lack personal knowledge and rely on "information and belief," Such that they should be given "no weight." *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995). For these reasons, the Court should grant Plaintiff's Motion to Compel and his requested attorneys' fees under Fed. Rule Civ. P. 37(a)(5)(A).

## II. ARGUMENT

Plaintiff's Motion to Compel seeks a Court Order requiring Defendant Wellpath to timely respond to, supplement, and amend its discovery responses to ensure that Plaintiff receives critical information central to this case to which he is entitled: relevant communications, Electronically Stored Information ("ESI"), and other documents and information related to how Vargas Arellano contracted COVID-19 despite the myriad of precautions Defendants were required to take to forestall this result, which led to his untimely death. Wellpath has never seriously denied that Plaintiff is entitled to this information, but instead has delayed providing it, and has entirely failed to respond to some of Plaintiff's discovery requests.

Since the filing of Plaintiff's Motion on March 6, 2024, Wellpath has failed to provide any additional responses to Plaintiff's propounded discovery, despite admitting that they are substantially deficient. Tolchin Supplemental Declaration at ¶ 2. Instead, Wellpath filed a Declaration (Dkt # 74) from counsel Jemma Parker Saunders stating that Wellpath has been making good faith efforts to respond to Plaintiff's discovery requests,

1  and that documentation is not easily accessible because "Wellpath no longer contracts with GEO and has not been the contracted medical provider at Adelanto Detention Facility ("Adelanto") since November 2021." *Id.* at ¶ 4. This, however, does not excuse Wellpath from filing responses to Plaintiff's propounded discovery requests. Notably, Wellpath has entirely failed to respond to Plaintiff's Second Set of Interrogatories and Request for Production of Documents. Dkt # 70 at 15. A response is required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 34(b)(2); Fed. R. Civ. P. 33(b)(2).

Further, Plaintiff notes that the Special Master in *Roman v. Wolf* found that it was a Wellpath employee who was identified as having likely transmitted COVID-19 to Mr. Vargas Arellano. Dkt # 71 at ¶ 110. Yet Wellpath has produced nothing on the employee, either supporting or refuting this finding. Dkt # 70 at 9. There is no excuse for Wellpath's failure to comply with the rules of discovery regarding this and others of Plaintiff's discovery requests.

Wellpath even issued subpoenas for Mr. Vargas Arellano's medical records, but despite Plaintiff's repeated requests, it has not turned over any of the documents recovered by the subpoenas. Dkt # 70 at 9.

Wellpath's claim in the Parker Saunders declaration that Plaintiff is engaged in a "'scoured earth' litigation approach – seeking every document from every source," Dkt # 74 ¶5, is not supported by any facts or evidence. Nor are its boilerplate assertions that "the documents sought and at issue here are overly broad, not proportional to the needs of this case[,] beyond the scope of this litigation," and "unduly burdensome." The Court should "give no weight" to these and the other baseless claims in the Parker Saunders declaration, because they lack personal knowledge and are admittedly only based on "information and belief." See *Id.* ¶2. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (rejecting "information and belief declarations from []counsel" stating they "were entitled to no weight because the declarant did not have personal knowledge"). Indeed, these claims are also contradicted by Wellpath counsel Peter Bertling, who represented at the

Parties Rule 37-1 conference that he did not dispute Plaintiff's entitlement to the discovery sought, and would provide further responses. Dkt. 70-1 at ¶ 15 (Tolchin Decl.)

To the contrary, Plaintiff is engaged in reasonable discovery efforts to ascertain how his father contracted COVID-19 and if it was due to the negligence and/or misconduct of Defendants.

## III.    CONCLUSION

For the above reasons, the Court should grant Plaintiff's motion (Dkt # 70) and should order that Wellpath pay sanctions to Plaintiff in the amount of $11,100.[1]

---

[1] Plaintiff only seeks fees for undersigned counsel Stacy Tolchin in this motion, and not for the full team of Plaintiff's attorneys who have also worked on this motion to compel. Dkt. 70-1 ¶ 21 (Tolchin Decl.)  Hence, the requested fees are under the value of the actual work performed on this motion. Tolchin Supplemental Declaration at ¶ 3.

3

| | | |
|---|---|---|
| 1 | Dated: April 16, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | *By: S/ Stacy Tolchin* |
| | | STACY TOLCHIN |
| 4 | | |
| 5 | | Stacy Tolchin |
| | | *Email: Stacy@Tolchinimmigration.com* |
| 6 | | Megan Brewer |
| | | *Email:* |
| 7 | | *Megan@Tolchinimmigration.com* |
| 8 | | Law Offices of Stacy Tolchin |
| | | 776 E. Green St., Suite 210 |
| 9 | | Pasadena, CA 91101 |
| | | Telephone: (213) 622-7450 |
| 10 | | Facsimile: (213) 622-7233 |
| 11 | | |
| 12 | | Khaled Alrabe |
| | | *Email: khaled@nipnlg.org* |
| 13 | | Matthew Vogel (admitted *pro hac vice*) |
| | | *Email: matt@nipnlg.org* |
| 14 | | Amber Qureshi (admitted *pro hac vice*) |
| 15 | | *Email: amber@nipnlg.org* |
| | | 1200 18th Street NW Suite 700 |
| 16 | | Washington, DC 20036Telephone: |
| 17 | | (202) 470-2082 |
| | | Facsimile: (617) 227-5495 |
| 18 | | |
| 19 | | Laboni A. Hoq |
| 20 | | *Email:* laboni@hoqlaw.com |
| | | Hoq Law APC |
| 21 | | P.O. Box 753 |
| | | Pasadena, CA 91030 |
| 22 | | Telephone: (213) 973-9004 |
| 23 | | |
| 24 | | Attorneys for Plaintiff |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Martin Vargas, certifies that this brief contains 748 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 16 , 2024

By: /s/ *Stacy Tolchin*
Stacy Tolchin
*Email: Stacy@Tolchinimmigration.com*
Megan Brewer
*Email: Megan@Tolchinimmigration.com*
Law Offices of Stacy Tolchin
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

Khaled Alrabe
*Email: khaled@nipnlg.org*
Matthew Vogel (admitted *pro hac vice*)
*Email: matt@nipnlg.org*
Amber Qureshi (admitted *pro hac vice*)
*Email: amber@nipnlg.org*
1200 18th Street NW Suite 700
Washington, DC 20036Telephone: (202) 470-2082
Facsimile: (617) 227-5495

Laboni A. Hoq
*Email:* laboni@hoqlaw.com
Hoq Law APC
P.O. Box 753
Pasadena, CA  91030
Telephone: (213) 973-9004

Attorneys for Plaintiff
MARTIN VARGAS