UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | May 20, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Clerk | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendant:
None  None

**Proceedings:** **(In Chambers) Order Granting Plaintiff's Motion to Compel Defendant Wellpath to Provide Further Responses [70]**

# I. INTRODUCTION

On March 6, 2024, plaintiff Martin Vargas filed a motion to compel defendant Wellpath, Inc. to produce further responses to his requests for production of documents ("RFPs") and interrogatories and to pay sanctions. Docket no. 70. Plaintiff's arguments are supported by the declaration of his counsel Stacy Tolchin ("Tolchin Decl.") and exhibits. On March 19, 2024, Wellpath filed a declaration from its counsel Jemma Parker Saunders ("Saunders Decl.") in opposition to plaintiff's motion. Docket no. 74. Plaintiff filed a reply on April 16, 2024. Docket no. 84.

The court held a hearing on the motion on April 30, 2024. After considering the parties' written and oral arguments, and for the reasons discussed herein and stated at the hearing, the court now grants plaintiff's motion.

# II. BACKGROUND

## A. General Background

Plaintiff Martin Vargas is the son of decedent Martin Vargas Arellano, who died after contracting COVID in U.S. Immigration and Customs Enforcement ("ICE") custody at the Adelanto ICE Processing Center ("Adelanto"). Second Amended Complaint ("SAC") ¶¶ 1-3. Defendant GEO was contracted to manage operations at Adelanto and subcontracted with defendant Wellpath to provide detainees health care. SAC ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | May 20, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

Decedent tested positive for COVID on December 10, 2020. SAC ¶ 8. He was hospitalized for COVID symptoms on December 11, 2020, January 26, 2021, and February 17, 2021. SAC ¶¶ 121, 125, 127. On February 19, 2021, a Wellpath medical director sent an ICE medical coordinator an email stating that decedent was at risk of "sudden death" from "multiple ailments . . . in the wake of COVID-19 infection." SAC ¶ 129. ICE then initiated a plan to release decedent. SAC ¶ 130. Before any release occurred, on or about February 26, 2021, decedent suffered a stroke that caused brain death. SAC ¶ 132. On March 5, 2021, decedent was supposedly released on his own recognizance while in the hospital, although he was comatose and brain dead. SAC ¶ 133. His family was not informed of his medical condition or release. *Id.* Decedent died on March 8, 2021. SAC ¶ 134.

Decedent was a class member in two lawsuits that obligated ICE to slow the spread of COVID in detention facilities, including *Roman v. Wolf*, No. 5:20-cv-00768-THJ-PVC, in which ICE was ordered to reduce Adelanto's population by releasing certain groups of detainees at high risk of COVID. Mtn. at 2. A special master appointed in that case determined that decedent likely contracted COVID from a Wellpath medical provider who examined him on November 29, 2020. SAC ¶ 8.

**B.    Discovery Background**

On June 2, 2023, plaintiff served his first set of RFPs (Nos. 1-23) on Wellpath. Tolchin Decl. ¶ 3. He served his first set of interrogatories (Nos. 1-9) on Wellpath on June 16, 2023. *Id.*

Wellpath responded to plaintiff's first set of RFPs on July 10, 2023, indicating that it would produce additional documents once a protective order was in place. Tolchin Decl. ¶ 4. A protective order was entered on July 20, 2023. Docket no. 54. On August 3, 2023, Wellpath served its responses to plaintiff's first set of interrogatories. Tolchin Decl. ¶ 4. Wellpath served a supplemental response to plaintiff's RFPs on August 4, 2023. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | May 20, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

On October 25, 2023, plaintiff sent Wellpath a letter regarding deficiencies in its responses to his RFPs and interrogatories. Tolchin Decl. ¶ 6, Ex. A. Wellpath sent plaintiff a letter in response on November 13, 2023. Tolchin Decl. ¶ 8, Ex. B. The parties met and conferred on November 14, 2023. Tolchin Decl. ¶ 9; *see* Saunders Decl. ¶ 9. Wellpath agreed to correct the deficiencies in its responses, and plaintiff agreed to narrowing the ESI search terms. *Id.* The parties corresponded via email about the narrowed terms on November 15 and 20, 2023. Tolchin Decl. ¶ 9, Exs. C-D. On November 22, 2023, Wellpath served a second supplemental response to plaintiff's first set of RFPs. Tolchin Decl. ¶ 11.

Meanwhile, on October 30, 2023, plaintiff served its second sets of RFPs (Nos. 24-32) and interrogatories (Nos. 10-17) on Wellpath. Tolchin Decl. ¶ 7. On January 4, 2024, having received no responses, plaintiff sent Wellpath a letter reminding it of its obligation to respond to plaintiff's second sets of RFPs and interrogatories and the commitments it made regarding plaintiffs' first sets of RFPs and interrogatories. Tolchin Decl. ¶ 13, Ex. E.

Having received no response, plaintiff sent another letter on January 26, 2024. Tolchin Decl. ¶ 14, Ex. F. The letter requested a conference regarding the remaining deficiencies in Wellpath's responses to plaintiff's first sets of RFPs and interrogatories and the lack of any response to his second sets of RFPs and interrogatories. *Id.*

The parties met and conferred on February 5, 2024. Tolchin Decl. ¶ 15. Wellpath agreed to address deficiencies in its responses to plaintiff's first sets of RFPs and interrogatories and to respond to his second sets of RFPs and interrogatories. *Id.* As of the filing of plaintiff's motion, Wellpath had not produced any additional responses. *Id.*

On February 27, 2024, plaintiff provided Wellpath his portion of a joint stipulation for the instant motion. Tolchin Decl. ¶ 20, Ex. J. Wellpath did not respond or provide its portion of a joint stipulation. *Id.*

Plaintiff now seeks an order compelling Wellpath to supplement its responses to his first sets of RFPs and interrogatories, to respond to his second sets of RFPs and interrogatories, and to pay sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | May 20, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

## III. **DISCUSSION**

The court first notes that plaintiff did not file the motion to compel in the form of a joint stipulation as required by Local Rule 37-2. But the moving party is excused from this requirement where, as here, the opposing party failed to timely provide its portion of the joint stipulation as required by Local Rule 37-1. *See* L.R. 37-2.4. Thus, the court considers the motion.

Where there is no joint stipulation, the motion proceeds under Local Rules 6-1, 7-9, and 7-10. *Id.* Local Rule 7-9 requires an opposing party to file either "the evidence upon which [it] will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely," or a notice of non-opposition. L.R. 7-9. Although Wellpath filed a declaration from its counsel which its title states is "in support of response of Wellpath's opposition to plaintiff's motion," the court notes that it did not actually file a response or memorandum other than the declaration itself.

Plaintiff moves the court to order Wellpath to (1) provide supplemental responses to his RFP Nos. 1, 2, 11-14, and 19 and Interrogatory Nos. 5-7 and 9; (2) respond to his RFP Nos. 24-32 and Interrogatory Nos. 10-17; and (3) pay plaintiff for the attorney's fees he incurred in bringing the instant motion.

Under Rule 34, a party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The responding party must respond in writing (including any objections) within 30 days of being served, and absent objection, is obligated to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a), (b)(2).

Under Federal Rule of Civil Procedure 33, a party may serve up to 25 written interrogatories, unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 33(a)(1). The responding party must serve its answers and any objections within 30 days of being served with the interrogatories, and any ground not stated in a timely objection is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | May 20, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

waived unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(2); (b)(4).

At the parties' February 5, 2024 meet and confer session, Wellpath agreed to address deficiencies in its responses to plaintiff's first sets of RFPs and interrogatories, namely RFP Nos. 1, 2, 11-14, and 19 and Interrogatory Nos. 5-7 and 9. But it never provided any supplemental responses after that conference. Nor has Wellpath provided any responses whatsoever to plaintiff's second sets of RFPs and interrogatories, even after stating at the conference that it would. By failing to object to plaintiff's second sets of discovery requests or to respond at all, Wellpath has waived its objections to the requests in plaintiff's second sets of RFPs and interrogatories. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); Fed. R. Civ. P. 33(b)(4).

As stated above, Wellpath filed only a declaration from its counsel in opposition to plaintiff's motion, rather than a memorandum of its points and authorities. Counsel's declaration provides a few general arguments broadly related to plaintiff's requests, but fails to articulate separate contentions as to each disputed issue. Consequently, the court cannot tell with any certainty which arguments relate to which issues in dispute.

Wellpath's counsel argues generally that "the documents sought and at issue here are overly broad, not proportional to the needs of this case and beyond the scope of this litigation." Saunders Decl. ¶ 10. She also states that she has made a good faith effort to respond to plaintiff's remaining requests, but that "aside from what has already been produced . . . other documentation as requested was either not retained, or archived with limited, if any, access." Saunders Decl. ¶ 8.

Even if Wellpath has no more responsive documents or information, its counsel's statements to that effect in her declaration here do not relieve Wellpath of its obligation to serve proper responses to plaintiff's discovery requests, nor do the statements it made at the hearing. Rather, if after conducting a thorough search Wellpath found no responsive documents or information, it must so state and verify in supplemental responses (or in the case of plaintiff's second set of requests, original responses).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | May 20, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

Plaintiff's motion to compel also includes a request for sanctions against Wellpath in the amount of $11,000 for the attorney's fees incurred in filing this motion and anticipated to be expended on the hearing. Mtn. at 18-19. Rule 37(a)(5) provides that the prevailing party on a discovery motion is entitled to an award of its reasonable expenses incurred in bringing or opposing the motion, including attorney's fees, except no payment should be ordered if: (1) the motion was filed before the moving party made a good faith effort to resolve the dispute; (2) the losing party's position was substantially justified; or (3) other circumstances make award of expenses unjust. Fed. R. Civ. P. 37(a)(5). Local Rule 37-4 also provides that failure by counsel to comply with or cooperate in the joint stipulation procedures required by Local Rule 37 for presenting discovery disputes to the court "may result in the imposition of sanctions."

Here, plaintiff has shown that he made a good faith effort to resolve this dispute before bringing his motion to compel, and Wellpath offered no explanation in its counsel's declaration or at the hearing that would indicate the discovery failures discussed above were substantially justified. Nor has Wellpath offered any excuse for failing to provide its portion of a joint stipulation; indeed, there appears to be none. Wellpath's counsel did not even address plaintiff's request for sanctions in her declaration, which as previously stated was Wellpath's only filing in opposition to plaintiff's motion. Under these circumstances, the court finds that an award of expenses is justified. But the hourly rate is excessive in light of the simple and straightforward nature of the dispute. The court reduces the sanctions amount accordingly.

## IV. ORDER

For these reasons, the court grants plaintiff's motion to compel (docket no. 70). Wellpath is ordered to, by May 31, 2024 (unless plaintiff agrees to a later date): (1) provide supplemental responses to plaintiff's RFP Nos. 1, 2, 11-14, and 19 and Interrogatory Nos. 5-7 and 9; (2) respond to plaintiff's RFP Nos. 24-32 and Interrogatory Nos. 10-17; and (3) pay sanctions to plaintiff in the amount of $5,500.