1  Stacy Tolchin (SBN 217431)
2  *Email: Stacy@Tolchinimmigration.com*
   Megan Brewer (SBN 268248)
3  *Email: Megan@Tolchinimmigration.com*
4  Law Offices of Stacy Tolchin
   776 E. Green St., Suite 210
5  Pasadena, CA 91101
6  Telephone: (213) 622-7450
   Facsimile: (213) 622-7233
7
8  (*continued on next page*)

9  **UNITED STATES DISTRICT COURT**

10  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Martin VARGAS, individually and as Successor in Interest of the Estate of Martin Vargas Arellano,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; THE GEO GROUP; and WELLPATH, LLC.<br><br>Defendants. | Case No. 5:23-cv-00380-JWH-SP<br><br>Honorable John W. Holcomb<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO AMEND THE SCHEDULING ORDER TO EXTEND THE DISCOVERY CUTOFF, TRIAL DATE AND RELATED PRE-TRIAL DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[DECLARATION OF LABONI HOQ AND EXHIBITS THERETO FILED CONCURRENTLY]<br><br>Hearing Date: June 28, 2024<br>Hearing Time: 9:00 a.m.<br><br>Jury Trial Date: December 9, 2024<br>Discovery Cut-Off: July 26, 2024 |

1

Khaled Alrabe (SBN 349899)
*Email: khaled@nipnlg.org*
Matthew Vogel (admitted *pro hac vice*)
*Email: matt@nipnlg.org*
Amber Qureshi (admitted *pro hac vice*)
*Email: amber@nipnlg.org*
National Immigration Project of the National Lawyers Guild (NIPNLG)
2201 Wisconsin Ave NW, Suite 200
Washington, DC 20007
Telephone: (202) 470-2082
Facsimile: (617) 227-5495

Laboni A. Hoq (SBN 224140)
*Email: laboni@hoqlaw.com*
Hoq Law APC
P.O. Box 753
South Pasadena, CA  91030
Telephone: (213) 973-9004

Attorneys for Plaintiff

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on June 28, 2024, at 9:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at Courtroom 9D of the Ronald Reagan Federal Building and Courthouse located at 411 West Fourth Street, Santa Ana, CA 92701, in the courtroom of the Honorable John W. Holcomb, Plaintiff will and hereby does move the Court for an Order under Fed. R. Civ. P. 16(b)(4) modifying the Scheduling Order to extend the discovery cutoff date, trial date and corresponding pre-trial deadlines in this case by approximately three months.

Plaintiff has met the Local Rule 7-3 pre-filing conference of counsel requirement, by conferring with counsel for Defendants USA, the GEO Group and Wellpath LLC on May 23, 2024, regarding the grounds on which Plaintiff is entitled to the relief requested, and the respective position of the Parties. *See* Declaration of Laboni Hoq ("Hoq Decl."), ¶¶ 5-7, 9-11 & Exhibits ("Exhs.") A-C.

There is good cause to modify the Scheduling Order to extend the discovery cutoff, trial date and related pre-trial deadlines by approximately three months as Plaintiff has been diligent in prosecuting this matter and Defendants will not be prejudiced if the Court grants Plaintiff's request. Defendant Wellpath has agreed to stipulate to the Plaintiff's request and Defendant GEO has indicated it would limit any opposition to objecting to additional time for Plaintiff to propound requests for production of documents. Defendant USA opposes this motion. *See* Hoq Decl. ¶¶ 9-11.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Hoq Decl. and Exhibits thereto, all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented to the Court at the time of the hearing of this matter.

May 31, 2024                             Respectfully submitted,

                                                   LAW OFFICES OF STACY TOLCHIN

1
2         NATIONAL IMMIGRATION PROJECT OF THE
          NATIONAL LAWYERS GUILD (NIPNLG)
3
          HOQ LAW APC
4
          By:    /s/ *Laboni Hoq*
5                Laboni Hoq
6
          Attorneys for Plaintiff
7         MARTIN VARGAS

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................. 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ............................................ 2

    A.  Defendants' Delays in Responding to Written Discovery, and Plaintiff's Motions to Compel Production ....................................................... 3

    B.  Plaintiff's Diligence in Setting Depositions Despite Defendants Incomplete Written Discovery Responses ...................................................... 5

    C.  Defendants Acknowledge That An Extension of the Discovery Cutoff is Warranted ..................................................................................................... 6

    D.  Plaintiff's Diligence in Seeking a Modification of the Scheduling Order ................................................................................................................ 7

III.  ARGUMENT ........................................................................................................ 8

    A.  Good Cause Exists to Modify the Scheduling Order ..................................... 8

    B.  Defendants Have Failed to Identify Any Prejudice from an Extension of the Discovery Cutoff, Trial Date and Related Pre-Trial Deadlines ........ 10

IV.  CONCLUSION .................................................................................................. 11

# TABLE OF AUTHORITIES

Federal Cases

*Campbell Industries v. M/V Gemini*, 619 F.2d 24 (9th Cir. 1980) .................................. 11

*Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. 2000) .......................................... 8

*Fraihat v ICE*, No. 5:19-cv-01546-JGB-SHK ................................................................ 2

*Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. CIV.S-05-583LKKGGH, 2006 WL 3733815 (E.D. Cal. Dec. 15, 2006) .......................... 9, 11

*Himmelfarb v. JP Morgan Chase Bank Nat. Ass'n*, No. CV. 10-00058 DAE-KSC, 2011 WL 4498975 (D. Haw. Sept. 26, 2011) ........................................................... 8

*Roman v. Wolf*, No. 5:20-cv-00768-THJ-PVC ................................................................ 2

*Warren v. Winco Foods*, LLC, No. 1:22-CV-00594-SAB, 2023 WL 5336816 (E.D. Cal. Aug. 18, 2023) ................................................................................. 8, 9, 10


Federal Rules

Fed. R. Civ. P. 16(b)(4) ............................................................................................ 3, 8, 11

F Fed. R. Civ. P. 26 ........................................................................................................... 8

1

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

Good cause exists for the Court to modify the Scheduling Order to allow additional time for discovery so that important issue in this case related to the untimely death of Plaintiff's father can be litigated on the merits. Plaintiff has been diligent in conducting discovery in this case, but due to unforeseen circumstances anticipates needing approximately three additional months to complete discovery. Much of the justification for Plaintiff's request is Defendants' delay in producing critical documents until just recently, after the Magistrate Judge issued two orders substantially granting Plaintiff's motions to compel further discovery responses against Defendants Wellpath LLC ("Wellpath") and The Geo Group ("GEO"). Dkts. 98-99. Notwithstanding, all Defendants, have still yet to produce critical ESI, which will likely result in Plaintiff's filing a third motion to compel against Defendant USA. These developments have delayed – and will continue to delay – Plaintiff's ability to commence and complete necessary depositions, and plan for experts, which also warrant an extension of the discovery cutoff.

Two of the Defendants – GEO and Wellpath – have conceded that an extension of the discovery cutoff is warranted, including to give them time to conduct Court-ordered ESI searches they failed to timely and adequately do. Hoq Dec. ¶¶9,11, 12 & Exhs. C, D. USA opposes this motion, but in meet and confer discussions and representations to the Court has failed to demonstrate cognizable reasons to do so. Moreover, neither GEO nor USA identify any cognizable prejudice they will suffer if this motion is granted.

For the reasons discussed herein, granting this timely request to modify the Scheduling Order to extend the discovery cutoff, trial date and related pre-trial deadlines by three months is supported by eminent good cause. Defendants will not be prejudiced. Therefore, Plaintiff's motion should be granted in its entirety.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action on March 7, 2023, alleging claims against Defendants USA, The GEO Group ("GEO"), and Wellpath LLC ("Wellpath") related to their failure to take necessary precautions against the spread of Covid-19 at the Adelanto immigration detention center causing the death of Plaintiff's father Martin Vargas Arellano. Among other things, Plaintiff alleges that Defendants were negligent and caused Mr. Vargas Arellano negligent and intentional infliction of emotional distress, including by failing to carry out required Covid-19 and other detention protocols, including as set forth in orders handed down in several class action lawsuit where Mr. Vargas Arellano was a class member. *See Roman v. Wolf*, No. 5:20-cv-00768-THJ-PVC, *Fraihat v ICE*, No. 5:19-cv-01546-JGB-SHK.

On November 15, 2023 this Court issued a scheduling Order setting the discovery cutoff (for both fact and expert discovery) for July 26, 2024, a jury trial date of December 9, 2024, for the case against GEO and Wellpath, a bench trial date of January 24, 2025 for the case against USA, and related pre-trial deadlines. Dkt. 63. The Court recently continued the bench trial to January 27, 2025. Dkt. 96.

Plaintiff's Diligence in Timely Conducting Discovery

Since prior to the time of the Scheduling Order, Plaintiff has diligently prosecuted this case as follows:

(1) defending against two motions to dismiss brought by USA (Dkts. 50 and 80), which were heard on **September 13, 2024 and May 10, 2024**, with an order on USA's motion to dismiss Plaintiff's Second Amended Complaint ("SAC") still pending;

(2) beginning on **June 2, 2023**, serving two sets of written discovery requests (requests for production of documents ("RFPs") and interrogatories ("Rogs") on GEO and Wellpath, Hoq Decl. ¶ 2(a), (c), which were the subject of Plaintiff's Motions to Compel Further Written Discovery (Dkts. 68 and 70) that resulted in two **May 20, 2024** Discovery Orders that:

2

(a) "grant[ed] in large plaintiff's motion" against GEO with a further response deadline of **June 7, 2024** (Dkt. 98), and

(b) "grant[ed] plaintiff's motion" against Wellpath, including issuing monetary sanctions against it, with a further response deadline of **May 31, 2024** (Dkt. 99);

(3) beginning on **June 2, 2023**, serving four sets of written discovery requests (RFPs and Rogs) on USA, Hoq Decl. ¶ 2 (a), (b), (d) and (e), which have been the subject of ongoing disputes resulting in USA's belated and incomplete production of responsive documents, *id*. ¶¶ 14-15, and Plaintiff's anticipated Motion to Compel USA to conduct and adequate search for and production of ESI, *id*. ¶ 15;

(4) negotiating setting depositions of Defendants, including percipient witnesses and Fed. R. Civ. P. 30(b)(6) depositions, for various dates in **June and July 2024,** *id*. ¶ 17;

(5) on **May 6, 2024** responding to two sets of discovery requests propounded by USA on **March 26, 2024**, and producing 13,427 pages of documents, *id*. ¶ 2(f); and

(6) sitting for deposition on **June 6, 2024;** , *id*. ¶ 2(g).

Despite Plaintiff's vigorous efforts to pursue necessary discovery within the timeframe set by the Court's Scheduling Order, due to circumstances largely outside of Plaintiff's control, he will be unable to sufficiently complete discovery, including expert discovery, by the current discovery cutoff for both fact and expert discovery of July 26, 2024.

**A.   Defendants' Delays in Responding to Written Discovery, and Plaintiff's Motions to Compel Production**

Importantly, Defendants' failure to timely produce outstanding written discovery responses has made it impossible for Plaintiff to timely prepare for and take necessary depositions of Defendants and third-party witnesses given outstanding documents and other information on which Plaintiff intends to question the witnesses.  Hoq Decl. ¶¶ 5,

3

10, 13, 15, 16. For example, among the highly relevant documents Plaintiff sought from Defendants are prior depositions taken of key witnesses in this case who were also deposed in the *Roman v Wolf* litigation on related topics. *Id*. ¶ 16. Despite requesting this information in Plaintiff's first set of discovery requests on or about June 2, 2023, GEO refused to produce the deposition transcript of its Adelanto Facility Administrator James Janecka until after Plaintiff filed a motion to compel and the Court ordered it to so do a few weeks ago. *Id*.; Dkt. 98. Wellpath, too, failed to timely comply with its discovery obligations, including following through on its commitment to search for and produce ESI. Dkt. 99. This forced Plaintiff to file a motion to compel resulting in the Court issuing sanctions against Wellpath in the amount of $5,500, and ordering it to complete its discovery obligations by May 31, 2024. Dkt. 99. Wellpath indicated it will not be able to do so, and agreed to stipulate to Plaintiff's request for a discovery extension in exchange for Plaintiff granting it additional time to comply with the Court's order. Hoq Decl. ¶¶9-11.

Similarly, USA delayed producing various key documents including the *Roman* deposition transcripts for almost six months, until a few days after Plaintiff convened a Rule 7-3 conference on May 21, 2023 in anticipation of needing to file a motion to compel. *Id*. ¶¶14-16. At that conference USA admitted that it still had not completed its production of other documents, including ESI, and failed to identify a date certain by which it would do so. *Id*. ¶ 14. USA also refused to agree to expand its search for responsive ESI records beyond a limited search for Mr. Vargas Arellano's name and Alien Registration ("A") Number in unspecified locations and timeframe. *Id*. ¶¶ 14-15. As such, Plaintiff has been forced to file a motion to compel critical ESI, which will likely take months to resolve, and result in Plaintiff's receipt of additional discovery outside the current discovery cutoff.

In addition, once Defendants complete their further production of discovery, and depositions commence, Plaintiff may need to serve additions written discovery requests

1  and set additional depositions depending on what Defendants' further productions and
2  depositions reveal.  As Plaintiff has made clear to Defendants, while Plaintiff does not
3  currently anticipate serving additional written discovery, he cannot rule out the
4  possibility that he will need to propound further discovery. *Id*. ¶¶ 13, 15.  Despite
5  Plaintiff's diligence, because of Defendants' delay in producing outstanding discovery
6  responses, Plaintiff will be hard pressed to conduct this additional discovery without an
7  extension of the discovery cutoff. *Id*. ¶ 20.

8  Finally, the Court's discovery cutoff of July 26, 2024 includes completion of expert
9  discovery.  Dkt. 63. However, among the outstanding discovery Defendants have yet to
10 produce include complete medical records for Mr. Vargas Arellano.  Dkt. 98 at 7.
11 Defendants' delay in producing this information has made it impossible to flesh out its
12 negligence claims and designate an appropriate medical expert in support of them.
13 Moreover, in light of the Court's pending ruling on USA's motion to dismiss the SAC,
14 and the uncertainty as to which claims will remain in the case, Plaintiff is also uncertain
15 which experts it will need to address the live claims.  As such, an extension of the
16 discovery cutoff is warranted to provide Plaintiff sufficient time to designate and prepare
17 experts.

**B.   Plaintiff's Diligence in Setting Depositions Despite Defendants Incomplete Written Discovery Responses**

20 Despite Defendants' incomplete written discovery responses, Plaintiff is still
21 attempting to notice several depositions within the current discovery cutoff, but
22 anticipates he will need additional time to do so for a variety of reasons outside his
23 control. First, on or about April 22, 2024, Plaintiff informed USA of its intention to take
24 the deposition of a critical witness in the case, ICE's Assistant Field Office Director at
25 the Adelanto Detention Center Gabriel Valdez. *Id*. ¶ 18.  Two weeks later, USA
26 informed Plaintiff Mr. Valdez had retired from ICE, but that they were still trying to
27 locate him for purposes of the deposition. *Id*.  It was not until May 16, 2024, when

5

1  Plaintiff pressed USA to set a date for the deposition that it informed Plaintiff it could
2  not locate Mr. Valdez, and that Plaintiff would have to locate him and personally serve
3  him as a third party. *Id*. Since that time Plaintiff has retained a private investigator to
4  locate Mr. Valdez, who has to date been unable to do so. *Id*. ¶ 19. Plaintiff is informed
5  and believes, based on prior experience, that USA has likely "scrubbed" Mr. Valdez's
6  whereabouts from the public record. *Id*. As such, Plaintiff has submitted interrogatories
7  to USA to obtain information to locate him. Obtaining responses to these interrogatories
8  and using that information to locate and serve Mr. Valdez could take several months, *id*.
9  warranting the extension of the discovery cutoff Plaintiff seeks.

Similarly, on May 13, 2024 Plaintiff informed Wellpath that it intends to take the deposition of Norma Penaloza, the nurse that the Special Master in the *Roman* case determined was likely to have transmitted COVID-19 to Plaintiff's father. *Id*. ¶17-18 & Ex. E. On May 16, 2024 Wellpath informed Plaintiff that Ms. Penaloza is no longer employed by Wellpath, and as such Plaintiff also hired an investigator to locate her. *Id*. at Ex. E. Plaintiff is in the process if serving her with a deposition subpoena. *Id*.

In addition to the aforementioned complications and related delays in setting necessary depositions, Defendants aforementioned delays in completing their document productions will likely necessitate Plaintiff needing to continue depositions outside the current discovery period. Because of the indefinite timeframe in which Defendants will produce these documents, an extension of the discovery cutoff is warranted.

**C.  Defendants Acknowledge That An Extension of the Discovery Cutoff is Warranted**

Defendants themselves have indicated they will need additional time to complete their discovery obligations, further supporting Plaintiff's request for an extension of the current discovery cutoff. As discussed, Wellpath has already indicated that it will need additional time beyond that ordered by the Court to complete its production, which Plaintiff has agreed to on the condition that Wellpath agree to continue the discovery

1  cutoff along the lines requested in this Motion. *Id*. ¶¶ 9, 11.

2  GEO too during a recent meet and confer discussion asked Plaintiff for an extension of the Court-ordered deadline to produce its further written discovery, to which Plaintiff agreed on the condition GEO agree to the requested three-month extension of the discovery cutoff. *Id*. ¶ 12 & Ex. D.

6  The Court's pending Order on USA's second motion to dismiss the SAC is also reason for Plaintiff's request for an extension of the discovery cutoff, and related pre-trial and trial dates. As the Court acknowledged at the May 10, 2024 hearing, knowing what claims are in the case are important to the parties' ongoing discovery efforts. *Id.* at Ex B, p. 33.

### D. Plaintiff's Diligence in Seeking a Modification of the Scheduling Order

Soon after Plaintiff learned of the unforeseen circumstances that it understood would require extension of the discovery cutoff, Plaintiff diligently approached Defendants to seek the extension by way of stipulation between the parties. Plaintiff first approached Defendants on May 9, 2024, seeking that they stipulate to extend the discovery cutoff, trial date and related pre-trial dates by three months. Hoq Decl. ¶ 5. At the May 10, 2024 hearing on USA's motion to dismiss the SAC, the Court also *sua sponte* raised the issue of whether the parties would be seeking a modification of the scheduling order in light of developments in the case. *Id*. ¶ 6 & Ex. B at 32-40. Plaintiff informed the Court of his attempts to have the parties stipulate to such an extension, and if that was not possible, indicated Plaintiff's intention to file this Motion. *Id*. The Court admonished Plaintiff to do so as early as possible. *Id*. ¶ 6 & Ex. B at 35.

Soon thereafter, when USA declined to agree to the extension, on May 23, 2024 Plaintiff convened a Rule 7-3 conference in anticipation of filing this motion. *Id*. ¶ 10. At that conference, Defendant USA maintained its position that it would oppose Plaintiff's request in its entirety. *Id*. GEO indicated it would oppose the request only to extent Plaintiff would seek to propound additional RFPs, but it does not oppose the

additional time Plaintiff seeks to conduct depositions and propound written interrogatories or requests for admissions. *Id*. Following the conference, Wellpath confirmed it would not oppose this motion. *Id*. ¶ 11 & Ex. C.

### III.   ARGUMENT

#### A.   Good Cause Exists to Modify the Scheduling Order

Where, as here, Plaintiff has exercised diligence in complying with Court-ordered pre-trial deadlines, good cause exists to modify the Scheduling Order. *See* FRCP 16(b)(4); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (the standard for showing "good cause" for modifying a scheduling order under Rule 16(b)(4) "primarily considers the diligence of the party seeking the amendment")(quotations and citations omitted); *Himmelfarb v. JP Morgan Chase Bank Nat. Ass'n*, No. CV. 10-00058 DAE-KSC, 2011 WL 4498975, at *3 (D. Haw. Sept. 26, 2011). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." *Warren v. Winco Foods*, LLC, No. 1:22-CV-00594-SAB, 2023 WL 5336816, at *2 (E.D. Cal. Aug. 18, 2023) (citations and quotations omitted).

Plaintiff meets each of the factors justifying a modification of the Scheduling Order. First, as discussed, Plaintiff has been making best efforts to complete discovery within the timeframe set by the Court, but proposes a short three-month extension due to both anticipated and unanticipated needs. Plaintiff indicated to the Court at the onset of the case that he would need several more months to complete discovery than the Scheduling Order allowed. *See* Dkt. 45 (Parties' Joint Rule 26 Report). Plaintiff indicated at that time that he would need until October 18, 2024 to complete fact discovery. *Id*. at 11. Notably, Defendants indicated at that time that they would need *even longer* to complete

fact discovery, until February 28, 2025. *Id*. This is Plaintiff's first request for a modification of the Scheduling Order, and it is consistent with all of the Parties' anticipated need for additional time to complete discovery and prepare for trial.

Second, regarding "matters that were not, and could not have been, foreseeable at the time of the scheduling conference," there are myriad such matters. *Warren*, 2023 WL 5336816, at *2. As discussed, Plaintiff did not anticipate it would have to wait five months for Defendants to produce critical documents, nor that it would have to file two successful motions to compel before Defendants would agree to do so. Hoq Decl. ¶¶ 3-4, 8. This unexpected delay in production has caused a concomitant unexpected delay in commencing depositions, both of which Defendants GEO and Wellpath agree warrants the extension of the discovery cutoff Plaintiff seeks. *Id*. ¶¶9-13.

Added to the unexpected delay is the difficulty in locating critical former employees of Defendants to notice their depositions, including at least one of whom – ICE Assistant Field Office Director Valdez – left USA's employ during the pendency of this litigation, and who even USA has attempted to locate to no avail. *Id*. ¶¶ 18-19. As a result of this unexpected development, Plaintiff has been forced to serve additional discovery on USA to be able to locate Mr. Valdez before it can notice his deposition, which under the circumstances may take several months to do. This alone warrants an extension of the discovery cutoff, as "[a]llowing parties to amend based on information obtained through discovery is common and well established." *Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. CIV.S-05-583LKKGGH, 2006 WL 3733815, at *5 (E.D. Cal. Dec. 15, 2006). In light of these unforeseen matters, Plaintiff should not be held to the current discovery cutoff and trial date, as it would deprive him of a fair opportunity to discover all relevant facts, sufficiently prepare for trial, and potentially file dispositive motions in advance of trial.

Finally, Plaintiff was sufficiently "diligent in seeking amendment once the need to amend became apparent." *Warren*, 2023 WL 5336816, at *2. As discussed, Plaintiff

1 approached Defendants to stipulate to extending the discovery cutoff and trial dates at
2 least as early as May 9, 2024, Hoq Decl. ¶ 5, nearly three months before the July 26,
3 2024 discovery cutoff. Thereafter, Plaintiff previewed this motion for the Court at a May
4 10, 2024 hearing at which the Court *sua sponte* asked the Parties to address the need to
5 extend the discovery cutoff. *id*. ¶ 6 & Ex. B. Finally, when it became clear Defendants
6 would not agree to stipulate to Plaintiff's request, Plaintiff convened a Rule 7-3
7 conference to confirm their positions, *id*. ¶ 7, 10, and promptly filed this motion, setting
8 a hearing date a month before the discovery cutoff. Nonetheless, Plaintiff is continuing
9 to move forward with noticing depositions within the next two months remaining in the
10 discovery period, though he anticipates he will not be able to complete them unless an
11 extension is granted for the reasons discussed above. *Id*. ¶ 17-20.

**B. Defendants Have Failed to Identify Any Prejudice from an Extension of the Discovery Cutoff, Trial Date and Related Pre-Trial Deadlines**

In considering Plaintiff's request to modify the scheduling order, the Court "may [] consider" "prejudice to other parties, if any," however, "the focus is on the moving party's reason for seeking the modification." *Warren*, 2023 WL 5336816, at *2. Here, Defendants have failed to identify any cognizable prejudice they are likely to suffer if the Court grants Plaintiff's request for a three-month extension of the discovery cutoff, trial date and related pre-trial deadlines. Nor could they, given Plaintiff's legitimate need to extend the discovery cutoff, ample diligence in pursuing discovery under the current timeframe despite the unforeseen circumstances, as well as its diligence in seeking this extension, as discussed above.

While Defendants have cited among their reasons for opposing this motion their objection to being subject to additional discovery obligations, including additional requests for production of documents, Hoq Decl. ¶ 6, 10 & Ex. B, this does not constitute prejudice. "The fact that [a proposed amendment to the scheduling order] may cause more work does not constitute prejudice." *Fru-Con Const. Corp*., 2006 WL

3733815, at *5. As Plaintiff explained to Defendants, while Plaintiff hopes he will not have to propound additional document requests, he cannot agree to limit his ability to do so given the considerable outstanding discovery that could possibly warrant such additional requests. Hoq Decl. ¶ 10. Plaintiff cannot reasonably be expected to agree to hobble his ability to learn all relevant facts necessary to prosecute his case, particularly where he has been so diligent in pursuing them, and doing so "might result in injustice" to him. *Campbell Industries v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980).

Ultimately, district courts "should generally allow amendments of pre-trial orders when 'no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court will be slight.'" *Campbell Industries*, 619 F.2d at 27-28 (9th Cir. 1980). As discussed, because all of these circumstances exist here, there is ample justification for the Court to modify the scheduling order under Fed. R. Civ. P. 16(b)(4).

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion to modify the Scheduling Order and extend the discovery cutoff deadline, trial date and corresponding pre-trial deadlines by approximately three months.

***

The undersigned counsel of record for Plaintiff certifies that this brief contains 3,543 words, which complies with the word limit of L.R. 11-6.1.

May 31, 2024               Respectfully submitted,
                           LAW OFFICES OF STACY TOLCHIN

                           NATIONAL IMMIGRATION PROJECT OF THE
                           NATIONAL LAWYERS GUILD (NIPNLG)

HOQ LAW APC

By: __/s/ *Laboni Hoq* _____
     Laboni Hoq

Attorneys for Plaintiff
MARTIN VARGAS