Stacy Tolchin
*Email: Stacy@Tolchinimmigration.com*
Megan Brewer
*Email: Megan@Tolchinimmigration.com*
Law Offices of Stacy Tolchin
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

Matthew Vogel (admitted *pro hac vice*)
*Email: matt@nipnlg.org*
Amber Qureshi (admitted *pro hac vice*)
*Email: amber@nipnlg.org*
National Immigration Project of the National Lawyers Guild (NIPNLG)
1200 18th Street NW Suite 700
Washington, DC 20036
Telephone: (202) 470-2082
Facsimile: (617) 227-5495

(*continued on next page*)

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin VARGAS, as Successor in Interest of the Estate of Martin Vargas Arellano, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA; THE GEO GROUP; and WELLPATH, LLC. <br><br> Defendants. | Case No. 5:23-cv-00380-JWH-SP <br><br> Honorable Sheri Pym <br><br> **DISCOVERY MOTION** <br><br> **PLAINTIFF'S *AMENDED* UNOPPOSED EX PARTE APPLICATION FOR ENTRY OF ORDER UNDER THE PRIVACY ACT FOR PLAINTIFF'S INTERROGATORIES (SET FOUR) NUMBERS 19 AND 20** <br><br> Discovery Cut-Off: Nov. 1, 2024 <br> Bench Pre-Trial Conference: Apr. 11, 2025 |

Bench Trial Date: Apr. 28, 2025

Laboni A. Hoq
*Email: laboni@hoqlaw.com*
Hoq Law APC
P.O. Box 753
Pasadena, CA  91030
Telephone: (213) 973-9004

Attorneys for Plaintiff

## I.    INTRODUCTION

Plaintiff Martin Vargas moves this Court for an order under the Privacy Act, 5 U.S.C. §552a, so that Defendant United States of America (USA) will produce responses to Plaintiff's Interrogatories (Set Four) numbers 19 and 20, regarding personal information pertaining to Gabriel A. Valdez, former Assistant Field Office Director and Officer in Charge at the Adelanto ICE Processing Center, who retired from the Department of Homeland Security on October 31, 2023.  Dkt. # 71 ¶ 43; Tolchin Dec. at Exh. B. Defendant USA does not oppose providing Mr. Valdez's last known address and date of birth, but has made its agreement to disclose the requested information contingent on the requested Order. Tolchin Dec. at ¶ 9.

Plaintiff has grounds to file this unopposed ex parte application because there is limited time under the Scheduling Order to complete discovery, and Plaintiff needs an order on the application as soon as practicable to proceed with Mr. Valdez's deposition and related discovery matters.  The discovery cutoff in this case is set for November 1, 2024, Dkt. #115, during which time Plaintiff will need to secure the requested information from USA to locate Mr. Valdez, utilize a private investigator to locate him, utilize a process server to personally serve him with a deposition subpoena, take his deposition, and seek any follow-on discovery and/or pursue any related discovery motions.  Tolchin Dec. at ¶ 11. If Plaintiff were to file this request as a noticed motion under the Local Rule 6, Plaintiff would not have sufficient time to do all of these things within the current discovery cutoff.

Defendant USA was orally advised on July 19, 2024 that Plaintiff would be filing this application Ex Parte and of the contents of this application. Tolchin Dec. ¶ 10. See Local Rule 17-19.1. Attorney Shaina St. John, counsel for USA, confirmed that the motion would be unopposed. Tolchin Dec. ¶ 10. On July 22, 2024, Ms. St. John confirmed that upon entry of the requested Order, Defendant USA will provide Mr.

2

Valdez's last known address and date of birth in an amended interrogatory response. Tolchin Dec. ¶ 12.

Counsel for Defendant USA is as follows:

Shaina St. John
United States Attorney's Office
Central District of California
300 N. Los Angeles Street, Suite 7516
Los Angeles, CA 90012
T: (213) 894-2933
Email: Shaina.StJohn@usdoj.gov

## II.    RELEVANT FACTS

Plaintiff Martin Vargas seeks damages based on the death of his father Martin Vargas Arellano, who contracted COVID-19 while detained at the Adelanto ICE Processing Center. Dkt. # 71 ¶ 1-2. Officer Gabriel A. Valdez was the Assistant Field Office Director and Officer in Charge at the Adelanto ICE Processing Center during Mr. Vargas Arellano's detention and was the ICE officer responsible for the detention facility. Id. at 43-4. Mr. Vargas Arellano was considered at risk of serious illness and death if he contracted COVID-19, due his age (55) and because he suffered from a number of chronic conditions including high blood pressure, diabetes, cellulitis, liver disease, and severe psychiatric illness (schizophrenia). Id. at ¶ 87. However, ICE denied his release from custody on October 29, 2020. Id. at 93. Mr. Vargas Arellano tested positive for COVID-19 on December 10, 2020, while detained at the Adelanto ICE Processing Center. Id. at ¶ 117. He suffered a stroke on February 26, 2021 and passed away on March 8, 2021. Id. at ¶¶ 132, 134.

## III.    RELEVANT PROCEDURAL HISTORY

The operative complaint in this case was filed on March 8, 2024.  Dkt. # 71. The discovery cutoff in this case is set for November 1, 2024. Dkt # 115.

Plaintiff first notified Defendant USA of the intent to depose Gabriel A. Valdez, former Assistant Field Office Director and Officer in Charge at the Adelanto ICE Processing Center, on April 22, 2024, Tolchin Dec. ¶ 2. Defendant USA informed Plaintiff that Mr. Valdez was no longer employed by the Department of Homeland Security and that if USA was unable to contact him for purposes of deposition, then Plaintiff would be required to personally serve him with notice.  Id. at ¶ 3. Plaintiff proceeded to follow up with USA on several occasions to determine whether it had contacted Mr. Valdez about his deposition.  Id. at 4. It was not until May 21, 2024 that USA informed Plaintiff definitively that it could not do so, at which time Plaintiff retained a private investigator to attempt to locate Mr. Valdez.  Id. at ¶ 5. On May 30, 2024, after the private investigator was unsuccessful in doing so through publicly available information, Plaintiff submitted a Fourth Set of Interrogatories to Defendant USA requesting Mr. Valdez's date of birth and address so that Plaintiff could locate him to serve him with a notice of deposition. Tolchin Dec. Exh. A. On July 1, 2024, USA responded that Mr. Valdez retired on October 31, 2023, and that it would not disclose the requested information citing the law enforcement privilege and the Privacy Act. Tolchin Dec. at Exh. B.

On July 8, 2024, Plaintiff sent a letter to USA, requesting a meet and confer under Local Rule 37-1. Tolchin Dec. at Exh. C. On July 15, 2024, the parties conferred pursuant to Local Rule 37-1, and Defendant USA agreed to disclose the requested information if the Court issues an order under the Privacy Act, and stated that it would not oppose any request for such an order. Tolchin Dec. at ¶ 9. Defendant USA has taken the position that the Court's July 20, 2023 protective order (Dkt # 54) does not apply to Mr. Valdez's personal information. Tolchin Dec. at ¶ 9.

## IV.    ARGUMENT

### A.    Plaintiff has Grounds to Seek this Order Ex Parte

4

The Court should grant Plaintiff's request for an Order on an ex parte basis because Plaintiff meets the applicable standards. See Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). First, Plaintiff would be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" under Local Rule 6. Id. As discussed, the discovery cutoff is set for November 1, 2024, and in the ensuing timeframe, assuming the Court grants the requested Order, Plaintiff will have insufficient time to conduct the deposition and any follow-on discovery matters. Not only will Plaintiff need to secure the missing information from USA to attempt to locate and serve Mr. Valdez with a deposition subpoena, but he will also likely need to serve follow-on discovery based on information obtained at the deposition and/or pursue any related discovery motions. All of this will likely take more time than the time that would be left in the discovery period if this request for an Order must be set for a noticed motion.

Second, Plaintiff "is without fault in creating the crisis that requires ex parte relief." Id. As discussed, Plaintiff has been seeking to set Mr. Valdez's deposition since April 22, 2024, promptly proceeded to try to locate and serve him with a deposition subpoena through the use of a private investigator when USA informed him it could not locate him, and when those efforts failed to yield results Plaintiff served discovery on USA to obtain non-public information necessary to do so. Tolchin Decl. ¶ 6. Plaintiff has been exceedingly diligent in attempting to secure Mr. Valdez's deposition, and should not be deprived of time to ensure his deposition goes forward in a timely fashion, and to secure any follow-on discovery as needed.

**B**.    **An Order Under the Privacy Act is Warranted Here to Ensure Plaintiff's Access to Critical Information to Secure Mr. Valdez's Deposition**

The Privacy Act, 5 U.S.C. § 552a, protects certain agency records kept on federal employees. Su v. United States Postal Serv., No. 3:23-CV-05007-RJB, 2023 WL

5

6290600, at *4 (W.D. Wash. Sept. 27, 2023). Disclosure of personal information is permitted "[p]ursuant to the order of a court." 5 U.S.C. § 552a(b)(11).

Here, Plaintiff seeks personal information, including the last known address and date of birth of former ICE Assistant Field Office Director and Officer in Charge Gabriel A. Valdez, who retired from the Department of Homeland Security on October 31, 2023. Tolchin Dec. Exhs. A and B. Defendant USA states that it has been unable to locate Mr. Valdez. Tolchin Dec. ¶ 5. As Mr. Valdez's deposition is vital to the development of Plaintiff's case against USA, Plaintiff requires his address and date of birth so that he may locate Mr. Valdez for purpose of service under Federal Rule of Civil Procedure 30(b)(1).

## V.    CONCLUSION

For the above reasons, the Court should grant Plaintiff's unopposed motion and issue an order under the Privacy Act, 5 U.S.C. § 552a(b)(11), requiring the disclosure of Mr. Valdez's last known address and date of birth for purposes of responses to Plaintiff's Interrogatories (Set Four) numbers 19 and 20.

Dated: July 22, 2024

Respectfully submitted,

*By: S/ Stacy Tolchin*
STACY TOLCHIN

Stacy Tolchin
*Email: Stacy@Tolchinimmigration.com*
Megan Brewer
*Email: Megan@Tolchinimmigration.com*
Law Offices of Stacy Tolchin
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

Khaled Alrabe
*Email: khaled@nipnlg.org*
Matthew Vogel (admitted *pro hac vice*)
*Email: matt@nipnlg.org*
Amber Qureshi (admitted *pro hac vice*)
*Email: amber@nipnlg.org*
1200 18th Street NW Suite 700
Washington, DC 20036
Telephone: (202) 470-2082
Facsimile: (617) 227-5495

Laboni A. Hoq
*Email:* laboni@hoqlaw.com
Hoq Law APC
P.O. Box 753
Pasadena, CA  91030
Telephone: (213) 973-9004

Attorneys for Plaintiff

CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Martin Vargas, certifies that this brief contains 1465 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 22, 2024                    By:    /s/ *Stacy Tolchin*

Stacy Tolchin
*Email: Stacy@Tolchinimmigration.com*
Megan Brewer
*Email: Megan@Tolchinimmigration.com*
Law Offices of Stacy Tolchin
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233

Khaled Alrabe
*Email: khaled@nipnlg.org*
Matthew Vogel (admitted *pro hac vice*)
*Email: matt@nipnlg.org*
Amber Qureshi (admitted *pro hac vice*)
*Email: amber@nipnlg.org*
1200 18th Street NW Suite 700
Washington, DC 20036
Telephone: (202) 470-2082
Facsimile: (617) 227-5495

Laboni A. Hoq
*Email:* laboni@hoqlaw.com
Hoq Law APC
P.O. Box 753
Pasadena, CA  91030
Telephone: (213) 973-9004

Attorneys for Plaintiff
MARTIN VARGAS