E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
SHAINA C. ST JOHN (Cal. Bar No. 292643)
Assistant United States Attorney
ERIN CHOI (Cal. Bar No. 342323)
Assistant United States Attorney
 Federal Building, Suite 7516
 300 North Los Angeles Street
 Los Angeles, California 90012
 Telephone: (213) 894-2933 | 7354
 Facsimile: (213) 894-7819
 E-mail: Shaina.StJohn@usdoj.gov
 E-mail: Erin.Choi@usdoj.gov

Attorneys for Defendant
the United States of America

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin VARGAS, individually and as Successor in Interest of the Estate of Martin Vargas Arellano,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA; THE GEO GROUP; and WELLPATH, LLC,<br><br>   Defendants. | No. 5:23-cv-00380-JWH-SP<br><br>**DEFENDANT THE UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Honorable John W. Holcomb<br>United States District Judge |

1

Defendant United States of America, by its undersigned attorneys, answers Plaintiff's Second Amended Complaint ("SAC") [Dkt. 71] as follows:

**<u>INTRODUCTION</u>**[1][2]

1.      Paragraph 1 contains Plaintiff's characterization of this action, and legal conclusions, to which no response is necessary. To the extent that a response is necessary, the United States denies the allegations of Paragraph 1.

2.      The United States denies that Martin Vargas Arellano ("Arellano") contracted COVID-19 in December 2020. The United States admits the remaining allegations in Paragraph 2 directed to the United States. Those allegations in Paragraph 2 directed to Defendants The GEO Group, Inc. ("GEO") and Wellpath, LLC ("Wellpath") require no answer of the United States. To the extent that a response is necessary to the allegations in Paragraph 2 directed to Defendants GEO and Wellpath, the United States denies the allegations.

3.      The United States admits that Arellano was hospitalized more than once, had a stroke, and died during a period of time several months after he had contracted COVID-19. The United States denies the remaining allegations of Paragraph 3.

4.      The United States admits that Arellano died at the age of 55. The United States also admits that Arellano was in ICE custody from approximately March 28, 2019 until March 5, 2021. The United States denies the remaining allegations in Paragraph 4.

5.      Paragraph 5 contains Plaintiff's characterization of the *Fraihat v. U.S. Immigr. & Customs Enf't*, 445 F. Supp. 3d 709 (C.D. Cal. 2020) *rev'd and remanded*, 16

---

[1] For ease of reference, the United States refers to Plaintiff's headings and titles. To the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

[2] Plaintiff's SAC contains 44 footnotes, most of which contain citations to which no response is required. To the extent any response is required to any of the allegations in the 44 footnotes, the United States denies the allegations in each footnote. To the extent any of the footnotes contain citations, no response is necessary. To the extent any response is necessary, the United States admits that the links provided are links to government documents, court filings, or news articles but denies the characterizations of those documents and contents therein.

F.4th 613 (9th Cir. 2021) and *Roman v. Wolf*, No. 5:20-cv-00768-THJ-PVC actions and legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them. The United States denies the remaining allegations in Paragraph 5.

6. Paragraph 6 contains Plaintiff's characterization of the *Roman v. Wolf*, No. 5:20-cv-00768-THJ-PVC action and legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them. The United States denies the allegations in Paragraph 6.

7. The United States denies the allegations in Paragraph 7.

8. The United States admits that Arellano tested positive for COVID-19 on December 10, 2020. The United States admits that the Special Master in *Roman* stated in the discussion section of his report that it is highly likely that Arellano contracted COVID-19 from Wellpath medical staff at Adelanto. The remaining allegations in Paragraph 8 consist of legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them. Footnote 1 to Paragraph 8 contains Plaintiff's characterization of the *Roman v. Wolf*, No. 5:20-cv-00768-THJ-PVC action and legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them.

9. The United States admits that Arellano suffered a stroke on February 26, 2021, while at the hospital. The United States admits that Arellano was released from ICE custody on March 5, 2021. The United States admits that Arellano died on March 8, 2021. The United States denies the remaining allegations in Paragraph 9.

10. The United States denies the allegations contained in Paragraph 10. Footnote 2 to Paragraph 10 contains Plaintiff's characterization of the *Franco-Gonzalez v. Holder*, No. CV 10-cv-2211-DMG (DTBX) (C.D. Cal.) action and legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them.

3

11. The United States denies the allegations contained in Paragraph 11.

12. The United States admits that the Special Master in *Roman* stated in the discussion section of his report that it is highly likely that Arellano contracted COVID-19 from Wellpath medical staff at Adelanto. The United States denies the remaining allegations contained in Paragraph 12.

13. The United States denies the allegations in Paragraph 13.

14. Paragraph 14 is Plaintiff's characterization of the relief he seeks, to which no response is required. To the extent a response is required, the United States denies that Plaintiff is entitled to any monetary damages or other relief in this action.

## EXHAUSTION

15. The United States admits that Plaintiff's counsel mailed an administrative claim dated August 15, 2022 to the Department of Homeland Security ("DHS") seeking money. The United States denies the remaining allegations in Paragraph 15.

## JURISDICTION AND VENUE

16. Paragraph 16 asserts legal conclusions, to which no response is necessary. To the extent that a response is necessary, the United States admits that the Federal Tort Claims Act (FTCA) provides jurisdiction to assert certain types of tort claims against the United States, subject to certain jurisdictional limitations. To the extent that a further response is necessary, the United States denies the remaining allegations of Paragraph 16.

17. Paragraph 17 contains allegations that constitute legal conclusions regarding venue, to which no response is required. To the extent a response is necessary, the United States admits that venue is proper in the Central District of California because some of the events alleged in Plaintiff's complaint took place at the ICE Processing Center in Adelanto, California.

## PARTIES

18. The United States has insufficient information regarding the allegations in Paragraph 18 and on that basis denies them.

4

19.     Paragraph 19 contains Plaintiff's characterization of this action, and legal conclusions, to which no response is necessary. To the extent that a response is necessary, the United States denies the allegations of Paragraph 19.

20.     The allegations contained in Paragraph 20 which are directed to Defendant GEO require no answer of the United States. To the extent a response is necessary, the United States denies such allegations. The remaining allegations in Paragraph 20 consist of legal conclusions, to which no response is necessary. To the extent that a response is necessary, the United States denies the remaining allegations of Paragraph 20.

21.     The allegations contained in Paragraph 21 which are directed to Defendant Wellpath require no answer of the United States. To the extent a response is necessary, the United States denies such allegations. The remaining allegations in Paragraph 21 consist of legal conclusions, to which no response is necessary. To the extent that a response is necessary, the United States denies the remaining allegations of Paragraph 21.

## FACTUAL ALLEGATIONS

### *ICE's Response to the COVID-19 Pandemic*

22.     The United States admits the allegations in Paragraph 22.

23.     The United States denies the allegations in Paragraph 23.

24.     The United States admits that on January 31, 2020 the Secretary of Health and Human Services determined that a public health emergency existed and had existed since January 27, 2020, nationwide. The United States denies the remaining allegations of Paragraph 24.

25.     The United States admits that ICE issued a Memorandum on Coronavirus Disease 2019 on or about March 27, 2020, and that on April 10, 2020 ICE published its COVID-19 Pandemic Response Requirements ("PRR") Version 1.0. The United States denies the remaining allegations of Paragraph 25. Footnotes 3 and 4 to Paragraph 25 contain citations to which no response is necessary. To the extent any response is necessary, the United States admits that the links provided are valid links to government

documents, but denies the remaining allegations in the footnotes, which are Plaintiff's characterization or description of such documents.

26. The United States admits that ICE issued memoranda and revised versions of the PRR. The United States denies the remaining allegations in Paragraph 26. Footnote 5 to Paragraph 26 contains citations to which no response is necessary. To the extent any response is necessary, the United States admits that the links provided are valid links to government documents, but denies the remaining allegations in the footnote, which are Plaintiff's characterization or description of such document.

27. The United States denies the allegations in Paragraph 27. Footnote 6 to Paragraph 27 contains citations to which no response is necessary. To the extent any response is necessary, the United States admits that the links provided are valid links to government documents, but denies the remaining allegations in the footnote, which are Plaintiff's characterization or description of such document.

28. The United States denies the allegations in Paragraph 28. Footnote 7 to Paragraph 28 contains citations to which no response is necessary. To the extent any response is necessary, the United States admits that the links provided are links to a government website, but at least one of the links is not valid. The United States denies the remaining allegations in the footnote, which are Plaintiff's characterization or description of such document.

29. The allegations in Paragraph 29 are legal conclusions, to which no response is required. To the extent a response is necessary, the United States denies the allegations in Paragraph 29.

***The Adelanto Detention Center***

30. The United States admits that in 2011 ICE and the City of Adelanto entered into an Intergovernmental Service Agreement ("IGSA") to establish an immigration facility in Adelanto. The remaining allegations in Paragraph 30 are legal conclusions to which no response is required. To the extent a response is necessary, the United States denies the allegations in Paragraph 30.

6

31.     The United States denies the allegations in Paragraph 31 that are directed to the United States. The remaining allegations in Paragraph 31 are directed to Defendant GEO, to which no response is required. To the extent a response is necessary, the United States denies the remaining allegations in Paragraph 31. Footnote 8 to Paragraph 31 contains a citation to which no response is necessary. To the extent any response is necessary, the link provided is not valid and, on that basis, the United States denies the allegations and Plaintiff's characterization or description of such document.

32.     The allegations in Paragraph 32 are directed to Defendant Wellpath, to which no response is required. To the extent a response is necessary, the United States denies the remaining allegations in Paragraph 32. Footnote 9 to Paragraph 32 contains citations to which no response is necessary. To the extent any response is necessary, the United States admits that the links provided are links to third-party websites. The United States denies the remaining allegations in the footnote, which are Plaintiff's characterization or description of such documents.

33.     The United States admits that the DHS Office for Civil Rights and Civil Liberties ("CRCL") investigated the medical care at Adelanto. The United States denies the remaining allegations of Paragraph 33. Footnote 10 to Paragraph 33 contains a citation to which no response is necessary. To the extent any response is necessary, the United States admits that the link provided is a link to a third-party website. The United States denies the remaining allegations in the footnote, which are Plaintiff's characterization or description of such document.

34.     The United States admits that CRCL made recommendations to ICE. The United States denies the remaining allegations of Paragraph 34. Footnote 11 to Paragraph 34 contains a citation to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in the footnote.

35.     The United States denies the allegations of Paragraph 34. Footnote 12 to Paragraph 35 contains a citation to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in the footnote.

36.    The United States denies the allegations in Paragraph 36. Footnote 13 to Paragraph 36 contains a citation to which no response is necessary. To the extent any response is necessary, the link provided is not valid and, on that basis, the United States denies the allegations and Plaintiff's characterization or description of such document.

37.    The United States admits that the IGSA between ICE and the City of Adelanto terminated, and that ICE thereafter initiated a contract with GEO, but denies the specific timing alleged and the terminology "awarded" in Paragraph 37. Footnote 14 to Paragraph 37 contains a citation to which no response is necessary. To the extent any response is necessary, the United States admits that the link provided is a link to a third-party website. The United States denies the remaining allegations in the footnote, which are Plaintiff's characterization or description of such document.

### *Response to the COVID-19 Pandemic at the Adelanto Facility*

38.    The United States denies the allegations in Paragraph 38.

39.    The United States admits that the *Roman* Court issued a preliminary injunction on April 23, 2020. The remaining allegations of Paragraph 39 are legal conclusions, to which no response is necessary. To the extent that a response is necessary, the United States denies the remaining allegations in Paragraph 39.

40.    Paragraph 40 contains Plaintiff's characterization of the *Hernandez Roman v. Wolf* action and legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations and such are not just quotes of reported cases, the United States denies them.

41.    The United States admits that the Ninth Circuit remanded the *Roman* case to the District Court to revise the preliminary injunction. The remaining allegations of Paragraph 41 are legal conclusions, to which no response is necessary. To the extent that a response is necessary, the United States denies the allegations of Paragraph 41.

42.    Paragraph 42 contains Plaintiff's characterization of orders issued in the *Roman* action and legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them.

43.     Paragraph 43 contains Plaintiff's characterization of the *Roman* action and legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations and such are not quotes of the cited document, the United States denies them.

44.     Paragraph 44 contains Plaintiff's characterization of the *Roman* action and legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations and such are not quotes of the cited document, the United States denies them.

45.     Paragraph 45 contains Plaintiff's characterization of the *Roman* action and legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations and such are not quotes of the cited document, the United States denies them.

46.     The United States admits that on October 6, 2020, ICE reported to the *Roman* Court that certain of the detainees at Adelanto had tested positive for COVID-19. The United States denies the remaining allegations in Paragraph 46. Footnote 15 to Paragraph 46 contains a citation to which no response is necessary. To the extent any response is necessary, the United States admits that the link provided is a link to a third-party website. The United States denies the remaining allegations in the footnote, which are Plaintiff's characterization or description of such document.

47.     Paragraph 47 contains Plaintiff's characterization of the *Roman* action and legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations and such are not quotes of the cited document, the United States denies them.

48.     Paragraph 48 contains Plaintiff's characterization of the United States' actions and legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them.

***Detention Standards***

49.     The United States admits that there is a contract between ICE and GEO and

that ICE issued 2011 Performance-Based National Detention Standards ("PBNDS") and revised the same in December 2016. Footnote 16 to Paragraph 49 contains a citation to which no response is necessary. To the extent any response is necessary, the United States admits that the link provided is a link to a government website. The United States denies the remaining allegations in the footnote, which are Plaintiff's characterization or description of such document.

50. The United States denies the allegations of Paragraph 50.

51. Paragraph 51 contains legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them.

52. Paragraph 52 contains legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them.

53. Paragraph 53 contains legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them. Footnote 17 to Paragraph 53 contains a citation to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in the footnote.

54. The United States admits that the 2011 PBNDS states that CDC "guidelines for the prevention and control of infectious and communicable diseases shall be followed" and "[f]acilities shall comply with current and future plans implemented by federal, state or local authorities addressing specific public health issues." The United States denies the remaining allegations of Paragraph 54. Footnotes 18 and 19 to Paragraph 54 contain citations to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in the footnotes.

55. The United States denies the allegations in Paragraph 55, except that its partial quotation of page 261 is a correct quotation. Footnotes 20, 21, and 22 to Paragraph 55 contain citations to which no response is necessary. To the extent any

response is necessary, the United States denies the allegations in the footnotes.

56. The United States admits that the 2011 PBNDS states that "a plan is developed that provides for continuity of medical care in the event of a change in detention placement or status" and "The detainee's medical needs shall be taken into account prior to any transfer of the detainee to another facility." The United States denies the remaining allegations of Paragraph 56. Footnotes 23 and 24 to Paragraph 56 contain citations to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in the footnotes.

57. The United States denies the allegations in Paragraph 57. Footnote 25 to Paragraph 57 contains a citation to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in the footnote.

58. The United States denies the allegations in Paragraph 58. Footnote 26 to Paragraph 58 contains a citation to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in Footnote 26.

59. The United States denies the allegations in Paragraph 59, except that ICE has updated the PRR over time. Footnotes 27 and 28 to Paragraph 59 contain citations to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in Footnotes 27 and 28.

60. The United States denies the allegations in Paragraph 60. Footnote 29 to Paragraph 60 contains a citation to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in Footnote 29.

61. The United States denies the allegations in Paragraph 61. Footnotes 30, 31, and 32 to Paragraph 61 contain citations to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in Footnotes 30, 31, and 32.

62. The United States denies the allegations in Paragraph 62. Footnote 33 to Paragraph 62 contains a citation to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in Footnote 33.

63. The United States denies the allegations in Paragraph 63. Footnotes 34 and 35 to Paragraph 63 contains a citation to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in Footnotes 34 and 35.

64. The United States denies the allegations in Paragraph 64. Footnote 36 to Paragraph 64 contains a citation to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in Footnote 36.

65. The United States denies the allegations in Paragraph 65.

**_Reporting of Custodial Deaths_**

66. The United States denies the allegations in Paragraph 66. Footnote 37 to Paragraph 66 contains a citation to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in Footnote 37.

67. The United States denies the allegations in Paragraph 67. Footnote 38 to Paragraph 67 contains a citation to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in Footnote 38.

68. The United States denies the allegations in Paragraph 68. Footnote 39 to Paragraph 68 contains a citation to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in Footnote 39.

69. The United States denies the allegations in Paragraph 69.

70. The United States admits that Arellano was released from ICE custody on March 5, 2021 and that he died on March 8, 2021. The United States denies the remaining allegations in Paragraph 70.

71. The United States denies the allegations in Paragraph 71. Footnote 40 to Paragraph 71 contains citations to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in Footnote 40.

**_Mr. Vargas Arellano's Immigration History_**

72. The United States admits that Arellano is a Mexican citizen. The United States has insufficient information regarding the allegations in Paragraph 72 and on that

basis denies them.

73. The United States admits that on or about May 15, 2013, Arellano entered custody at Adelanto and DHS served him with a Notice to Appear charging him with removability pursuant to Immigration and Nationality Act (INA) section 212(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. The United States denies the remaining allegations in Paragraph 73.

74. The United States admits the allegations in Paragraph 74.

75. Paragraph 75 contains allegations that constitute legal conclusions to which no response is required. To the extent a response is necessary, the United States denies the allegations.

76. The United States admits that ICE released Arellano from custody on December 23, 2014 while his Petition for Review was pending before the Ninth Circuit. The United States denies the remaining allegations in Paragraph 76.

77. Paragraph 77 contains legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them.

78. The United States admits that the Ninth Circuit remanded Arellano's Petition for Review in 2018. The United States denies the remaining allegations in Paragraph 78.

79. The United States admits that on March 28, 2019 Arellano was placed in detention at Adelanto. The United States denies the remaining allegations in Paragraph 79.

80. Paragraph 80 contains legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them.

81. Paragraph 81 contains legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them.

82. Paragraph 82 contains legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them.

83. The United States denies the allegations in Paragraph 83.

84. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 84, and on that basis denies them.

85. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 85, and on that basis, the United States denies the allegations in Paragraph 85.

86. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 86, and on that basis, the United States denies the allegations in Paragraph 86.

### *Mr. Vargas Arellano's Detention And Requests for Release During the COVID-19 Pandemic*

87. The United States denies the allegations in Paragraph 87.

88. The United States denies the allegations in Paragraph 88.

89. The United States denies the allegations in Paragraph 89.

90. Paragraph 90 contains Plaintiff's characterization of the *Fraihat v. U.S. Immigr. & Customs Enf't*, No. EDCV191546JGBSHKX, 2020 WL 6541994, at * 12 (C.D. Cal. Oct. 7, 2020), to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them.

91. Paragraph 91 contains Plaintiff's characterization of the *Fraihat v. U.S. Immigr. & Customs Enf't*, No. EDCV191546JGBSHKX, 2020 WL 6541994, at * 12 (C.D. Cal. Oct. 7, 2020), to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them.

92. The United States admits that Arellano was a class member in *Fraihat*. The United States denies the remaining allegations in Paragraph 92.

14

93.    The United States denies the allegations in Paragraph 93.

94.    The United States denies the allegations in Paragraph 94.

95.    The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 95, and on that basis, the United States denies the allegations in Paragraph 95.

96.    The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 96, and on that basis, the United States denies the allegations in Paragraph 96.

97.    The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 97, and on that basis, the United States denies the allegations in Paragraph 97.

98.    The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 98, and on that basis, the United States denies the allegations in Paragraph 98.

99.    The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 99, and on that basis, the United States denies the allegations in Paragraph 99.

100.    The United States admits that Arellano was arrested and convicted for failing to register as a sex offender. The United States denies the remaining allegations in Paragraph 100.

101.    The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 101, and on that basis, the United States denies the allegations in Paragraph 101.

### *September COVID-19 Outbreak*

102.    The United States denies the allegations in Paragraph 102.

103.    Paragraph 103 contains Plaintiff's characterization of the *Roman* action and legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them. The United States denies

15

the remaining allegations in Paragraph 103. Footnote 41 to Paragraph 103 contains a citation to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in Footnote 41.

104. The United States denies the allegations in Paragraph 104.

105. The allegations contained in Paragraph 105 characterizing the September 29, 2020, *Roman* order are legal conclusions, to which no response is required. To the extent any response is necessary, the United States denies them. The United States admits that Arellano was tested for COVID-19 between October 6, 2020, and November 30, 2020, and his results were negative. The United States denies the remaining allegations in Paragraph 105.

106. The allegations contained in Paragraph 106 are denied as being vague and ambiguous with respect to Defendant United States.

107. The United States admits that the *Roman* court issued an order on December 3, 2020, directing the United States to file a status report regarding saturation testing. The United States denies the remaining allegations in Paragraph 107.

### *Martin Vargas Arellano's Illness: Contracting COVID-19*

108. The United States denies the allegations in Paragraph 108.

109. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 109, and on that basis, the United States denies the allegations in Paragraph 109.

110. The United States denies the allegations in Paragraph 110, and further notes that it was not a party in *Roman*. Footnote 42 to Paragraph 110 contains a citation to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in Footnote 42.

111. The United States denies the allegations in Paragraph 111.

112. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 112, and on that basis, the United States denies the allegations in Paragraph 112.

16

113. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 113, and on that basis, the United States denies the allegations in Paragraph 113.

114. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 114, and on that basis, the United States denies the allegations in Paragraph 114.

115. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 115, and on that basis, the United States denies the allegations in Paragraph 115.

116. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 116, and on that basis, the United States denies the allegations in Paragraph 116.

117. The United States admits that Arellano tested positive for COVID-19 on December 10, 2020. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's remaining allegations in Paragraph 117, and on that basis denies them.

118. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 118, and on that basis denies them.

119. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 119, and on that basis, the United States denies the allegations in Paragraph 119.

### _Martin Vargas Arellano's Illness: Health Deterioration_

120. The United States admits that Arellano was hospitalized more than once, had a stroke, and died. The United States denies the remaining allegations of Paragraph 120.

121. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 121, and on that basis, the

United States denies the allegations in Paragraph 121.

122.    The United States admits that Arellano was transferred to Providence St. Mary Medical Center and was hospitalized for several days. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's remaining allegations in Paragraph 122, and on that basis, the United States denies the allegations in Paragraph 122.

123.    The United States admits that Arellano was released from Providence St. Mary Medical Center and returned to Adelanto. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's remaining allegations in Paragraph 123, and on that basis, the United States denies the allegations in Paragraph 123.

124.    The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 124, and on that basis, the United States denies the allegations in Paragraph 124.

125.    The United States admits that Arellano was hospitalized at Providence St. Mary Medical Center. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's remaining allegations in Paragraph 125, and on that basis, the United States denies the allegations in Paragraph 125.

126.    The United States admits that Arellano was released from Providence St. Mary Medical Center and returned to Adelanto. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's remaining allegations in Paragraph 126, and on that basis, the United States denies the allegations in Paragraph 126.

127.    The United States admits that Arellano was hospitalized in February 2021. The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's remaining allegations in Paragraph 127, and on that basis, the United States denies the allegations in Paragraph 127.

128.    The United States denies the allegations in Paragraph 128.

***Martin Vargas Arellano's Death and ICE's Concealment***

129.   Paragraph 129 contains Plaintiff's characterization of the *Roman v. Wolf*, No. 5:20-cv-00768-THJ-PVC action and legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, the United States denies them, except insofar as Paragraph 129 contains a partial quotation from the Wellpath Medical Director's email cited in the Special Master's report. The United States denies the remaining allegations in Paragraph 129.

130.   The United States denies the allegations in Paragraph 130.

131.   The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 131, and on that basis, the United States denies the allegations in Paragraph 131.

132.   The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 132, and on that basis, the United States denies the allegations in Paragraph 132.

133.   The United States denies the allegations in Paragraph 133.

134.   The United States admits that Arellano died on March 8, 2021. The United States denies the remaining allegations in Paragraph 134.

135.   The United States denies the allegations in Paragraph 135.

136.   The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 136, and on that basis, the United States denies the allegations in Paragraph 136.

137.   The United States denies the allegations in Paragraph 137. Footnote 43 to Paragraph 137 contains a citation to which no response is necessary. To the extent any response is necessary, the United States denies the allegations in Footnote 43.

138.   The United States denies the allegations in Paragraph 138.

## CAUSES OF ACTION[3]

## COUNT ONE

### (Federal Tort Claims Act)

### (Negligence)

### *Defendant United States*

139.   In Paragraph 139, Plaintiff incorporates the allegations in the paragraphs above, to which no response is required. To the extent a response is required, the United States incorporates its responses to the paragraphs above.

140.   The allegations in Paragraph 140 are conclusions of law, to which no response is required. To the extent a response is required, the United States denies the allegations in Paragraph 140.

141.   The allegations in Paragraph 141 are characterizations of Plaintiff's case to which no response is required. To the extent a response is required, the United States denies the allegations in Paragraph 141.

142.   The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 142, and on that basis, the United States denies the allegations in Paragraph 142.

143.   The United States admits that ICE officials are employees of DHS, an agency of the United States. The remaining allegations in Paragraph 143 are vague and ambiguous conclusions of law as to the boilerplate statement "all relevant times" and unspecified "ICE officials." Without more specificity, the United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 143, and on that basis denies.

144.   The United States denies the allegations in Paragraph 144.

145.   The allegations in Paragraph 145 are conclusions of law, to which no

---

[3] Pursuant to Court Order dated August 13, 2024 (Dkt. 122), the Court dismissed without leave to amend Plaintiff's First, Second, Third, Fourth, and Eighth Causes of Action based on ICE's alleged failure to release Arellano Vargas or to communicate Arellano Vargas' health status.

response is required. To the extent a response is required, the United States denies the allegations in Paragraph 145.

146. The United States denies the allegations in Paragraph 146.

147. The allegations in Paragraph 147 contain legal conclusions and legal citation, to which no response is necessary. To the extent a response is necessary, the United States denies the allegations in Paragraph 147.

148. The allegations in Paragraph 148 contain legal conclusions and legal citation, to which no response is necessary. To the extent a response is necessary, the United States denies the allegations in Paragraph 148.

149. The allegations in Paragraph 149 contain legal conclusions and legal citation, to which no response is necessary. To the extent a response is necessary, the United States denies the allegations in Paragraph 149.

150. The allegations in Paragraph 150 contain legal conclusions and legal citation, to which no response is necessary. To the extent a response is necessary, the United States denies the allegations in Paragraph 150.

151. The allegations in Paragraph 151 including subparts a-e contain legal conclusions, to which no response is necessary. To the extent a response is necessary, the United States denies the allegations in Paragraph 151.

152. The allegations in Paragraph 152 contain legal conclusions, to which no response is necessary. To the extent a response is necessary, the United States denies the allegations in Paragraph 152.

153. The allegations in Paragraph 153 contain legal conclusions, to which no response is necessary. To the extent a response is necessary, the United States denies the allegations in Paragraph 153.

## COUNT TWO[4]

### (Federal Tort Claims Act)

### (Negligent Infliction of Emotional Distress)

### *Defendant United States*

154.   In Paragraph 154, Plaintiff incorporates the allegations in the paragraphs above, to which no response is required. To the extent a response is required, the United States incorporates its responses to the paragraphs above.

155.   The allegations in Paragraph 155 are conclusions of law, to which no response is required. To the extent a response is required, the United States denies the allegations in Paragraph 155.

156.   The allegations in Paragraph 156 are characterizations of Plaintiff's case to which no response is required. To the extent a response is required, the United States denies the allegations in Paragraph 156.

157.   The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 157, and on that basis, the United States denies the allegations in Paragraph 157.

158.   The United States admits that ICE officials are employees of DHS, an agency of the United States. The remaining allegations in Paragraph 158 are vague and ambiguous conclusions of law as to the boilerplate statement "all relevant times" and unspecified "ICE officials." Without more specificity, the United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 158, and on that basis denies them..

159.   The United States denies the allegations in Paragraph 159.

160.   The allegations in Paragraph 160 are conclusions of law, to which no response is required. To the extent a response is required, the United States refers to

[4] Pursuant to Court Order dated August 13, 2024 (Dkt. 122), the Court dismissed without leave to amend Plaintiff's First, Second, Third, Fourth, and Eighth Causes of Action based on ICE's alleged failure to release Arellano Vargas or to communicate Arellano Vargas' health status.

California law on the negligent inflict of emotional distress.

161. The allegations in Paragraph 161 including subparts a-e contain legal conclusions, to which no response is necessary. To the extent a response is necessary, the United States denies the allegations in Paragraph 161.

162. The allegations in Paragraph 162 contain legal conclusions, to which no response is necessary. To the extent a response is necessary, the United States denies the allegations in Paragraph 162.

163. The allegations in Paragraph 163 contain legal conclusions, to which no response is necessary. To the extent a response is necessary, the United States denies the allegations in Paragraph 163.

164. The allegations in Paragraph 164 contain legal conclusions, to which no response is necessary. To the extent a response is necessary, the United States denies the allegations in Paragraph 164.

165. The allegations in Paragraph 165 contain legal conclusions, to which no response is necessary. To the extent a response is necessary, the United States denies the allegations in Paragraph 165.

## COUNT THREE[5]

### (Federal Tort Claims Act)

### (Intentional Infliction of Emotional Distress)

### *Defendant United States*

166. In Paragraph 166, Plaintiff incorporates the allegations in the paragraphs above, to which no response is required. To the extent a response is required, the United States incorporates its responses to the paragraphs above.

167. The allegations in Paragraph 167 are conclusions of law, to which no response is required. To the extent a response is required, the United States denies the

---

[5] Pursuant to Court Order dated August 13, 2024 (Dkt. 122), the Court dismissed without leave to amend Plaintiff's First, Second, Third, Fourth, and Eighth Causes of Action based on ICE's alleged failure to release Arellano Vargas or to communicate Arellano Vargas' health status.

allegations in Paragraph 167.

168.   The allegations in Paragraph 168 are characterizations of Plaintiff's case to which no response is required. To the extent a response is required, the United States denies the allegations in Paragraph 168.

169.   The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 169, and on that basis, the United States denies the allegations in Paragraph 169.

170.   The United States admits that ICE officials are employees of DHS, an agency of the United States. The remaining allegations in Paragraph 170 are vague and ambiguous conclusions of law as to the boilerplate statement "all relevant times" and unspecified "ICE officials." Without more specificity, the United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 170, and on that basis denies them.

171.   The United States denies the allegations in Paragraph 171.

172.   The allegations in Paragraph 172 are conclusions of law, to which no response is required. To the extent a response is required, the United States refers to California law on the intentional infliction of emotional distress.

173.   The allegations in Paragraph 173 contain legal conclusions, to which no response is necessary. To the extent a response is necessary, the United States denies the allegations in Paragraph 173.

174.   The United States denies the allegations in Paragraph 174.

175.   The allegations in Paragraph 175 contain legal conclusions, to which no response is necessary. To the extent a response is necessary, the United States denies the allegations in Paragraph 175.

176.   The United States denies the allegations in Paragraph 176.

177.   The allegations in Paragraph 177 contain legal conclusions, to which no response is necessary. To the extent a response is necessary, the United States denies the allegations in Paragraph 177.

## COUNT FOUR[6]

### (Federal Tort Claims Act)

### (False Arrest/Imprisonment)

### *Defendant United States*

178.   In Paragraph 177, Plaintiff incorporates the allegations in the paragraphs above, to which no response is required. To the extent a response is required, the United States incorporates its responses to the paragraphs above.

179.   The allegations in Paragraph 179 are conclusions of law, to which no response is required. To the extent a response is required, the United States denies the allegations in Paragraph 179.

180.   The allegations in Paragraph 180 are characterizations of Plaintiff's case to which no response is required. To the extent a response is required, the United States denies the allegations in Paragraph 180.

181.   The United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 181, and on that basis, the United States denies the allegations in Paragraph 181.

182.   The United States admits that ICE officials are employees of DHS, an agency of the United States. The remaining allegations in Paragraph 182 are vague and ambiguous conclusions of law as to the boilerplate statement "all relevant times" and unspecified "ICE officials." Without more specificity, the United States lacks sufficient knowledge or information to form a belief as to the veracity of Plaintiff's allegations in Paragraph 182, and on that basis denies them.

183.   The allegations in Paragraph 183 are conclusions of law, to which no response is required. To the extent a response is required, the United States denies the allegations in Paragraph 183. Footnote 44 to Paragraph 183 contains conclusions of law,

---

[6] Pursuant to Court Order dated August 13, 2024 (Dkt. 122), the Court dismissed without leave to amend Plaintiff's First, Second, Third, Fourth, and Eighth Causes of Action based on ICE's alleged failure to release Arellano Vargas or to communicate Arellano Vargas' health status.

to which no response is required. To the extent a response is required, the United States denies the allegations in Footnote 44.

184.    The allegations in Paragraph 184 are conclusions of law, to which no response is required. To the extent a response is required, the United States denies the allegations in Paragraph 184.

185.    The allegations in Paragraph 185 are conclusions of law, to which no response is required. To the extent a response is required, the United States denies the allegations in Paragraph 185.

186.    The allegations in Paragraph 186 are conclusions of law, to which no response is required. To the extent a response is required, the United States denies the allegations in Paragraph 186.

187.    The allegations in Paragraph 187 are conclusions of law, to which no response is required. To the extent a response is required, the United States denies the allegations in Paragraph 187.

## COUNT FIVE

### (Violation of Detention Standards)

### *Defendants Wellpath and GEO*

188.    The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 188. To the extent a response is required, the United States incorporates its responses to the paragraphs above.

189.    The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 189. To the extent a response is required, the United States denies the allegations in Paragraph 189.

190.    The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 190. To the extent a response is required, the United States denies the allegations in Paragraph 190.

191.    The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 191. To the extent a response is

26

required, the United States denies the allegations in Paragraph 191.

192.   The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 192. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 192.

193.   The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 193. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 193.

194.   The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 194. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 194.

195.   The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 195. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 195.

196.   The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 196. To the extent a response is required, the United States denies the allegations in Paragraph 196.

**<u>COUNT SIX</u>**

**(Negligence)**

***Defendants Wellpath and GEO***

197.   The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 209. To the extent a response is required, the United States incorporates its responses to the paragraphs above.

198.   The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 198. To the extent a response is

required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 198.

199. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 199. To the extent a response is required, the United States denies the allegations in Paragraph 199.

200. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 200. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 200.

201. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 201. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 201.

202. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 202. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 202.

203. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 203. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 203.

204. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 204. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 204.

205. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 205. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United

States denies the allegations in Paragraph 205.

206. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 206. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 206.

207. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 207. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 207.

208. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 208. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 208.

## COUNT SEVEN

### (Negligent Infliction of Emotional Distress)

### *Defendants Wellpath and GEO*

209. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 209. To the extent a response is required, the United States incorporates its responses to the paragraphs above.

210. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 210. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 210.

211. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 211. To the extent a response is required, the United States denies the allegations in Paragraph 211.

212. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 212. To the extent a response is

required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 212.

213. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 213. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 213.

214. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 214. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 214.

215. The United States is not a party to this cause of action and does not need to state any response to the allegations in Paragraph 215. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 215.

## COUNT EIGHT[7]

### (Wrongful Death)

### *All Defendants*

216. In Paragraph 216, Plaintiff incorporates the allegations in the paragraphs above, to which no response is required. To the extent a response is required, the United States incorporates its responses to the paragraphs above.

217. The allegations in Paragraph 217 constitute legal conclusions to which no response is required. To the extent a response is required and the allegations are not a conclusion of law or citation of law, the United States denies the allegations in Paragraph 217.

218. The United States denies the allegations in Paragraph 218.

---

[7] Pursuant to Court Order dated August 13, 2024 (Dkt. 122), the Court dismissed without leave to amend Plaintiff's First, Second, Third, Fourth, and Eighth Causes of Action based on ICE's alleged failure to release Arellano Vargas or to communicate Arellano Vargas' health status.

219. The United States denies the allegations in Paragraph 219.

## PRAYER FOR RELIEF

The allegations contained in Plaintiff's Prayer for Relief, including subparts (1) through (3), constitute Plaintiff's prayer for relief to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief at all.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's recovery from the United States, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is prohibited from claiming or recovering an amount in excess of that set forth in his administrative tort claim presented to the United States and is further prohibited from maintaining any type of claim not presented therein. 28 U.S.C. § 2675(b).

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are barred by 28 U.S.C. § 2675(a), they must be dismissed.

### FOURTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is subject to the availability of appropriated funds. *See* 42 U.S.C. § 233(k).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a trial by jury with respect to any tort claim against Defendant the United States of America. 28 U.S.C. § 2402.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages alleged in the complaint were not in fact caused by, proximately caused by, or contributed to by any negligent or wrongful act or omission of any employee of Defendant the United States of America. 28 U.S.C.

31

§1346(b).

## SEVENTH AFFIRMATIVE DEFENSE

Any fault of Defendant the United States of America, which fault is denied, is not the cause in fact or proximate cause of any alleged damages suffered by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant the United States of America is not liable for any pre-existing, intervening, or superseding occurrences which caused, compounded, or created Plaintiff's alleged injuries, losses, or damages.

## NINTH AFFIRMATIVE DEFENSE

In the event that the superseding and intervening negligence or misconduct of Plaintiff or third parties broke any causal connection between Defendant the United States of America's alleged acts and Plaintiff's alleged injuries, Defendant the United States of America cannot be held liable.

## TENTH AFFIRMATIVE DEFENSE

Defendant the United States of America, through its employees, agents, and servants, acted with due care and diligence at all relevant times and violated no duty that was owed to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The allegedly negligent or wrongful acts and omissions were those of an employee whose conduct was controlled by a third-party and not Defendant the United States of America.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff alleges negligence or fault on the part of anyone who is not an employee of Defendant the United States of America acting within the scope of their employment, or who were contractors, this Court lacks jurisdiction over the United States. 28 U.S.C. § 2671.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claims are subject to the discretionary function

exception to Federal Tort Claims Act liability set forth in 28 U.S.C. § 2680(a), they are barred.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendant the United States of America is not liable for attorneys' fees except as provided for by the Federal Tort Claims Act and such amount must be taken out of any judgment or settlement. 28 U.S.C. § 2678.

FIFTEENTH AFFIRMATIVE DEFENSE

Defendant the United States of America is not liable for prejudgment or post judgment interest or for punitive damages. 28 U.S.C. § 2674; 31 U.S.C. § 1304.

SIXTEENTH AFFIRMATIVE DEFENSE

In the event that the negligent or wrongful acts or omissions of Plaintiff and/or third parties was the cause of or contributed to Plaintiff's alleged injuries and/or damages sustained, any recovery by Plaintiff must be proportionally reduced.

SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's alleged damages were caused in whole or in part by the negligence of parties other than Defendant the United States of America, and should the United States be found in any way liable in this matter, the United States' liability for the plaintiff's non-economic damages should be allocated to the United States in proportion to the United States' percentage of fault, if any.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's losses and/or damages, if any, must be reduced in whole or in part to the extent Plaintiff assumed the risk of the harm alleges.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's losses and damages, if any, must be offset to the extent Plaintiff's losses have been paid or may be eligible for payment by Defendant the United States of America or others.

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused by his own actions or omissions, including

33

his failure to exercise ordinary, reasonable care for his own safety.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant the United States of America is not liable for any injuries or damages that Plaintiff failed to reasonably mitigate.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is offset by those benefits provided to Plaintiff by Defendant the United States of America or funded by Defendant the United States of America through another entity.

TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent the Plaintiff's claims are barred by the statute of limitations, they must be dismissed.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead such additional defenses as may become known through investigation, discovery, research, or otherwise.

WHEREFORE, Defendant the United States of America prays for judgment as follows:

1. Denying all relief sought in the SAC and dismissing the SAC on the merits, in its entirety, and with prejudice;

2. Awarding Defendant the United States its costs and expenses incurred in defending this action; and

3. Granting Defendant the United States such other and further relief as the Court may deem just and proper.

34

Dated: August 30, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, Complex and Defensive Litigation
Section


        */s/ Shaina C. St John*
SHAINA C. ST JOHN
ERIN CHOI
Assistant United States Attorneys

Attorneys for Defendant
the United States of America