UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | September 4, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Clerk | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiff: Attorneys Present for Defendant:
None None

**Proceedings:** **(In Chambers) Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Defendant United States of America's Further Responses [111]**

## I. INTRODUCTION

On June 18, 2024, plaintiff Martin Vargas filed a motion to compel defendant United States of America to produce further responses to his requests for production of documents ("RFPs") and to pay sanctions. Docket no. 111. The parties' positions as of the initial filing of the motion are set forth in a joint stipulation ("JS"). Plaintiff's arguments are supported by the declaration of his counsel Khaled Alrabe ("Alrabe Decl. 1") and exhibits. Defendant USA's arguments are supported by the declaration of its counsel Shaina C. St John ("St John Decl. 1") and exhibits. Plaintiff filed a supplemental memorandum on July 2, 2024, supported by the supplemental declaration of his counsel ("Alrabe Decl. 2") and exhibit. Docket no. 116.

The court held a hearing on the motion on July 16, 2024. The court determined the parties had not yet fully met and conferred regarding the issues in dispute, and therefore ordered them to meet and confer thoroughly and then submit supplemental briefing regarding any remaining disputes.

Both parties submitted their supplemental briefing on August 16, 2024 as ordered. Plaintiff filed a supplemental brief in support of his motion, supported by another declaration of his counsel ("Alrabe Decl. 3") and exhibits. Docket no. 123. Plaintiff also submitted a sealed filing without redactions. Docket no. 124. USA filed a supplemental

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | September 4, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

brief in opposition to the motion, supported by a further declaration of its counsel ("St John Decl. 2") and exhibits. Docket no. 125.

After considering the parties' arguments regarding the disputes that remain, and for the reasons discussed below, the court now grants in part and denies in part plaintiff's motion to compel.

## II. BACKGROUND

### A.  General Background

Plaintiff Martin Vargas is the son of decedent Martin Vargas Arellano, who died after contracting Covid-19 in the custody of U.S. Immigration and Customs Enforcement ("ICE") – an agency of defendant United States of America – at the Adelanto ICE Processing Center ("Adelanto"). Second Amended Complaint ("SAC") ¶¶ 1-3, 143, 158, 170, 182. Defendant GEO Group was contracted to manage operations at Adelanto and subcontracted with defendant Wellpath, LLC to provide detainees health care. SAC ¶ 2.

Decedent tested positive for Covid-19 on December 10, 2020. SAC ¶ 8. He was hospitalized for Covid-19 symptoms on December 11, 2020, January 26, 2021, and February 17, 2021. SAC ¶¶ 121, 125, 127. On February 19, 2021, a Wellpath medical director sent an ICE medical coordinator an email stating that decedent was at risk of "sudden death" from "multiple ailments . . . in the wake of COVID-19 infection." SAC ¶ 129. ICE then initiated a plan to release decedent. SAC ¶ 130. Before any release occurred, on or about February 26, 2021, decedent suffered a stroke that caused brain death. SAC ¶ 132. On March 5, 2021, decedent was supposedly released on his own recognizance while in the hospital, although he was comatose and brain dead. SAC ¶ 133. His family was not informed of his medical condition or release. *Id.* Decedent died on March 8, 2021. SAC ¶ 134.

Decedent was a class member in two lawsuits that obligated ICE to slow the spread of Covid-19 in detention facilities, including *Roman v. Wolf*, No. 5:20-cv-00768-THJ-PVC, in which ICE was ordered to reduce Adelanto's population by releasing certain groups of detainees at high risk of Covid-19. JS at 2. The *Roman* Special Master, Patrick

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | September 4, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

Walsh, determined decedent likely contracted Covid-19 from a Wellpath medical provider who examined him on November 29, 2020. *See* SAC ¶ 8.

**B.      Relevant Discovery Background**

On June 2, 2023, plaintiff served his first set of RFPs (Nos. 1-23) on defendant USA. Alrabe Decl. 1 ¶ 3, Ex. A; St John Decl. 1 ¶ 2. USA served its responses on July 14, 2023 (Alrabe Decl. 1 ¶ 5) or August 3, 2024 (St John Decl. 1 ¶ 4).

From August to November 2023, the parties corresponded about deficiencies in USA's responses to certain of plaintiff's discovery requests. *See* Alrabe Decl. 1 ¶¶ 10-20. On September 28, 2023, USA stated that production was ongoing and additional documents were forthcoming. Alrabe Decl. 1, Ex. K. Plaintiff subsequently received two further document productions from USA but other documents remained outstanding. Alrabe Decl. 1, Ex. L at 1.

On November 7, 2023, plaintiff sent USA a letter inquiring into the status of USA's document production. Alrabe Decl. 1, Ex. L. USA responded the next day that it was processing the documents, which included "the result of an ESI search for documents relating to Martin Vargas Arellano and/or his A number," and would produce them as soon as possible. Alrabe Decl. 1, Ex. M.

On January 4, 2024, plaintiff served his third set of RFPs (Nos. 30-38) on USA. Alrabe Decl. 1 ¶ 8, Ex. C. On February 2, 2024, USA served its responses to plaintiff's third set of RFPs. Alrabe Decl. 1 ¶ 9.

Meanwhile, also on January 4, 2024, plaintiff sent USA another letter regarding its outstanding responses to his first set of RFPs. Alrabe Decl. 1, Ex. N. Plaintiff stated:

> It has now been almost two months, and USA has yet to produce any documents from its ESI search, let alone provide Plaintiff any information regarding when its production would be forthcoming. This is unacceptable. Please identify to Plaintiff by a week from the date of this letter the following information: (1) the number of documents USA identified in its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | September 4, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

> ESI search, (2) ESI search terms it used to retrieve responsive documents, (3) the locations where it searched for responsive documents (e.g. names of email custodians, file servers and associated file folders, other document databases, etc.), and (4) a timeframe for when it will begin producing documents and when it will complete its production.
>
> Furthermore, to ensure USA's search for ESI documents is capturing all responsive information, Plaintiff is attaching as Exhibit A to this letter a list of search terms, custodians and locations it believes USA should utilize in conducting an adequate ESI search.  To the extent USA will not use these search parameters, please explain why its search remains adequate without using them.

Alrabe Decl. 1, Ex. N at 1.  Exhibit A to the letter consisted of nineteen groups of search terms, as well as seven search locations (e.g. "Email Systems" and "Detainee Files") and thirteen search custodians.  *Id.* at 5-6.

On January 11, 2024, USA sent plaintiff a letter stating that plaintiff's proposed search terms were overly broad, clarifying the scope of USA's ESI search, and stating that USA would complete its document production as soon as possible.  Alrabe Decl. 1, Ex. O at 1-3.  From February to March 2024, the parties exchanged correspondence about their disputes.  *See* Alrabe Decl. 1, Exs. T-Y.  In a letter dated February 21, 2024, USA requested that plaintiff identify in writing:

> (1) each new search term you propose; (2) the RFP to which you contend each proposed new search term will identify responsive documents; (3) an explanation of how the RFP seeks ESI; (4) an explanation of why any relevant documentation was not already reasonably sought by the ESI searches already agreed upon; and (5) an explanation of the relevance of the sought information to Plaintiff's pending claim(s).

Alrabe Decl. 1, Ex. U at 5.  The parties met and conferred on March 22, 2024, after which plaintiff determined no motion to compel was then necessary.  *See* Alrabe Decl. 1, Ex. AA at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | September 4, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

On May 9, 2024, plaintiff sent USA a letter renewing disputes regarding USA's discovery responses, including to some of the RFPs at issue in this motion (RFP Nos. 4, 19, 20, 21, 30, 31). *See* Alrabe Decl. 1, Ex. Z. USA responded by letter on May 16, 2024. Alrabe Decl. 1, Ex. AA. The parties met and conferred about their disputes on May 20, 2024, but did not come to any agreements. Alrabe Decl. 1 ¶ 39; St John Decl. 1 ¶¶ 5-9.

Plaintiff filed the instant motion on June 18, 2024, seeking an order compelling USA to provide further responses to RFP Nos. 4, 19, 20, 21, 22, 30, 31, 35, and 36 and to pay sanctions. At the July 16, 2024 hearing on the motion, the court determined the parties had not yet adequately met and conferred and so ordered them to do so.

On July 26, 2024, USA sent a letter explaining the terms and procedures it had already used to search for documents. Alrabe Decl. 3, Ex. A; St John Decl. 2, Ex. B. Plaintiff responded on July 30, 2024, asking for clarification about the searches conducted, and proposing search terms, time frames, and custodians for five "preliminary searches" pending further explanation from USA as to the searches conducted. Alrabe Decl. 3, Ex. B; St John Decl. 2, Ex. C.

The parties met and conferred on August 1, 2024, with both sides agreeing that USA proposed revisions to each of plaintiff's proposed searches. Alrabe Decl. 3 ¶ 5; St John Decl. 2 ¶¶ 6, 8. Plaintiff maintains he stated he would consider USA's position, but complains that USA refused to discuss plaintiff's request for clarification about the searches already conducted. Alrabe Decl. 3 ¶ 5. USA contends plaintiff refused each offer of compromise on the proposed searches, and that it informed plaintiff no further clarification on past searches was required, except that USA would identify where plaintiff's proposed searches overlapped with searches already conducted, which it did as to proposed Search Two. St John Decl. ¶¶ 6-7, 9.

Plaintiff sent a letter on August 7, 2024 that revised the searches it previously proposed, both narrowing them in some respects in light of USA's proposed compromises, and expanding them in far greater respect given USA's refusal to clarify the searches already conducted. Alrabe Decl. 3, Ex. C; St John Decl. 2, Ex. D. USA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | September 4, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

responded two days later, maintaining it had provided all the information required by the court's order in its July 26 letter, and arguing that plaintiff's proposed expansion of the searches following the August 1 meet and confer was improper and in bad faith. Alrabe Decl. 3, Ex. D; St John Decl. 2, Ex. E. USA also addressed plaintiff's revised proposed searches. *Id.* The parties sent additional letters confirming their positions on August 13 and 14, 2024. Alrabe Decl. 3, Exs. E, F; St John Decl. 2, Exs. F, G.

Having clarified but not entirely resolved their disputes, the parties filed supplemental briefs on August 16, 2024. The discovery cutoff is November 1, 2024. Docket no. 115.

## III. DISCUSSION

As an initial matter, the court finds both parties were somewhat at fault for plaintiff's late expansion of the searches it proposes. USA was largely compliant with the court's order when it sent its July 26 letter explaining the searches it had already conducted. Nonetheless, there was no reason it should not have answered plaintiff's requests for clarification set forth in plaintiff's July 30 letter. Meanwhile, plaintiff made clear in his July 30 letter he was reserving his right to modify the searches he proposed based on the information USA provided in response to his requests for clarification. But after not receiving the requested clarifications, plaintiff's expansion of the searches he proposed went far beyond – and seems largely unrelated to – what might reasonably be expected in response to the lack of clarification. The court considers plaintiff's proposed searches in their entirety, as expanded, but does so with an eye to whether the expansions were truly warranted.

Following their additional meet and confer efforts, what remains are disputes about five proposed searches for ESI responsive to RFPs 4, 19-21, 31, and 35, plus a request for USA to change its production format. The requests at issue call for documents generally relating to: training and disciplinary records and reviews of employees or contractors at Adelanto ICE Processing Center who had contact with or were responsible for decedent Martin Vargas Arellano (RFP No. 4); detention standards and compliance with those standards (RFP No. 19); policies, protocols, rules and other materials relating to any person's role in deciding to release sick detainees from ICE custody (RFP No. 20);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | September 4, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

complaints about detention conditions at Adelanto (RFP No. 21); contract tracing conducted to assess how anyone present at Adelanto could have contracted Covid-19, including policies and materials concerning contract tracing (RFP No. 31); and what Personal Protective Equipment ("PPE") anyone at Adelanto was required to wear to prevent spread of Covid-19 (RFP No. 35).

## A.    Legal Standard

Rule 26(b) allows a party to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).  To be relevant, the information sought "need not be admissible in evidence"; however, it must be "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  In determining the needs of the case, the court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  *Id.*

## B.    Proposed Search One

With proposed Search One, plaintiff seeks documents responsive to RFP Nos. 19 and 21 that he believes are still outstanding, namely, internal communications by USA that concern the *Roman* Special Master's investigation of decedent's death.  Plaintiff proposes that records of 22 custodians be searched for the time period from March 23 to August 8, 2021, using the terms:
- ■ "Special Master" or "Hon. Patrick J. Walsh" or "Patrick J. Walsh" or "Patrick Walsh" or "Judge Walsh"
- ■ "Mr. Vargas"

Plaintiff argues he is entitled to the discussions USA had to arrive at its position in *Roman*, including how decedent contracted Covid-19; that such communications are relevant to plaintiff's negligence claim, including defendants' failures to adhere to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | September 4, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

policies, orders, and standards; and that a search for "Mr. Vargas" is needed because his A-number was often not used in relation to the special master's investigation.

USA opposes this search in its entirety. It argues this case is not a re-litigation of the *Roman* class action, and that it has already produced all potentially relevant documents by searching for and producing decedent's name variants, discovery from *Roman* related to decedent, and all submissions to the *Roman* special master regarding decedent. USA also points out that the documents plaintiff seeks would appear to be largely communications protected by the attorney-client privilege.

That a search may be likely to result in privileged communications is not a reason to disallow it, however, this issue touches on the relevance of what plaintiff seeks here. By seeking all communications about the *Roman* litigation, plaintiff appears to be straying well beyond what is reasonably discoverable in this case. RFP Nos. 19 and 21 concern detention standards and compliance therewith, not discussions about how to respond to the *Roman* lawsuit. There is no question that the findings made in the *Roman* case, and the basis for those findings, are relevant to this case, but those materials have at least largely been produced. The additional searches plaintiff seeks here are not proportional to the needs of the case.

As such, plaintiff's proposed Search One is denied.

### C. Proposed Search Two

Plaintiff's proposed Search Two also seeks documents responsive to RFP No. 19, specifically, communications related to contract discrepancy reports or bi-weekly spot-checks mandated by ICE's Covid-19 Pandemic Response Requirements. Plaintiff proposes that records of 34 custodians – 22 plaintiff proposed on July 30, plus 12 more plaintiff proposed on August 7 from the DHS Office for Civil Rights and Civil Liberties ("CRCL") or Office of Inspector General ("OIG") – be searched for the time period from September 1, 2020 to April 1, 2021, using the terms:
- ■ "spot check" or "spotcheck"
- ■ "contract discrepancy report" or "CDR"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | September 4, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

- "COVID-19 facility checklist" or "covid facility checklist" or covid /3 "facility checklist"
- "mask" or "facemask" or "face covering"
- "social distancing"

For the custodians who are CRCL or OIG staff, plaintiff proposes adding the term "Adelanto" to limit hits. Plaintiff argues these custodians are properly added to the list to be searched because they were involved in investigations of detention standards in Adelanto and made relevant findings.

USA agrees to most of this proposed search, except that: it instead proposes a time period of October 1, 2020 to April 30, 2021; it seems to want the "Adelanto" limitation added to all the searches; and it objects to the search for "mask" or "facemask" or "face covering." USA also does not agree to search the 12 CRCL or OIG custodians because this effectively seeks communications regarding investigations into complaints about conditions that were used to make policy recommendations, which are shielded by the deliberate process privilege, and because plaintiff never requested discovery into such communications until after the August 1 meet and confer. USA argues there is no reason that searches for the broad "mask" terms should be expected to find communications regarding contract discrepancy reports or spot-checks not found through the other more focused searches. USA also objects to plaintiff's proposed time frame, although it has proposed a time frame extending one month after what plaintiff proposes.

The addition of the 12 specific CRCL and OIG custodians was somewhat untimely as discussed above, but it is not true that plaintiff never requested discovery about CRCL or OIG investigations until after the August 1 meet and confer. Such discovery is fairly responsive to RFP No. 19 (calling for documents relating to detention standards and compliance with such standards), and plaintiff specifically requested searches of unspecified CRCL and OIG custodians for documents responsive to RFP No. 19 in his July 30 letter, albeit with proposed Search Five rather than Search Two. *See* Alrabe Decl. 3, Ex. B at 6-7; St John Decl. 2, Ex. C at 6-7. Further, plaintiff has convincingly demonstrated these custodians are relevant sources whose records should be searched. Although some of the hits may be documents protected by the deliberative process privilege, that is no reason not to perform the search when there are likely to be hits on documents not protected.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | September 4, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

The court agrees with USA that to run searches for "mask" or "facemask" or "face covering" is overbroad and not reasonably calculated to find communications related to CDRs or spot-checks; and nor is it necessary given the more targeted search terms the parties agree to. The court also agrees with USA that there is no reason not to add the "Adelanto" limitation to all the searches. Finally, although the time frames the parties propose are very close, the court agrees with plaintiff that the time frame should properly begin September 1, 2020, since there was a Covid-19 outbreak and OIG investigation in September.

Accordingly, plaintiff's proposed Search Two is granted as plaintiff proposes, except: there shall be no search for "mask" or "facemask" or "face covering"; and the limiting term "Adelanto" shall be included in all the searches.

### D. Proposed Search Three

Plaintiff's proposed Search Three seeks documents responsive to RFP Nos. 31 and 35, specifically, communications regarding contact tracing and how decedent contracted Covid-19. Plaintiff proposes that records of 22 custodians from the time period September 1, 2020 to August 1, 2021 be searched, using the terms:
- "Norma Penaloza" or "N. Penaloza" or "RN Penaloza" or Penaloza, RN"
- "contact tracing"
- "Personal Protective Equipment" or "PPE"

Plaintiff seeks a search over this broad time period so the search will run from the beginning of the facility's Covid outbreak in September 2020 to just after the issuance of the *Roman* Special Master's report in July 2021.

USA largely agrees to this proposal, but with the limiting term "Adelanto" added, and with the time period narrowed to October 1 to December 31, 2020.

The court agrees with plaintiff that the time period searched should start on September 1, 2020. But he only reason for the search time period to stretch late into 2021 is to try to uncover communications about the *Roman* Special Master's investigation, rather than communications about contract tracing and PPE used relevant to decedent's contraction of Covid-19, which are the actual subjects of RFP Nos. 31 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | September 4, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

35. As discussed above, the relevance of the *Roman* investigation has limits in this case. Decedent here contracted Covid-19 in or shortly before December 2020 and died in March 2021. Relevant contract tracing in the wake of decedent's death should have concluded by May 2021 at the latest.

As such, plaintiff's proposed Search Three is granted as plaintiff proposes, except: the limiting term "Adelanto" shall be included in all the searches; and it shall be limited to the period from September 1, 2020 to June 1, 2021.

**E.      Proposed Search Four**

With proposed Search Four, plaintiff seeks more documents responsive to RFP No. 19, this time annual inspection reports, biweekly inspection reports, contract discrepancy reports, AIPC Weekly Compliance Reports, or quality assurance surveillance forms from prior to November 28, 2020 and from after March 8, 2021. Plaintiff defers to USA as to how to conduct this search, and USA agrees to this.

The only dispute concerns the time frame. Plaintiff proposes September 1, 2020 to April 1, 2021. USA proposes September 1, 2020 to November 28, 2020. USA states it has already produced documents from November 28, 2020 through March 8, 2021, and any reports after March 8, 2021(the date of decedent's death) are not relevant and could only relate to subsequent remedial measures. In its supplemental brief, USA does not address plaintiff's assertion that it has not yet searched for AIPC Weekly Compliance Reports. In its August 14 letter, USA states it "agreed to search for AIPC Weekly Compliance Reports for the time period September 1, 2020 to March 8, 2021," leaving it unclear whether USA has already conducted this search or not. *See* St John Decl. 2, Ex. G.

The court agrees with plaintiff that reports from the brief time frame of March 8 to April 1, 2021 will not necessarily concern only subsequent remedial measures, since this period follows so closely on the heels of decedent's death, and nor is discovery of subsequent remedial measures prohibited. *See Dupree v. County of Los Angeles*, 2010 WL 11597454, at *8 (C.D. Cal. Feb. 3, 2010). Further, to the extent USA has not already searched for AIPC Weekly Compliance Reports, it must do so, as it agreed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | September 4, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

Accordingly, plaintiff's proposed Search Four is granted in its entirety; however, USA is not required to repeat searches it has already conducted.

### F. Proposed Search Five

Plaintiff's proposed Search Five calls for plaintiff to search for documents responsive to RFP Nos. 4, 19, and 20, specifically, responsive communications related to decedent that are stored with custodians whose records have not previously been searched.  Plaintiff proposes that records of 18 custodians – 6 whom plaintiff specifically proposed on July 30, plus the same 12 additional CRCL and OIG custodians plaintiff proposed on August 7 with respect to Search Two as well – be searched for the time period from September 1, 2020 to August 1, 2021, using the terms:
- "Martin Vargas Arellano" or "Vargas-Arellano" or Martin /3 (Vargas OR Arellano)
- [variations on decedent's A-number]
- MVA
- "Mr. Vargas"
- Email address used by Wendy Still in connection with work she did for CRCL Report (USA to provide)
- Email address used by Diane Skipworth in connection with work she did for CRCL Report (USA to provide)
- Email addresses of three other subject matter experts who examined Adelanto's medical care, mental health care, and conditions of detention referenced in the Diane Skipworth report (USA943022) (USA to provide)

Plaintiff seeks communications related to decedent from these custodians because they conducted investigations into Adelanto's compliance with Covid-19 mandates at critical times relevant to this case, with CRCL specifically conducting such investigation into decedent's death.

USA opposes searching the records of the 12 additional CRCL and OIG custodians for the same reasons discussed with respect to proposed Search Two.  For the same reason stated above, the court disagrees and will order a search of those custodians' records.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | September 4, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

In the meet and confer correspondence USA also indicated objection to some of the proposed search terms, but in its supplemental brief it only references its objection to using the CRCL email addresses as search terms. It did not elaborate much on that objection in its correspondence, largely just stating such a search would be "untenable." *See* St John Decl. 2, Ex. E at 7. Nonetheless, the court agrees. Plaintiff is essentially asking USA to search for every email sent to or from these CRCL custodians, regardless of subject. This is grossly overbroad and disproportionate to the needs of the case.

Accordingly, plaintiff's proposed Search Five is granted, except: the email addresses used by Wendy Still, Diane Skipworth, and the three other subject matter experts shall be excluded as search terms; and when the search terms MVA and "Mr. Vargas" are used, they shall be accompanied by "Adelanto" as an additional limiting search term.

## G.     Production Format Modification

Plaintiff additionally requests that USA produce its search results in native format with a load file, arguing that this is the most usable format and USA produced documents in the *Roman* case in this fashion. USA opposes this request. First, it notes that it, like plaintiff, has produced all the other documents in this case in pdf format. Second, this is a matter plaintiff only raised during the August 1 meet and confer; it was not a part of the initial motion filed here. And third, USA correctly points out that USA in fact was not a party to the *Roman* case; instead, the *Roman* defendants were certain federal officials. *See, e.g.,* Alrabe Decl. 3, Ex. G. How much difference this makes to USA's ability to alter its production format here is unclear.

At any rate, the court will not order USA to change its production format in response to this late-raised request. USA states it is willing to look into producing a particular document in an alternative format if plaintiff requests. This is sufficient at this juncture.

//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | September 4, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

### H.  Sanctions

Plaintiff requests sanctions against USA in the amount of $9,324 for attorney's fees incurred in filing this motion.  Alrabe Decl. 1 ¶ 41.  Rule 37(a)(5) provides that the prevailing party on a discovery motion is entitled to an award of its reasonable expenses incurred in bringing or opposing the motion, including attorney's fees, except no payment should be ordered if: (1) the motion was filed before the moving party made a good faith effort to resolve the dispute; (2) the losing party's position was substantially justified; or (3) other circumstances make award of expenses unjust.  Fed. R. Civ. P. 37(a)(5).  But plaintiff did not fully prevail on this motion and there were legitimate disputes as to certain of the issues on which plaintiff did prevail.  As such, the court declines to award sanctions.

## IV. ORDER

For these reasons, the court grants in part and denies in part plaintiff's motion to compel (docket no. 111), as set forth above.  USA is ordered to conduct the searches described above and produce documents as set forth above by September 20, 2024, unless otherwise agreed by plaintiff or ordered by the court.