UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin VARGAS, as and Individual and as Successor in Interest of the Estate of Martin Vargas Arellano,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA; THE GEO GROUP; and WELLPATH, LLC.<br><br>    Defendants. | Case No. 5:23-cv-00380-JWH-SP<br><br>Honorable Sheri Pym<br><br>**[PROPOSED] ORDER ON PLAINTIFF'S MOTION TO COMPEL DEFENDANT *THE GEO GROUP* TO PROVIDE FURTHER RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, INTERROGATORIES, REQUESTS FOR ADMISSIONS, RULE 30(B)(6) DEPOSITION NOTICE, AND FOR SANCTIONS UNDER FED. R. CIV. P. 37(E)** |

The Court, having considered the parties' Joint Stipulation Regarding Plaintiff's Motion to Compel Defendant The GEO GROUP ("GEO") to Provide Further Responses to Plaintiff's Requests for Production of Documents, Interrogatories, Requests for Admissions, Rule 30(b)(6) Notice, and for Sanctions Under Fed. R. Civ. P. 37(E), the Parties' Supporting Declarations and Exhibits Thereto; and the Parties' arguments at the hearing on this Motion, for good cause showing, hereby GRANTS Plaintiff's Motion as follows.

IT IS HEREBY ORDERED that:

(1)    evidentiary and monetary sanctions hereby be issued against GEO under Fed. R. Civ. P 37(e) (1), (2) for its spoliation of video surveillance responsive to Plaintiff's Requests for Production of Documents ("RFP") Nos. 2, 5, 7, 19, 21, and 25-27. In light of GEO's obligation to preserve video surveillance related to this case, and its failure to take reasonable steps to preserve it, which GEO has admitted it cannot restore, the Court specifically orders

(a) a permissive adverse inference jury instruction stating that the surveillance video was destroyed by GEO in violation of its obligation to preserve it, and that the jury may infer that the video surveillance was unfavorable to GEO; and

(b) GEO to pay Plaintiff's attorney's fees for the portion of Plaintiff's Motion related to GEO's spoliation of video surveillance responsive to Plaintiff's above-referenced discovery requests, in the amount of $18,500, by November 1, 2024;

(2)    GEO shall by November 1, 2024 produce all documents identified on its privilege log responsive to RFP Nos. 11-19, 21 and 28 that do not identify a GEO attorney in the "to" or "from" line, OR include any recipient other than a GEO employee or GEO attorney by November 1, 2024, unless GEO amends its privilege log to adequately state facts to support any contention that the attorney-client privilege or the work product doctrine applies to any withheld documents. Moreover, because GEO has failed to show facts to support it, GEO's objection to producing responsive documents under the "common interest doctrine" is overruled.

(3)     GEO shall submit to a further Fed. R. Civ. P. 30(b)(6) deposition on or before November 1, 2024, by producing witness(es) who have been properly prepared to respond to the following topics:

(a) **Covid-19 Spot Checks** at Adelanto conducted by ICE, including what issues were covered by them, whether they were done remotely, and what GEO did to address any discrepancies identified by them;

(b) **Contact Tracing**, including the policy and practices for conducting contact tracing for detainees, whether relevant staff were formally trained on contact tracing, when they were trained, and the nature of that training;

(c) **Detainee Housing**, including where actual and suspected COVID-19 detainees were housed, and why a certain housing unit would be placed under "quarantine";

(d) **GEO's contract with Wellpath** related to Wellpath's policies and procedures for obtaining approvals from ICE in connection with carrying out healthcare services to detainees under the contract;

(e) **Issues Related to newly produced ESI and other documents** produced by GEO and Wellpath since Plaintiff's original Rule 30(b)(6) deposition of GEO on July 25, 2024.

GEO shall also, pursuant to Fed. R. Civ. P. 37(b)(2)(C), pay the costs Plaintiff incurs for its further Rule 30(b)(6) deposition, including the court reporter and videographer fees.

(4)     GEO's Requests for Admissions ("RFA") Nos. 30-31 and 37-42 are deemed admitted, unless by November 1, 2024 GEO produces amended responses to these RFAs that comply with Fed. R. Civ. P. 36.

(5)     GEO shall respond to Interrogatory Nos. 22 and 23, as amended by Plantiff, by November 1, 2024.

(6)     GEO shall produce documents responsive to RFP Nos. 33, 41 and 50 by November 1, 2024.

(7)     GEO shall produce the Adelanto Facility Entrance Screening Logs responsive to RFP No. 19 for September 2024 that it agreed to produce during the meet and confer process, by November 1, 2024.

Dated: October __, 2024

_____

HONORABLE SHERI PYM
U.S. MAGISTRATE JUDGE