UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:23-cv-00380-JWH-SPx | Date | October 28, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Clerk | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:** **(In Chambers) Order Granting Plaintiff's Motion to Compel and Setting Deadline for Defendant Wellpath's Supplemental Responses [149]**

## I.   INTRODUCTION

On October 8, 2024, plaintiff Martin Vargas filed a motion to compel defendant Wellpath, LLC ("Wellpath") to provide full responses to plaintiff's interrogatories and requests for admission ("RFAs"), produce all documents responsive to plaintiff's requests for production ("RFPs"), and designate a Rule 30(b)(6) deponent.  Docket no. 149.  The parties' positions are set forth in a joint stipulation ("JS").  Plaintiff's arguments are supported by the declaration of his counsel Khaled Alrabe ("Alrabe Decl.") and exhibits.  Wellpath's arguments are supported by the declaration of its counsel Peter G. Bertling ("Bertling Decl.").  Plaintiff filed a supplemental memorandum ("P. Supp. Mem.") on October 15, 2024.  Docket no. 159.

The court found a hearing on this motion would not be of assistance, and so vacated the hearing that was scheduled for October 29, 2024.  After considering the parties' written arguments and for the reasons discussed herein, the court now grants plaintiff's motion to compel.

## II.   BACKGROUND

### A.   General Background

Plaintiff Martin Vargas is the son of decedent Martin Vargas Arellano, who died after contracting COVID in the custody of U.S. Immigration and Customs Enforcement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | October 28, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America, et al. | | |

("ICE") – an agency of defendant United States of America – at the Adelanto ICE Processing Center ("Adelanto"). Second Amended Complaint ("SAC") ¶¶ 1-3, 143, 158, 170, 182. Defendant GEO Group was contracted to manage operations at Adelanto and subcontracted with defendant Wellpath to provide detainees health care. SAC ¶ 2.

Decedent tested positive for COVID on December 10, 2020. SAC ¶ 8. He was hospitalized for COVID symptoms on December 11, 2020, January 26, 2021, and February 17, 2021. SAC ¶¶ 121, 125, 127. On February 19, 2021, a Wellpath medical director sent an ICE medical coordinator an email stating decedent was at risk of "sudden death" from "multiple ailments . . . in the wake of COVID-19 infection." SAC ¶ 129. ICE then initiated a plan to release decedent. SAC ¶ 130. Before any release occurred, on or about February 26, 2021, decedent suffered a stroke that caused brain death. SAC ¶ 132. On March 5, 2021, decedent was released on his own recognizance while in the hospital, although he was comatose and brain dead. SAC ¶ 133. His family was not informed of his medical condition or release. *Id.* Decedent died on March 8, 2021. SAC ¶ 134.

Decedent was a class member in two lawsuits to obligate ICE to slow the spread of COVID in detention facilities, including *Roman v. Wolf*, No. 5:20-cv-00768-THJ-PVC, in which ICE was ordered to reduce Adelanto's population by releasing certain groups of detainees at high risk of COVID. JS at 4. A special master appointed in that case determined decedent likely contracted COVID from a Wellpath medical provider who examined him on November 29, 2020. SAC ¶ 8.

B.      **Relevant Discovery Background**

On May 20, 2024, this court ordered Wellpath to provide responses or supplemental responses to plaintiff's first and second set of RFPs (Nos. 1, 2, 11-14, 19, and 24-32). Docket no. 99. Wellpath served its responses on June 14, 2024. Alrabe Decl. ¶ 8. But Wellpath did not produce any ESI as part of these responses, informing plaintiff it would be produced by June 28, 2024. *Id.* Wellpath ultimately did not provide the promised ESI on June 28 or respond to plaintiff's August 5th or 14th emails regarding its ESI production. *Id.* ¶¶ 11-13, Ex. C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | October 28, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America, et al. | | |

On August 27, 2024, plaintiff requested a Rule 7-3 conference to discuss Wellpath's failure to produce the ESI. *Id.* ¶ 14. The parties met and conferred on August 28 and Wellpath indicated it would produce approximately 400 documents within a week. *Id.* On August 30, Wellpath produced approximately 437 emails to plaintiff. *Id.* ¶ 15. Plaintiff responded to Wellpath's production on September 10, 2024, requesting hit counts for each of the agreed-upon search terms, passwords to password-protected documents, and daily hospital updates which had not been produced. *Id.* ¶ 16, 17, Ex. D. On October 2, 2024, Wellpath produced all passwords for the password-protected documents at issue. Bertling Decl. ¶ 5. Wellpath also indicates the hit count report plaintiff' requested for the ESI is currently being produced. *Id.*

Meanwhile, on July 2, 2024, plaintiff served Wellpath with the topics for his Rule 30(b)(6) deposition of Wellpath. Alrabe Decl. ¶ 19. Wellpath's counsel requested to meet and confer about the notice, and the parties did so on July 30, 2024. *Id.* ¶¶ 19, 21. Wellpath designated Dr. Richard Medrano for all topics except for topic 9. *Id.* ¶ 21. Wellpath stated it would inform plaintiff of its designee for topic 9 by the end of the week. *Id.* Plaintiff attempted to follow up on August 5 and 14 but heard nothing back. *Id.*, Ex C. At the deposition on August 21, 2024, plaintiff asked if Dr. Medrano would be testifying as to all subjects, but was told by Wellpath's counsel he would not testifying as to topic 9. *Id.* ¶ 22, 23, Ex. F. Wellpath later agreed to permit plaintiff to take a second deposition of Dr. Medrano, with the second session of the deposition being set for October 15, 2024. Bertling Decl. ¶ 7.

Additionally, on August 2, 2024, plaintiff served his first set of RFAs (Nos. 1-26), third set of interrogatories (Nos. 18-20), and third set of RFPs (Nos. 33-46) on Wellpath. Alrabe Decl. ¶ 3, Ex. A. On September 10, 2024, Wellpath served its responses to these discovery requests. *Id.* ¶ 5. In its responses, Wellpath agreed to produce documents related to plaintiff's RFP Nos. 44 and 45 by September 30, 2024. *Id.* ¶ 6.

On September 13, 2024, plaintiff requested to meet and confer to discuss Wellpath's responses to plaintiff's discovery requests, its failure to designate a 30(b)(6) deponent for topic 9, and its deficient ESI production. Alrabe Decl. ¶ 24, Ex. G. The parties met and conferred on September 19, 2024. *Id.* ¶ 26; Bertling Decl. ¶ 2. At the conference, Wellpath agreed to: (1) amend its responses to RFA Nos. 1-3 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | October 28, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America, et al. | | |

Interrogatory No. 18; (2) look into its response to plaintiff's Interrogatory No. 20 after plaintiff committed to narrowing its scope; (3) reexamine its responses to RFP Nos. 35-39 and get back to plaintiff; (4) either produce additional documents or amend its response to RFP No. 45; (5) provide a designee for topic 9 of its 30(b)(6) deposition; and (6) provide plaintiff with the requested ESI information. *See* Bertling Decl. ¶ 4; Alrabe Decl. ¶¶ 27, 29-34. Wellpath explained it experienced some difficulty in obtaining documents and information because it has exited Adelanto and the information is no longer within its control. Bertling Decl. ¶ 6. Plaintiff attempted to follow up with Wellpath on September 24. Alrabe Decl. ¶ 34. Wellpath responded, but only to request clarification regarding plaintiff's Interrogatory No. 20. *Id.*, Ex. I.

Plaintiff now seeks an order compelling Wellpath to: (1) submit full and complete written responses to his Interrogatory No. 18 and RFA Nos. 1-3; (2) provide amended responses to RFP Nos. 35, 37, and 39; (3) provide amended responses to RFP Nos. 44 and 45; (4) produce a full and complete response to Interrogatory No. 20; (5) produce all ESI information responsive to RFP Nos. 11-14, 19, and 25-28; and (6) designate a Rule 30(b)(6) deponent. The discovery cutoff is November 1, 2024. Docket no. 115.

### III.  DISCUSSION

**A.  Plaintiff Satisfied Local Rule 37**

Wellpath primarily argues plaintiff failed to satisfy the meet and confer requirements of Local Rule 37. *See* JS at 10-12, 16, 17, 19, 26-28. In particular, Wellpath argues that because the parties have not yet reached an impasse, the parties' discovery disputes have not yet ripened. JS at 10-11.

Local Rule 37-1 requires the parties to confer in good faith prior to the filing of any motion relating to discovery. The moving party must also serve a letter requesting the conference and identifying the issues and/or discovery requests in dispute, provide any legal authority it believes is dispositive of the dispute, and specify the terms of the discovery order sought. L.R. 37-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -GENERAL

| Case No. | 5:23-cv-00380-JWH-SPx | Date | October 28, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America, et al. | | |

Here, the record demonstrates plaintiff sufficiently met and conferred with Wellpath prior to the filing of his motion to compel.  First, plaintiff sent the required meet and confer letter to Wellpath's counsel on September 13, 2024.  Alrabe Decl. ¶ 25, Ex G.  As required by Local Rule 37-1, plaintiff's letter clearly identified the discovery requests in dispute and cited relevant legal authority to support his assertions.  *See id.*, Ex. G.  Second, after plaintiff sent the letter, the parties met and conferred on September 19, 2024.  The parties agree they discussed all discovery matters raised in the letter, including plaintiff's RFA Nos. 1-3, Interrogatory Nos. 18 and 20, and RFP Nos. 35, 37, 39, and 44-45, as well as Wellpath's need to designate a 30(b)(6) deponent and address deficiencies in its ESI production.  Alrabe Decl. ¶¶ 27, 29-34; Bertling Decl. ¶¶ 3, 6-7.

Wellpath contends that since the parties agreed to a resolution on all matters, plaintiff's motion must be denied as premature for failing to comply with the local rules.  JS at 12.  But the local rules require only that the parties "confer in a good-faith effort to eliminate…as many of the[ir] disputes as possible." L.R. 37-1.  The record suggests plaintiff has done just that, meeting with Wellpath's counsel to resolve what issues the parties could on their own before turning to the court for assistance after Wellpath failed to act in a timely fashion.  Accordingly, plaintiff fully complied with Local Rule 37 prior to filing the instant motion.

### B.     Defendant Wellpath Must Respond to Plaintiff's Discovery Requests

Other than its argument the instant motion to compel was brought prematurely, Wellpath makes no substantive argument to refute plaintiff's discovery requests.  *See* JS at 10-12, 16, 17, 19, 26-28.  Seeing as the parties have largely reached an agreement regarding the core of the discovery disputes raised in this motion, the court turns to the only remaining issue, the timing of Wellpath's production.

In his reply, plaintiff asserts Wellpath has repeatedly failed to produce the discovery promised at the parties meet and confer in a timely fashion.  P. Supp. Mem. at 2-3.  Indeed, such delay and non-responsiveness seems to be a pattern for Wellpath.  For example, Wellpath initially promised it would produce all ESI by June 28, 2024, but still has not produced all relevant ESI information to plaintiff.  *See* Alrabe Decl. ¶ 8; P. Supp. Mem. at 3.  Similarly, although Wellpath was given the topics for its 30(b)(6) deposition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | October 28, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America, et al. | | |

in early July 2024, it has still not designated a deponent for topic 9 of the 30(b)(6) deposition.  *See* Alrabe Decl. ¶ 19; P. Supp. Mem. at 3.  Moreover, it has now been over a month since the parties met and conferred, and plaintiff claims Wellpath has still failed to provide documents and updated responses to a number of discovery matters.  P. Mem. at 2-3.

Seeing as the discovery cutoff in this case is fast approaching, Wellpath must provide its discovery responses as soon as possible.  As far as the court can discern from the parties' submissions, the parties have reached an agreement regarding all six remaining discovery disputes.  Thus, if it has not done so already, by November 1, 2024, Wellpath must: (1) provide supplemental responses for plaintiff's Interrogatory No. 18 and RFA Nos. 1-3; (2) produce all documents responsive to RFP nos. 37, 37, 39, and 44-45; (3) provide a supplemental response to Interrogatory 20 as narrowed by the plaintiff; (4) provide its ESI search term hit counts; and (5) designate a deponent to testify to topic 9 of plaintiff's Rule 30(b)(6) deposition notice to Wellpath.

## IV. ORDER

For the foregoing reasons, the court GRANTS plaintiff's motion to compel (docket no. 149) and orders defendant Wellpath to produce the discovery responses as set forth above by November 1, 2024.