UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:23-cv-00380-JWH-SP | Date | October 29, 2024 |
| Title | Martin Vargas v. United States of America et al. | | |

Present: The Honorable    Sheri Pym, United States Magistrate Judge

| Kimberly I. Clerk | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

Attorneys Present for Plaintiff:      Attorneys Present for Defendant:

None        None

**Proceedings:**      **(In Chambers) Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Defendant United States of America's Further Responses to Plaintiff's Requests for Production of Documents [131]**

## I.   INTRODUCTION

On September 3, 2024, plaintiff Martin Vargas filed a motion to compel defendant United States of America to produce further responses to his requests for production of documents ("RFPs"). Docket no. 131. The parties' positions are set forth in a joint stipulation ("JS"). Plaintiff's arguments are supported by the declaration of his counsel Laboni Hoq ("Hoq Decl.") and exhibits. USA's arguments are supported by the declaration of its counsel Shaina C. St John ("St John Decl."), the declaration of Dana Salvano-Dunn, Executive Director of the Compliance Branch at the Office for Civil Rights and Civil Liberties for the U.S. Department of Homeland Security ("Salvano-Dunn Decl."), and exhibits.

Plaintiff filed a supplemental memorandum in support of the motion on September 17, 2024 ("P. Supp. Mem."). Docket no. 136. USA filed a reply the next day, then withdrew it and instead filed an amended Salvano-Dunn Declaration to add her signature to the filed version. Docket nos. 137-139.

The court held a hearing on the motion on October 1, 2024. The court thereafter ordered defendant USA to submit entirely unredacted versions of Exhibits E-I for in camera review. USA made this submission on October 11, 2024.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | October 29, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

After considering the parties' written and oral arguments and submissions, and for the reasons discussed herein and stated at the hearing, the court now grants in part and denies in part plaintiff's motion.

## II.    BACKGROUND

### A.    General Background

Plaintiff Martin Vargas is the son of decedent Martin Vargas Arellano, who died after contracting COVID in the custody of U.S. Immigration and Customs Enforcement ("ICE") – an agency of defendant United States of America – at the Adelanto ICE Processing Center ("Adelanto").  Second Amended Complaint ("SAC") ¶¶ 1-3, 143, 158, 170, 182.  Defendant GEO Group was contracted to manage operations at Adelanto and subcontracted with defendant Wellpath, LLC to provide detainees health care.  SAC ¶ 2.

Decedent tested positive for COVID on December 10, 2020.  SAC ¶ 8.  He was hospitalized for COVID symptoms on December 11, 2020, January 26, 2021, and February 17, 2021.  SAC ¶¶ 121, 125, 127.  On February 19, 2021, a Wellpath medical director sent an ICE medical coordinator an email stating that decedent was at risk of "sudden death" from "multiple ailments . . . in the wake of COVID-19 infection."  SAC ¶ 129.  ICE then initiated a plan to release decedent.  SAC ¶ 130.  Before any release occurred, on or about February 26, 2021, decedent suffered a stroke that caused brain death.  SAC ¶ 132.  On March 5, 2021, decedent was released on his own recognizance while in the hospital, although he was comatose and brain dead.  SAC ¶ 133.  His family was not informed of his medical condition or release.  *Id.*  Decedent died on March 8, 2021.  SAC ¶ 134.

Decedent was a class member in two lawsuits to obligate ICE to slow the spread of COVID in detention facilities, including *Roman v. Wolf*, No. 5:20-cv-00768-THJ-PVC, in which ICE was ordered to reduce Adelanto's population by releasing certain groups of detainees at high risk of COVID.  JS at 2.  A special master appointed in that case determined that decedent likely contracted COVID from a Wellpath medical provider who examined him on November 29, 2020.  SAC ¶ 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | October 29, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

## B.    Relevant Discovery Background

On June 2, 2023, plaintiff served his first set of RFPs (Nos. 1-23) on USA.  Hoq Decl. ¶ 3, Ex. A.  USA served its written responses on July 14, 2023.  *Id.* ¶ 4.  On January 4, 2024, plaintiff served his third set of RFPs (Nos. 30-38) on USA.  *Id.* ¶ 5, Ex. B.  USA served its written responses to those RFPs on February 2, 2024.  *Id.* ¶ 6.

On June 7, 2024, USA produced a number documents related to plaintiff's RFPs, including: (1) an investigative report from the Department of Homeland Security's ("DHS") Office of Civil Rights and Civil Liberties ("CRCL"); (2) a redacted expert report titled "Conditions of Detention Expert Report on Adelanto Processing Center" written by Wendy Still ("Still Report"); (3) a redacted report titled "U.S. Department of Homeland Security Office for Civil Rights and Civil liberties Environmental Health and Safety Report, Adelanto Processing Center" written by Diane Skipworth ("Skipworth Report"); (4) a redacted report titled "Virtual Site Visit Investigation Report, Adelanto Processing Center, Medical Recommendations" written by Josiah D. Rich ("Rich Report"); (5) a redacted report titled "Investigation Regarding Adelanto ICE Processing Center" written by James F. DeGroot ("DeGroot Report"); and (6) a redacted memorandum titled "Adelanto Processing Center" from the Director and Deputy Director of the Compliance Branch of the CRCL, Dana Salvano-Dunn and Zazy Ivonne Lopez, to US ICE's Executive Associate Director of Enforcement and Removal Operations, Corey A. Price ("Adelanto ICE Memo").  *Id.* ¶ 8, Exs. D, E, F, G, H, I.  USA also produced a privilege log for the documents listed above.  *Id.*, Ex. J.

On August 2, 2024, plaintiff sent USA a letter requesting a Rule 37-1 conference to meet and confer concerning alleged deficiencies with USA's responses to plaintiff's RFP Nos. 2, 13, 19, 20, 21, 35, and 36.  *Id.* ¶ 9, Ex. K.  On the same day, plaintiff served his fifth set of RFPs (Nos. 40, 46-49).  St John Decl. ¶ 2, Ex. 1.  Plaintiff responded by email and the parties arranged to meet and confer on August 12, 2024.  Hoq Decl. ¶ 10, Ex. L.  The parties met and conferred on August 12 via Zoom, and discussed the CRCL investigation, including documents related to the Still Report and the Skipworth Report, documents related to that investigation, and the possibility of USA conducting an additional ESI search to identify related documents, as memorialized in an August 13 letter from plaintiff to USA.  *Id.* ¶ 11, Ex. M.  Defendant responded to plaintiff's letter on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | October 29, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |


August 15, 2024, disputing plaintiff asked for a new ESI search for documents related to the CRCL's findings and recommendations at the August 12 meeting, and stating plaintiff raised new issues at the previous day's meeting and plaintiff stated he would still move to compel on those new issues.  *Id.* Ex. N.

The next day, plaintiff sent defendant a follow-up letter regarding his proposed search terms for additional ESI discovery, requesting a response by August 21, 2024.  *Id.* Ex. O.  Defendant responded to plaintiff's letter on August 21, 2024, arguing plaintiff had failed to satisfy the meet and confer requirements of Local Rule 37-1.  *Id.* ¶ 15, Ex. P.

Plaintiff now seeks an order compelling USA to provide further responses to RFP Nos. 2, 13, 19, 20, 21, 35, and 36.  The discovery cut off is November 1, 2024.  Docket no. 115.


## III.   <u>DISCUSSION</u>

**A.**   <u>**The Court Grants in Large Part Plaintiff's Motion to Compel the Unredacted Versions of the Four Requested CRCL Reports and the Adelanto ICE Memo**</u>

Plaintiff moves to compel defendant USA to produce unredacted versions of four expert reports referenced in the CRCL investigative report: (1) the Still Report, (2) the Skipworth Report, (3) the Rich Report, and (4) the DeGroot Report.  JS at 15; *see* Hoq Decl., Exs. E, F, G, H.  Plaintiff also moves to compel production of an unredacted version of the Adelanto ICE Memo dated May 2, 2022.  JS at 20; *see* Hoq Decl., Ex. I.  Defendant objects to the release of unredacted versions of these reports and memo, arguing they are protected by the deliberative process privilege.  JS at 29.

At the outset, the court notes the parties failed to fully comply with Local Rule 37's meet and confer requirement as to all four expert reports.  The local rules of this court require the parties to meet and confer in good faith, and if this has not occurred it may only be excused if the moving party submits a declaration that the opposing party failed to confer in a timely manner.  L.R. 37-1, 37-2.4.  Here, the parties met and discussed issues related to the production of the Still and Skipworth Reports via Zoom on August 12, 2024.  Hoq Decl. ¶ 11.  But as plaintiff admits, he did not include the Rich

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | October 29, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

and DeGroot Reports in his August 2 letter, nor did the parties discuss those two reports at their August 12 meeting. JS at 27, n.8. Accordingly, plaintiff did not fully comply with Local Rule 37, since the parties should have met and conferred regarding the Rich and DeGroot Reports prior to his bringing this motion to compel. Nonetheless, because the issues are virtually identical as to all four CRCL reports, the court will address the parties' arguments as to all four reports despite plaintiff's violation of Rule 37.

Defendant argues all five documents were properly redacted based on the deliberative process privilege, which it claims plaintiff cannot overcome. JS at 29. In particular, defendant argues the redacted portions "contained analyses created in the course of and for the express purpose of CRCL's investigation of Adelanto in July 2021" and thus are protected by the deliberative process privilege. JS at 33. Plaintiff, however, argues defendant waived the deliberative process privilege by producing an unredacted document apparently containing the findings and recommendations of the four expert reports at issue. P. Supp. Mem. at 2.

The deliberative process privilege protects the "decision making processes of government agencies" and covers documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, 95 S. Ct. 1504, 44 L. Ed. 2d 29 (1975) (citations omitted). The purpose of the privilege is to "promote frank and independent discussion among those responsible for making governmental decisions, and also to protect against premature disclosure of proposed agency policies or decisions." *F.T.C. v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (internal citation omitted). In order for the deliberative process privilege to apply to a document, the document must have been generated before the adoption of the policy or decision and must be deliberative in nature (i.e., containing opinions, recommendations or advice about agency policies). *Id*.

The deliberative process privilege is not an absolute privilege, and the documents may be discovered if the need for the documents outweighs the governmental interest in keeping them confidential. *Scalia v. Int'l Longshore & Warehouse Union*, 336 F.R.D. 603, 610 (N.D. Cal. 2020). To determine whether the privilege should be overcome, courts may consider several factors:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | October 29, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |


(1) the relevance of the evidence[,] (2) the availability of other evidence, (3) the government's role in the litigation, [] (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions[,] (5) the interest of the litigant, and ultimately society, in accurate judicial fact finding, (6) the seriousness of the litigation and the issues involved, (7) the presence of issues concerning alleged governmental misconduct, and (8) the federal interest in the enforcement of federal law.

*North Pacifica,* 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003) (citations omitted).

Moreover, the privilege may be waived if the information is disclosed "without taking reasonable precautions to avoid disclosure of privileged information." *In re McKesson Governmental Entities Average Wholesale Price Litigation*, 264 F.R.D. 595, 600 (N.D. Cal. 2009); *see also Alpha I, L.P. ex rel. Sands v. U.S.*, 83 Fed. Cl. 279, 290-91 (2008) (holding when a document containing privileged information is disclosed to a party in another case, the privilege has been waived); *Chilivis v. S.E.C.*, 673 F.2d 1205, 1212 (11th Cir. 1982) (holding waiver can occur when privileged communications are disclosed outside of the federal agency).

There is no real dispute here that the documents in question are pre-decisional and deliberative in nature, containing findings and recommendations. The issues are whether the privilege should be overcome and whether defendant has waived the privilege as to these documents. As to waiver in particular, defendant produced an entirely unredacted copy of a document entitled "CRCL Expert Site Visit Synopsis Table" ("Synopsis Table") on June 7, 2024. Hoq. Decl. Ex. D. The Synopsis Table contains information that on its face appears to include the expert findings and corresponding CRCL recommendations of each of the four expert reports at issue. *Id.* The expert findings are listed by report, the titles of which bear marked similarities to the Still, Skipworth, Rich, and DeGroot Reports. *Id.*

The court has conducted an in camera review of unredacted versions of the four expert reports and confirmed the Synopsis Table was in fact taken from those reports. Defendant argues that the production of "purely factual portions of documents" is insufficient to waive the privilege (JS at 40), but the Synopsis Table contains exactly the sort of information listed by defendant in its privilege log to justify its assertion of the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | October 29, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

deliberative process privilege. *See* Hoq Decl. Ex. D, J. The statements contained within the Synopsis Table are not purely factual, but rather are the very findings and recommendations over which defendant is attempting to assert the deliberative process privilege. To be sure, the reports contain additional details – much of which are factual – but for the most part the topics, findings, and recommendations in the reports track what appears in the Synopsis Table. The exceptions to this are the following portions of the DeGroot Report, which contain deliberative information on matters not included in the Synopsis Table: the heading and two lines of text at the bottom of page 17, pages 18-21, and page 22 apart from the signature line. Other than those portions of the DeGroot Report, the privilege has been waived as to the four expert reports.

That is also the case for the Adelanto ICE Memo. Although there was little inkling of this in the redacted version produced, in camera review of the unredacted version reveals that the Adelanto ICE Memo also tracks the information in the Synopsis Table. There is simply no deliberative information in the Adelanto Ice Memo that is not contained in the Synopsis Table. As such, the privilege has also been waived as to the Adelanto ICE Memo.

The court also notes that, even without defendant's waiver of the privilege, there is a strong case for disclosure of these documents in any event. Most of the pertinent factors support disclosure, including the relevance of the information, the seriousness of the litigation and issues, and alleged governmental misconduct. Only the concern that disclosure would hinder frank discussion regarding polices and decisions, as described in the Salvano-Dunn Declaration, weighs against disclosure; however, that factor carries little weight here where the information in question has largely already been disclosed in the Synopsis Table.

Accordingly, defendant USA is ordered to promptly produce unredacted versions of the Adelanto ICE Memo and the Still, Skipworth, Rich, and DeGroot Reports (except for the portions of the DeGroot Report noted above).

**B.    The Court Denies Plaintiff's Motion to Compel Documents Related to CRCL Findings**

Plaintiff also moves to compel defendant to produce all documents, including

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | October 29, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

communications, regarding the CRCL report and its findings.  JS at 21.  Defendant objects, arguing plaintiff failed to adequately meet and confer regarding his request for all documents related to the CRCL reports.  JS at 42.

The local rules of this court require the parties to meet and confer in good faith.  L.R. 37-1.  The rules further require the moving party to serve a letter identifying "each issue and/or discovery request in dispute…and specify[ing] the terms of the discovery order to be sought."  L.R. 37-1. If the parties are unable to settle their differences, they must submit a joint stipulation with the notice of motion.  L.R. 37-2.  "The stipulation must contain all issues in dispute and, as to each such issue, the contentions and points and authorities of each party."  L.R. 37-2-1.  The party stating its contention on a particular issue must also state how it proposed to resolve that issue.  *Id.*  Courts have the discretion to deny discovery motions that do not comply with the local rules.  *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); *Lumber Liquidators, Inc. v. Sullivan*, 2012 WL 4464867, at *4 (C.D. Cal. Aug. 31, 2012) (denying discovery motion that failed to comply with L.R. 37); *So v. Land Base, LLC*, 2009 WL 2407954, at *2 (C.D. Cal. Aug. 4, 2009) (same).

Plaintiff sent a letter requesting to meet and confer with defendant on August 2, 2024.  Hoq Decl. ¶ 9, Ex. K.  In that letter, plaintiff discusses improper redactions and asks defendant to produce unredacted versions of the CRCL reports as well as "any supporting and referenced documents not produced."  *Id.* Ex. K.  But when the parties met on August 12, 2024 to discuss the matter, plaintiff suddenly added a request for defendant to produce all documents referred to or relied on by CRCL in preparing its findings.  JS at 42.  When defendant informed plaintiff those documents were not discussed in his August 2 letter, plaintiff's counsel stated the new issues did not need to be raised in plaintiff's letter as "that's what the meet-and-confer [is] for."

Plaintiff's counsel is mistaken in this belief.  Local Rule 37 clearly states parties must serve a letter identifying "each issue and/or discovery request in dispute." L.R. 37-1.  Parties are not free to disregard the letter requirement of Rule 37 and bring up new issues for the first time during the conference.  Moreover, plaintiff's argument that his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | October 29, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

inclusion of the phrase "and any supporting and referenced documents not produced" within the letter satisfies Rule 37 is misplaced. Rule 37 requires "each issue . . . in dispute" to be identified within the letter. *Id.* The type of broad, generalized language used by plaintiff is not sufficient to notify the defendant as to the particular documents and issues in dispute. This could have been remedied with further meet and confer but apparently was not. Therefore, the court denies plaintiff's motion to compel these documents without prejudice.

**C.     The Court Denies Plaintiff's Motion to Compel Defendant to Conduct New ESI Searches**

Lastly, plaintiff seeks to compel defendant to perform a series of ESI searches related to the CRCL investigation. JS at 21. Plaintiff proposes a total of 26 additional searches for defendant to perform. JS at 21-23. Defendant again asserts plaintiff failed to adequately meet and confer regarding the new ESI searches. JS at 47. The court again agrees.

Plaintiff fails to mention new ESI searches anywhere in his August 2, 2024 letter to defendant's counsel. *See* Hoq. Decl. Ex. K. There is some dispute between the parties regarding the extent of a discussion had during the parties August 12, 2024 conference regarding new ESI searches. In a letter dated August 13, 2024, plaintiff stated defendant "categorically refused to conduct an ESI search for documents related to CRCL's . . . Findings and Recommendations" at the previous day's meet and confer. *Id.* Ex. M. Defendant disputes this, stating plaintiff's counsel never discussed new ESI searches at the August 12 meeting and plaintiff raised this issue for the first time in the August 13 letter. JS at 47-48. Moreover, defendant points out plaintiff did not give defendant the new requested search terms until August 16, 2024, which was four days after the parties' conference. *See id.* Ex. O.

Plaintiff failed to comply with Local Rule 37 with respect to the new ESI searches. Plaintiff failed to either: (1) include a request for new ESI searches in his August 2 meet and confer letter or (2) substantively discuss his request at the parties meet and confer conference. Whether the parties did or did not briefly discuss the issue of new ESI searches, The very fact plaintiff's counsel proposed new search terms four days after their

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SP | Date | October 29, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

meeting shows plaintiff's counsel did not adequately comply with the requirements of Local Rule 37. Indeed, at the hearing and in his supplemental memorandum plaintiff indicated he was willing to table the ESI search term issue. Accordingly, the court denies plaintiff's motion to compel new ESI searches without prejudice.

## IV. **ORDER**

For the foregoing reasons, the court GRANTS IN PART AND DENIES IN PART plaintiffs' motion to compel (docket no. 131) as set forth above.