UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 6, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Clerk | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**     **(In Chambers) Order Granting in Part and Denying in Part Plaintiff's Motion to Compel USA [148]**

## I.    INTRODUCTION

On October 8, 2024, plaintiff Martin Vargas filed a motion to compel defendant United States of America to produce documents responsive to plaintiff's requests for production ("RFPs").  Docket no. 148.  The parties' positions are set forth in a joint stipulation ("JS").  Plaintiff's arguments are supported by the declaration of his counsel Stacy Tolchin ("Tolchin Decl.") and exhibits.  USA's arguments are supported by the declaration of its counsel Shaina C. St John ("St John Decl.") and exhibits.

On October 15, 2024, plaintiff filed a supplemental memorandum ("P. Supp. Mem.") supported by another declaration of Tolchin ("Supp. Tolchin Decl.") and exhibits.  Docket no. 158.  USA also filed a supplemental memorandum ("D. Supp. Mem.") supported by the declaration of the Deputy Executive Associate Director of U.S. Immigration and Customs Enforcement ("ICE"), Russell Hott ("Hott Decl.").  Docket no. 162.

The court found a hearing on this motion would not be of assistance, and so vacated the hearing that was scheduled for October 29, 2024.  On what would have been the hearing date, the parties filed a notice that they had potentially resolved their dispute regarding production of floor plans and schematics, and would notify the court by November 1 if their agreement had not been finalized.  No such further notice having been filed, the court understands that issue to be resolved.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 6, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

As to the remaining issues, the court now grants in part and denies in part plaintiff's motion to compel for the reasons discussed below.

## II.   BACKGROUND

## A.   General Background

Plaintiff Martin Vargas is the son of decedent Martin Vargas Arellano, who died after contracting COVID in the custody of ICE – an agency of defendant United States of America – at the Adelanto ICE Processing Center ("Adelanto").  Second Amended Complaint ("SAC") ¶¶ 1-3, 143, 158, 170, 182.  Defendant GEO Group was contracted to manage operations at Adelanto and subcontracted with defendant Wellpath, LLC to provide detainees health care.  SAC ¶ 2.

Decedent tested positive for COVID on December 10, 2020.  SAC ¶ 8.  He was hospitalized for COVID symptoms on December 11, 2020, January 26, 2021, and February 17, 2021.  SAC ¶¶ 121, 125, 127.  On February 19, 2021, a Wellpath medical director sent an ICE medical coordinator an email stating that decedent was at risk of "sudden death" from "multiple ailments . . . in the wake of COVID-19 infection."  SAC ¶ 129.  ICE then initiated a plan to release decedent.  SAC ¶ 130.  Before any release occurred, on or about February 26, 2021, decedent suffered a stroke that caused brain death.  SAC ¶ 132.  On March 5, 2021, decedent was released on his own recognizance while in the hospital, although he was comatose and brain dead.  SAC ¶ 133.  His family was not informed of his medical condition or release.  *Id.*  Decedent died on March 8, 2021.  SAC ¶ 134.

On April 13, 2020, detainees at Adelanto filed a class action challenging their conditions of confinement due to the COVID-19 pandemic in *Roman v. Wolf*, No. 5:20-cv-00768-THJ-PVC.  Tolchin Decl. ¶ 3, Ex. A.   A special master was appointed in that case and determined decedent likely contracted COVID from a Wellpath medical provider who examined him on November 29, 2020.  *Id.*, Ex. B; SAC ¶ 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 6, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |


## B.   <u>Relevant Discovery Background</u>

On March 30, 2021, the Department of Homeland Security's Office of the Principal Legal Advisor ("OPLA") issued a preservation notice to ICE concerning Mr. Vargas Arellano's death.  Tolchin Decl. ¶ 5, Ex. C.  Two days later, plaintiff also sent GEO a document preservation letter concerning information related decedent's death.  *Id.* ¶ 6, Ex. D.

On June 2, 2023, plaintiff served USA his first set of RFPs (Nos. 1-23).  *Id.* ¶ 7, Ex. E.   USA served its written responses to this first set of RFPs on July 14, 2023.  *Id.* ¶ 8, Ex. F.  Plaintiff served USA his fifth set of RFPs (Nos. 40-60) on August 2, 2024, to which USA responded on September 3, 2024.  *Id.* ¶¶ 9-10, Exs. G, H.

On September 12, 2024, plaintiff sent USA a letter according to Local Rule 37 requesting to meet and confer concerning USA's responses to plaintiff's requests for admission and several of his RFPs related to the production of surveillance video.  *Id.* ¶ 11, Ex. I.  On September 17, 2024, USA responded via letter arguing plaintiff failed to comply with Local Rule 37-1 due to his lack of specificity regarding the individual discovery matters at issue.  *Id.* ¶ 12, Ex. J.  On September 20, 2024, plaintiff sent a second letter, responding to USA's September 17th reply.  *Id.* ¶ 13, Ex. K.  The letter also requested the parties meet and confer about several more of plaintiff's RFPs.  *Id.*, Ex. K. On September 23, 2024, USA sent its reply.  *Id.* ¶ 14, Ex. L.

On September 23, 2024, plaintiff's counsel met and conferred with USA's counsel.  *Id.* ¶ 15.  At the conference, plaintiff acknowledged USA had agreed to produce all non-privileged documents in response to RFP no. 22.  St John Decl. ¶ 2.  The parties discussed the litigation hold documents related to the *Roman* case, but the parties disagreed over whether USA should be considered a party to the *Roman* case.  *Id.*; Tolchin Decl. ¶ 17.  Plaintiff also asked USA whether the Office of the Inspector General ("OIG") or the Office of Civil Rights and Civil Liberties ("CRCL") retained any videos of Adelanto from September 2020 to March 2021.  St John Decl. ¶ 2.  USA agreed to search for and produce any such videos. *Id.*  Plaintiff's counsel also noted they had the current version of the ICE document retention policy in their possession but requested the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 6, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

operative 2020/2021 version of the policy.  Supp. Tolchin Decl. ¶ 3.  Finally, USA refused to produce the Adelanto floor plans requested by plaintiff.  Tolchin Decl. ¶ 18.

Plaintiff sent a letter memorializing the parties' conversation on September 24, 2024.  Tolchin Decl. ¶ 19, Ex. M.  The next day, USA replied via letter, emphasizing the difference between suits against government officials in their official capacity and cases brought under the Federal Tort Claims Act.  *Id.* ¶ 19, Ex. N; St John Decl. ¶ 3, Ex. 1.

Plaintiff notes that on September 11, 2024, USA produced documents including an OIG report that references its review of video surveillance from Adelanto, though no video has been produced.  Supp. Tolchin Decl. ¶ 4.  Plaintiff also received an expert report on October 4, 2024, which indicates the expert reviewed video from August 2020 in Adelanto, but plaintiff has not received this video either.  *Id.* ¶ 5, Ex. P.

Plaintiff now seeks an order compelling USA to: (1) produce all documents responsive to RFP Nos. 22 and 57; and (2) produce all video surveillance responsive to RFP Nos. 2, 3, 19, 21, 22, 31, 32, 33, and 35.  Plaintiff also moved to compel USA to produce Adelanto's floor plan in response to RFP No. 40; however, as recounted above, that issue has since been resolved.  *See* docket no. 171.

## III.   DISCUSSION

### A.   USA Is Ordered to Produce Its Document Retention Policies and Portions of Its Litigation Hold Notices

Plaintiff moves the court to compel USA to produce any document retention policies and litigation hold notices issued by USA in both this case and the *Roman* litigation, in response to RFP Nos. 22 and 57.  JS at 8-13.  USA objects, claiming: (1) plaintiff failed to adequately meet and confer on the issue; (2) the issue is partly moot; (3) the information sought is protected by attorney-client privilege; and (4) the information sought relates to another party's litigation in another case.  JS at 13-17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 6, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

### 1.   <u>Compliance With Local Rule 37</u>

USA argues plaintiff failed to comply with Local Rule 37's meet and confer requirement prior to filing the instant motion to compel.  JS at 13.  In particular, USA contends plaintiff did not adequately raise the issue in his September 12, 2024 meet and confer letter and that the parties' discussion of the issue during their meet and confer session on September 23 was merely tangential.  JS at 13-14.

The local rules of this court require the parties to meet and confer in good faith, or the moving party must submit a declaration that the opposing party failed to confer in a timely manner.  L.R. 37-1, 37-2.4.  The rules further require the moving party to serve a letter identifying "each issue and/or discovery request in dispute…and specify[ing] the terms of the discovery order to be sought."  L.R. 37-1.  Courts have the discretion to deny discovery motions that do not comply with the local rules.  *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

Here, the record shows plaintiff did bring up the issue of USA's allegedly deficient response to his RFP Nos. 22 and 57 in his September 12 meet and confer letter, albeit briefly.  *See* Tolchin Decl., Ex. I at 2.  Moreover, it does appear both parties agree they talked about these issues to some degree during their September 23 meet and confer session.  JS at 14; Tolchin Decl. ¶ 16-17.  While plaintiff and his counsel certainly could have addressed this issue more thoroughly, their meet and confer was sufficient at this juncture for the court to decide the matter.

### 2.   <u>Mootness</u>

USA argues this issue is partially moot because it agreed to produce ICE's document retention policies applicable to video surveillance.  JS at 15.  But there appears to be some dispute as to whether USA provided the operative 2020/2021 version of ICE's document retention policies to plaintiff.  USA states that it did so on October 11, 2024.  D. Supp. Mem. at 1.  Plaintiff asserts USA has not.  P. Supp. Mem. at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 6, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

Given the continuing dispute between the parties, this issue is not moot. USA must verify it has in fact provided plaintiff with the operative policies. If it has, it must produce a verified response stating it has done so. If not, it must produce the policies immediately.

### 3. <u>Attorney-Client Privilege</u>

USA argues the litigation hold documents are not protected from discovery by the attorney-client privilege. JS at 15-16. Multiple courts in this circuit have held that while the attorney-client privilege protects litigation hold documents, "the basic details surrounding the litigation hold are not." *Cohen v. Trump*, 2015 WL 3617124, at*7 (S.D. Cal. June 9, 2015) (internal quotation marks and citation omitted); *Doe LS 340 v. Uber Techs., Inc.*, 710 F. Supp. 3d 794, 802 (N.D. Cal. 2024); *Thomas v. Cricket Wireless, LLC*, 2020 WL 7344742, at *3 (N.D. Cal. Dec. 14, 2020). "These basic details include (1) when and to whom the litigation hold notices were given, (2) what kinds and categories of information and data [defendant's] employees were instructed to preserve and collect, and (3) what specific actions they were instructed to take to that end." *Thomas*, 2020 WL 7344742, at *3.

Plaintiff argues the attorney-client privilege is not applicable in this case. P. Supp. Mem. at 2-3. First, plaintiff argues the privilege has been waived based on USA's disclosure of a March 30, 2021 litigation hold notice from the Office of the Principal Legal Advisor to ICE regarding Mr. Vargas Arellano's death. *Id.* at 2; Tolchin Decl., Ex. C. But while it is true the privilege may be waived with respect to the notice that was actually disclosed, plaintiff provides no argument as to why the attorney-client privilege would be waived as to other, non-disclosed notices under Federal Rule of Evidence 502(a). Accordingly, the privilege as to those documents still applies.

Second, plaintiff argues the attorney-client privilege does not apply to litigation hold notices when there has been a preliminary showing of spoliation, and cites cases so finding where there was a preliminary showing of spoliation by the party claiming the privilege. P. Supp Mem. at 2-3. But in this motion, plaintiff only notes he has a pending motion for spoliation sanctions against a different defendant in this case. *Id.* He makes no argument that the USA itself spoliated evidence. *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 6, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |


As such, plaintiff has not shown the privilege does not apply here.  But the privilege does not protect the basic details surrounding the litigation hold.

### 4.      Documents in a Third Party's Control

Lastly, USA argues it should not be required to produce the requested documents because they "relat[e] to another party's litigation hold in another matter."  JS at 16.  It is not clear to the court why this should matter.  Even if USA was not itself party to the *Roman* litigation hold, the hold itself could have applied to documents relevant to this case.  Further, under Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, parties must provide "a copy . . . of all documents . . . that the disclosing party has in its possession, custody or control . . . ."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  Thus, the relevant inquiry is whether USA has these documents in its possession, custody, or control, not whether it was a party to the *Roman* litigation.  If USA has the documents in its possession, custody, or control, it must turn them over to plaintiff.  If not, USA must submit a declaration signed under penalty of perjury asserting the documents are not in its possession, custody or control.

Accordingly, because the substance USA's litigation hold notices are protected by the attorney-client privilege, the court will not order their production in full.  But because certain details about the litigation hold notices and USA's document retention policies are not protected by the privilege, USA is ordered to produce information concerning: (1) when and to whom the litigation hold notices were given; and (2) what kinds and categories of information and data USA instructed to be preserved and/or collected, as well as its document retention policies.

### B.      USA Is Order to Produce All Video Within Its Possession

Plaintiff also seeks an order compelling USA to produce any video surveillance footage of Adelanto in its possession.  JS at 25.  USA objects, arguing the RFPs plaintiff claims call for this footage (RFP Nos. 2, 3, 19, 21, 22, 31-33, and 35) do not seek video surveillance footage by their plain text.  JS at 25.  USA further argues this demand is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 6, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

moot because it has already agreed to produce video given to OIG and CRCL by defendant GEO.  JS at 28-29.

The court disagrees with USA's argument plaintiff's RFPs do not seek video surveillance footage.  Plaintiff's RFP no. 2 seeks all documents relating to Mr. Vargas Arellano's death.  JS at 18.  A video tape of Mr. Vargas Arellano could certainly be related to his death in some way.  The court also disagrees with USA's statement plaintiff's RFPs fail to include the words video or surveillance.  While it is true the RFPs themselves do not contain the word "video," the term "document" is defined to include "CDs, DVDs, audio tapes, videotapes, sound records . . ." with videos being explicitly mentioned.  *See* Tolchin Decl., Ex. E.

It does appear, however, that the parties have already reached a compromise on this issue.  USA represents it agreed to produce all videos provided by GEO to OIG or CRCL which have been retained by the agency.  D. Supp. Mem. at 1.  USA further represents it has already provided plaintiff with copies of video provided to OIG.  *Id.*  USA indicates it is searching for videos sent to CRCL but anticipates it will not find any.  *Id.*  Plaintiff indicates he had not yet received this video evidence as of October 15, 2024.  P. Supp. Mem. at 4; Supp. Tolchin Decl. ¶ 4.  Thus, the court simply orders USA to promptly produce any video provided to OIG or CRCL, to the extent it still exists, if USA has not already produced such video.

## IV. ORDER

For the foregoing reasons, the court GRANTS IN PART AND DENIES IN PART plaintiff's motion to compel (docket no. 148), as set forth above.