UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin VARGAS, as Successor in Interest of the Estate of Martin Vargas,<br><br>*Plaintiffs.*<br><br>v.<br><br>UNITED STATES OF AMERICA; THE GEO GROUP; WELLPATH, LLC,<br><br>*Defendants.* | Case No. 5:23-cv-00380-JWH-SPx<br><br>***DISCOVERY MATTER***<br><br>**ADDENDUM TO STIPULATED PROTECTIVE ORDER** |

1. By and through counsel of record in this action, Plaintiff Martin Vargas, as Successor in Interest of the Estate of Martin Vargas, ("Plaintiff") and Defendants United States of America, the GEO Group ("GEO"), and Wellpath LLC ("Wellpath"), (collectively "Defendants") hereby stipulate and respectfully request that the Court enter an addendum to the Stipulated Protective Order (Dkt. 54) pursuant to Fed. R. Civ. P. 5.2, 7, and 26, as well as U.S. Dist. Ct., C.D. Cal., Local Rules 7-1 and 52-4.1; and any applicable Orders of the Court – as follows (the "Addendum"):

/ / /

/ / /

1. **PURPOSES AND LIMITATIONS**

   Plaintiff is seeking production of certain blueprints of the Adelanto infirmary (the "Adelanto Infirmary Schematics"). The terms, definitions, and provisions of the existing Stipulated Protective Order remain in full effect and shall control unless a more specific term, definition, or provision relating to the Adelanto Infirmary Schematics is set forth in this Addendum.

   Due to the sensitive nature of this information, no one subject to this Addendum shall use the Adelanto Infirmary Schematics, defined below, obtained in this litigation in any other proceedings, including in federal or state proceedings and enforcement actions. Nothing in this Order shall prohibit parties from withholding from production or redacting any document covered by the attorney-client privilege or work product protection.

   As set forth in Section 12.3 of the Stipulated Protective Order, this Addendum does not entitle the parties to file the Adelanto Infirmary Schematics under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

   2.1   <u>Adelanto Infirmary Schematics</u>: materials sufficient to show the layout, schematics, and dimensions of the infirmary of the Adelanto Immigration Detention Facility where detainees can be found.

   2.2   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—ADELANTO INFIRMARY SCHEMATICS."

   2.3   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—ADELANTO INFIRMARY SCHEMATICS."

3. **DESIGNATING PROTECTED MATERIAL**

**3.1    Manner and Timing of Designations**. Except as otherwise provided in this Addendum or the Stipulated Protective Order, or as otherwise stipulated or ordered, the Adelanto Infirmary Schematics that qualify for protection under this Addendum or the Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Addendum and the Stipulated Protective Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "HIGHLY CONFIDENTIAL—ADELANTO INFIRMARY SCHEMATICS" (hereinafter "HIGHLY CONFIDENTIAL—ADELANTO INFIRMARY SCHEMATICS legend") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) If a Party initially produces documents for inspection (e.g., because of the sensitive nature of the documents, the volume of materials and to reduce unnecessary copying), in lieu of marking the original of a document which contains Adelanto Infirmary Schematics prior to such an inspection, Counsel for the Producing Party may in writing designate documents or things being produced for inspection as containing Adelanto Infirmary Schematics, thereby making them subject to this Order. Any copies of such documents thereafter provided, however, must be marked by the Designating Party, if appropriate, in accordance with this Order at the time copies are formally produced. Tangible objects constituting or containing Adelanto Infirmary Schematics may be designated "HIGHLY CONFIDENTIAL—ADELANTO INFIRMARY SCHEMATICS" by affixing to the object or its

container, a label or tag marked "HIGHLY CONFIDENTIAL—ADELANTO INFIRMARY SCHEMATICS."

(c) For Adelanto Infirmary Schematics produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "HIGHLY CONFIDENTIAL—ADELANTO INFIRMARY SCHEMATICS." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**3.2    Redactions**. The Designating Party may redact any portions of the Protected Material that do not feature the schematics of the infirmary area at Adelanto where detainees may be found. However, the Designating Party may not redact any portions of the ventilation system, windows, doors, or any other feature through which air flows to, from, or between infirmary areas where detainees may be found.

**4.    ACCESS TO AND USE OF PROTECTED MATERIAL**

**4.1    Disclosure of "HIGHLY CONFIDENTIAL—ADELANTO INFIRMARY SCHEMATICS" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL—ADELANTO INFIRMARY SCHEMATICS," and any notes, mental impressions, depiction, or description thereof, only to:

(a) Outside Counsel of Record for the parties to this case, including any individuals designated as Outside Counsel of Record after the date of this Addendum, and the support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in the Stipulated Protective Order) retained by Counsel for the Receiving Party to whom disclosure is reasonably necessary for this Action

and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff;

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(f) during their depositions, witnesses, and attorneys for witnesses, who are currently employed by U.S. Immigration and Customs Enforcement or GEO Group, Inc. or their affiliates or contractors, or who created or received the documents or other items;

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**4.2   Copies of "HIGHLY CONFIDENTIAL—ADELANTO INFIRMARY SCHEMATICS" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may make no more than four (4) copies of the Adelanto Infirmary Schematics for circulation collectively to Outside Counsel of Record and their experts. A Receiving Party may also make, but not retain, two (2) additional copies of the Adelanto Infirmary Schematics for each deposition in which the witness will be asked about the Adelanto Infirmary Schematics for use by the witness and the witness's counsel during the deposition. Copies of the Adelanto Infirmary Schematics for inclusion in motions filed in this Action are not subject to this numerical limitation.

**4.3   Tracking Attorney for Copies of "HIGHLY CONFIDENTIAL— ADELANTO INFIRMARY SCHEMATICS" Information or Items.** Outside Counsel of Record shall identify one (1) attorney with responsibility for maintaining and tracking the location of each copy of the Adelanto Infirmary Schematics at all times (the "Tracking Attorney"). The Tracking Attorney shall keep a log of the circulation of the original and each copy of the Adelanto Infirmary Schematics,

including the name of the recipient, which copy of the Adelanto Infirmary Schematics was sent or delivered to a recipient, the date of the transmission to the recipient, the date the copy was returned to Tracking Attorney, and the method of transmission between the Tracking Attorney and the recipient.

**4.4 Dissemination of Copies of "HIGHLY CONFIDENTIAL—ADELANTO INFIRMARY SCHEMATICS" Information or Items.** Any dissemination of a copy of the Adelanto Infirmary Schematics that is not accomplished by personal delivery shall be by certified overnight mail and require a signature by the recipient or the recipient's agent.

## 5. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—ADELANTO INFIRMARY SCHEMATICS" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Addendum or to the Stipulated Protective Order. Such notification shall include a copy of this Addendum and Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—ADELANTO INFIRMARY SCHEMATICS" before a

determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 6. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Addendum and the Stipulated Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ADELANTO INFIRMARY SCHEMATICS." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Addendum or the Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections, including negotiating a separate protective order with any third party, provided that all parties to this litigation are included in the negotiation of such agreement and ultimately agree to the terms of such agreement.

## 7. VIOLATION

Any violation of this Addendum or of the Stipulated Protective Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

/ / /

/ / /

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: November 8, 2024 | LAW OFFICES OF STACY TOLCHIN |
| 3 | | */s/ Stacy Tolchin* |
| 4 | | STACY TOLCHIN<br>MEGAN BREWER |
| 5 | | |
| 6 | | Attorneys for Plaintiff<br>Martin Vargas |
| 7 | Dated: November 8, 2024 | E. MARTIN ESTRADA<br>United States Attorney<br>DAVID M. HARRIS |
| 8 | | Assistant United States Attorney<br>Chief, Civil Division |
| 9 | | JOANNE S. OSINOFF |
| 10 | | Assistant United States Attorney<br>Chief, Complex and Defensive Litigation Section |
| 11 | | |
| 12 | | */s/ Shaina C. St John*<br>SHAINA C. ST JOHN* |
| 13 | | ERIN CHOI<br>Assistant United States Attorneys |
| 14 | | |
| 15 | | Attorneys for Defendant<br>United States of America |
| 16 | Dated: November 8, 2024 | BURKE, WILLIAMS & SORENSEN, LLP |
| 17 | | |
| 18 | | */s/ Susan E. Coleman*<br>SUSAN E. COLEMAN |
| 19 | | DEANN R. RIVARD |
| 20 | | Attorneys for Defendant<br>The GEO Group, Inc. |
| 21 | Dated: November 8, 2024 | BERTLING LAW GROUP |
| 22 | | */s/ Jemma Parker Saunders* |
| 23 | | PETER G. BERTLING<br>JEMMA PARKER SAUNDERS |
| 24 | | Attorneys for Defendant |
| 25 | | Wellpath, LLC |

26  *Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have
27  authorized the filing.
28

-8-
ADDENDUM TO STIPULATED PROTECTIVE ORDER

1  
2  **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**  
3  
4  **DATED:** November 8, 2024    _____  
5  
6                          **HON. SHERI PYM**  
                        **U.S. MAGISTRATE JUDGE**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Addendum to Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Martin Vargas v. United States of America, et al.*, case no. 5:23-cv-00380- JWH-SP. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City/State where sworn and signed: _____

Printed name: _____

Signature: _____