UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 8, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Clerk | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order Granting in Part and Denying in Part Plaintiff's Motion to Compel Defendant GEO to Provide Further Discovery Reponses [152]**

## I. INTRODUCTION

On October 8, 2024, plaintiff Martin Vargas filed a motion to compel defendant The GEO Group to produce all documents responsive to certain requests for production ("RFPs"), produce amended responses to certain requests for admission ("RFAs") and interrogatories, and designate a Rule 30(b)(6) deponent.[1] Docket no. 152. The parties' positions are set forth in a joint stipulation ("JS"). Plaintiff's arguments are supported by the declaration of his counsel Laboni Hoq ("Hoq Decl.") and exhibits. GEO's arguments are supported by the declarations of its counsel Susan E. Coleman ("Coleman Decl.") and the Assistant Facility Administrator at Adelanto Immigration and Customs Enforcement Processing Center Berta Barocio-Sullivan ("Barocio-Sullivan Decl.") and exhibits.

On October 15, 2024, plaintiff filed a supplemental memorandum ("P. Supp. Mem.") supported by another declaration of Hoq ("Supp. Hoq Decl.") and exhibit. Docket no. 161. Defendant filed a supplemental memorandum ("D. Supp Mem.") the same day. Docket no. 160.

The court held a hearing on the motion on October 29, 2024, although portions of the motion addressed in this order were not discussed at the hearing. After considering

---

[1] Plaintiff also moves for sanctions for GEO's alleged spoliation of evidence, which the court will address in a separate order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 8, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

the parties' written and oral arguments, for the reasons discussed herein the court now grants in part and denies in part plaintiff's motion.

## II. BACKGROUND

### A. General Background

Plaintiff Martin Vargas is the son of decedent Martin Vargas Arellano, who died after contracting COVID in the custody of Immigration and Customs Enforcement ("ICE") – an agency of defendant United States of America – at the Adelanto ICE Processing Center ("Adelanto"). Second Amended Complaint ("SAC") ¶¶ 1-3, 143, 158, 170, 182. Defendant GEO was contracted to manage operations at Adelanto and subcontracted with defendant Wellpath, LLC to provide detainees health care. SAC ¶ 2.

Decedent tested positive for COVID on December 10, 2020. SAC ¶ 8. He was hospitalized for COVID symptoms on December 11, 2020, January 26, 2021, and February 17, 2021. SAC ¶¶ 121, 125, 127. On February 19, 2021, a Wellpath medical director sent an ICE medical coordinator an email stating that decedent was at risk of "sudden death" from "multiple ailments . . . in the wake of COVID-19 infection." SAC ¶ 129. ICE then initiated a plan to release decedent. SAC ¶ 130. Before any release occurred, on or about February 26, 2021, decedent suffered a stroke that caused brain death. SAC ¶ 132. On March 5, 2021, decedent was supposedly released on his own recognizance while in the hospital, although he was comatose and brain dead. SAC ¶ 133. His family was not informed of his medical condition or release. *Id.* Decedent died on March 8, 2021. SAC ¶ 134.

On April 13, 2020, detainees at Adelanto filed a class action challenging their conditions of confinement due to the COVID-19 pandemic in *Roman v. Wolf*. Hoq Decl. ¶ 12, Ex. J. A special master was appointed in that case and determined decedent likely contracted COVID from a Wellpath medical provider who examined him on November 29, 2020. *Id.* ¶ 13, Ex. K. The Special Master produced his final report regarding Mr. Vargas Arellano's death on July 16, 2021. *Id.* ¶ 22, Ex. T.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 8, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

**B.     Relevant Discovery Background**

On June 6, 2023, plaintiff served his first set of RFPs (Nos. 1-23) on GEO, and GEO served its responses on August 10, 2023. Hoq Decl. ¶ 3, Ex. A. On October 3, 2023, plaintiff served his second set of RFPs (Nos. 24-32) on GEO, and GEO responded on December 13, 2023. *Id.* ¶ 4, Ex. B.

On July 1, 2024, plaintiff served his Rule 30(b)(6) deposition notice on GEO. Hoq Decl. ¶ 30, Ex. BB. Plaintiff deposed James Janecka, GEO's Rule 30(b)(6) witness, on July 25, 2024. *Id.* ¶ 23, Ex. U.

On July 3, 2024, plaintiff sent GEO an email inquiring about the status of several documents and interrogatory responses. *Id.* ¶ 8, Ex. F. GEO responded that same day. *Id.*, Ex. F. On August 15, 2024, plaintiff sent GEO a request via email to meet and confer on a variety of topics. *Id.* The parties met and conferred via Zoom on August 28, 2024. *Id*; Coleman Decl. ¶ 22. GEO's counsel had previously made a request to record the Zoom conference because plaintiff's counsel spoke quickly, but this request was denied. Coleman Decl. ¶ 22. Afterwards, GEO's counsel sent an email to memorialize the topics they covered during the meet and confer session. *Id.* ¶ 23; Hoq Decl., Ex. G.

Meanwhile, on August 2, 2024, plaintiff served his third set of RFPs (Nos. 33-51), third set of interrogatories (Nos. 22-25), and first set of RFAs (Nos. 1-43) on GEO, to which GEO responded on September 3, 2024. Hoq Decl. ¶ 5-7, Ex C-E.

On September 12, 2024, plaintiff's counsel sent GEO another request to meet and confer. Hoq Decl., Ex. H. The parties met and conferred, and plaintiff's attorney sent an email confirming the topics the parties discussed during the meeting. *Id.*, Ex. I. At the meeting, plaintiff proposed narrowing the scope of Interrogatory Nos. 22-23 to include staff and detainee records from only the West 5 Bravo Dorm ("W5B"), and the West Psychiatric and Medical Infirmaries from November 27, 2020 to December 11, 2020. Coleman Decl. ¶ 8.

Plaintiff now seeks an order compelling GEO to: (1) supplement its deficient ESI discovery responses and produce an amended privilege log; (2) submit to a further Rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 8, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

30(b)(6) deposition; (3) produce amended responses to RFAs Nos. 30-31 and 37-42; (4) produce amended responses to Interrogatory Nos. 22 and 23; (5) produce all documents responsive to RFP Nos. 33, 41, and 50; and (6) produce all Adelanto facility entrance screening logs responsive to RFP No. 19.

### III.   DISCUSSION

### A.   GEO Is Ordered to Supplement Its Deficient ESI Production and Produce an Amended Privilege Log

Plaintiff moves to compel GEO to produce all documents identified on its privilege log that either: (1) lack an attorney as a listed sender or recipient or (2) include as a listed recipient anyone other than a GEO employee or attorney.  JS at 47.  GEO states it is willing to amend its discovery responses to reflect that, after reviewing the disputed records on the log, it produced more than 27,000 pages of ESI which had previously been withheld.  JS at 47.  GEO contends only three disputed records remain and offers to present those records for an in-camera review.  JS at 47-48.  Plaintiff states GEO had not turned over all 27,000 disputed records as of October 15, 2024.  P. Supp. Mem. at 4.  Plaintiff also indicates GEO has not produced an amended privilege log to justify its withholding of the three remaining documents.  *Id.*

Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure requires that parties withholding otherwise discoverable information on the ground of privilege must expressly claim the privilege and "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that . . . will enable other parties to assess the claim."  Fed. R. Civ. P. 26(b)(5)(A).  A privilege log is typically used to comply with Rule 26(b)(5)(A).  *See Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 650-51 (E.D. Cal. 2010).

Here, defendant GEO produced a lengthy privilege log.  *See* Hoq. Decl., Ex. AA. But the basis for defendant's claims of attorney-client privilege are not apparent for many items listed on the log.  Although GEO states it has now produced almost all the documents in dispute, it has not produced an updated log to justify its continued withholding of three documents in dispute.  As such, the court cannot tell whether in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 8, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

camera review is needed.  Nor can plaintiff fairly assess whether there are in fact only three remaining documents in dispute.

Accordingly, the court orders GEO to provide plaintiff with an updated privilege log.  The privilege log must comply with the Federal Rules of Civil Procedure and raise only applicable privileges.  In addition, to the extent GEO has not completed production of the specified 27,000-plus pages of additional ESI documents, GEO is now ordered to do so immediately.

**B.     GEO Is Ordered to Prepare a Rule 30(b)(6) Deponent to Testify Regarding Topics 1-4 and 6-8 and Submit to a Further Deposition**

Under Fed. R. Civ. P. 30(b)(6), a party may name an entity, organization, or corporation as the deponent in a notice of deposition or subpoena, which must describe with reasonable particularity the matters for examination.  The named organization must designate an individual to testify on its behalf, and the person designated must testify about information known or reasonably available to the organization.  Rule 30(a)(2)(A)(ii) requires a party to obtain leave of court before taking a deposition if the deponent has already been deposed in the case.

Plaintiff claims GEO's Rule 30(b)(6) designee, former Adelanto Facility Administrator James Janecka, was not prepared to testify as to a number of issues: (1) GEO's compliance with ICE's COVID-19 spot checks; (2) GEO's contact tracing policies and protocols; (3) detainee housing arrangements to stop the spread of COVID-19; and (4) GEO's contract with Wellpath related to Wellpath's obligation to obtain pre-approval from ICE related to providing healthcare to Adelanto detainees.  JS at 49.  Plaintiff also claims GEO and Wellpath withheld important emails until after Janecka's deposition so that he could not question Janecka about them.  *Id.*  GEO argues these questions are about topics that should have been directed to either ICE or Wellpath, and plaintiff is already in possession of the answers to the questions it seeks to ask.  JS at 53.

GEO's arguments are not persuasive.  Although GEO may believe these topics are more appropriately addressed to ICE or Wellpath, they are certainly topics about which GEO should have knowledge.  For example, GEO would have knowledge of its own

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 8, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

compliance with ICE's COVID spot checks, seeing as these checks took place within a GEO facility. GEO would also obviously have knowledge of its own tracing policies and protocols and the housing arrangements of detainees within its own facility. GEO's contention that no one within GEO could be prepared to answer questions on such topics is not credible. Moreover, it is irrelevant plaintiff may already have answers to some of the questions it seeks to ask GEO. Plaintiff is entitled to GEO's answers to the questions, particularly since the topics concern GEO. Such answers may augment what plaintiff has already learned and also go to GEO's knowledge.

GEO is thus ordered to designate and properly prepare a Rule 30(b)(6) witness to testify at a further deposition on the topics identified herein. The witness must also answer questions relating to ESI and documents produced since the July 25, 2024 deposition.

**C.     GEO Is Ordered to Produce Amended Responses to Plaintiff's Requests for Admission Nos. 30-31, But Not Nos. 37-42**

A party to litigation may serve on any other party a written request to admit the truth of any non-privileged matter that is relevant to any party's claim or defense relating to facts, the application of law to fact, or opinions about either or relating to the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1); *see also* Fed. R. Civ. P. 26(b)(1). RFAs are intended to narrow the issues for trial, benefitting the court and the parties in ensuring a shorter and more focused trial. *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981) ("The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial."). "[R]equests for admission should not be used to establish 'facts which are obviously in dispute,' or to 'demand that the other party admit the truth of a legal conclusion,' even if the conclusion is 'attached to operative facts,' or to ask the party to admit facts of which he or she has no special knowledge." *Lakehead Pipe Line Co. v. Am. Home Assur. Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997); *Tuvalu v. Woodford*, 2006 WL 3201096 at *7 (E.D. Cal. Nov.2, 2006) (quoting *Disability Rts. Council v. Wash. Metro. Area*, 234 F.R.D. 1, 3 (D.D.C. 2006)). If a party asserts an objection instead of responding with an admission or denial, it must state the reasons for its objection. Fed. R. Civ. P. 36(a)(5). If the court determines that a party's objection to an RFA was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 8, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

improper, it may either find the matter admitted or order the responding party to serve an amended answer. Fed. R. Civ. P. 36(a)(6).

Plaintiff's RFA Nos. 30-31 ask GEO to admit to facts concerning its disciplinary and documentary policies related to staff failure to wear personal protective equipment ("PPE"). JS at 54-55. GEO objects to these RFAs as phrased, claiming they are vague, ambiguous, and attempt to mislead the court. *Id.* It is unclear what is vague or ambiguous about these requests and GEO did not explain what makes them so. GEO's initial response only indicates the term "policy" is vague and ambiguous, which is meritless. Accordingly, these objections are overruled.

It is also unclear why GEO believes the requests would mislead the court. The federal rules explicitly allow parties to "qualify an answer or deny only part of matter." Fed. Rule Civ. P. 36(a)(4). If GEO wishes to qualify its answer by stating it has a progressive discipline policy for all staff violations, as it has done with this court, it may do so. *See* Barocio-Sullivan Decl. ¶ 3, Ex. EE.

Plaintiff's RFAs Nos. 37-42 seek to determine whether GEO provided information to ICE to assist in its response to Interrogatory no. 54 of the *Roman* case. JS at 58. GEO objects, claiming, inter alia, the requests were vague, ambiguous, and called for speculation as to what ICE relied upon to formulate its response to interrogatory no. 54 of the *Roman* case. JS at 59. The court agrees and sustains GEO's objections to these requests.

In sum, GEO's objections to RFA Nos. 30 and 31 are overruled. GEO is ordered to promptly provide amended responses to plaintiff's RFA Nos. 30-31.

**D.     GEO Is Ordered to Produce Amended Responses to Plaintiff's Interrogatory Nos. 22 and 23**

Plaintiff next moves the court to order GEO to produce amended responses to plaintiff's Interrogatory Nos. 22 and 23, which concern information about staff and detainees who were in close proximity to the decedent. JS at 62. After conversations between the parties, plaintiff agreed to narrow his request to staff and detainees in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 8, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

W5B and West Psychiatric and West Medical Infirmaries between November 27, 2020, and December 11, 2020.  *Id.*  GEO still objects, claiming plaintiff should have narrowed the search further and plaintiff's inclusion of this issue in the instant motion was premature.  *Id.*  GEO also indicated in its supplemental memorandum that in the week following the filing of the joint stipulation on this motion, it produced the staffing rosters for the W5B area from November 27, 2020 to December 11, 2020.  D. Supp. Mem. at 2.

Plaintiff's inclusion of this issue in his motion to compel was not premature.  Plaintiff included this issue in his meet and confer letter as required by Local Rule 37-1.  Hoq Decl., Ex. H at 6.  By GEO's own admission the parties engaged in discussions about narrowing the scope of plaintiff's interrogatories.  *See* Coleman Decl. ¶ 8.

The court agrees with GEO it would be irrelevant to produce staffing and detainee rosters for areas in which Mr. Vargas Arellano was not present.  But GEO itself is in the best position to determine the decedent's location while in Adelanto, not plaintiff.  And indeed, GEO's supplemental memorandum indicates decedent was housed in W5B during the time in question.  If that is correct and GEO produced the staffing rosters as it indicated, it must simply affirm that in a supplemental response to Interrogatory No. 22.  Similarly, GEO must produce the detainee rosters from November 27, 2020 to December 11, 2020 for W5B (or wherever decedent was housed on those dates), and affirm it has done so in a supplemental response to Interrogatory No. 23.

E.      <u>The Dispute Regarding Adelanto's Floor Plan Is Effectively Moot</u>

Plaintiff also moves the court to compel GEO to produce documents related to the floor plan of locations frequented by the decedent between September 2020 and March 2021, as described in plaintiff's RFP No. 33.  JS at 63-64.  GEO argues the production of Adelanto's blueprints present serious security concerns and plaintiff has failed to show how the floor plan is relevant to the case.  JS at 66.

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 8, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). To be relevant, the information sought "need not be admissible in evidence"; however, it must be "proportional to the needs of the case." *Gonzales*, 234 F.R.D. at 679-80. Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

Balancing plaintiff's need for the information with the risk to Adelanto's security, the court concludes plaintiff has shown his need for access to some, but not all, of the requested information from GEO. But the court need not determine the exact information GEO must produce. Concurrent with the filing of the instant motion, plaintiff also filed a motion seeking the same information from defendant USA. Docket no. 148. Plaintiff and USA subsequently resolved their dispute, with USA agreeing to produce certain schematics. *See* docket nos. 171, 176. This appears reasonable. To the extent holes remain in the information in USA's possession, custody, or control that GEO may be able to fill, the parties must meet and confer regarding what GEO should produce, consistent with the resolution reached between plaintiff and USA. Otherwise, plaintiff's motion to compel production of floor plans from GEO is denied as moot.

### F. **Plaintiff's Motion for the Location of Video Surveillance Cameras in Adelanto Is Denied**

Plaintiff next argues the court should compel GEO to produce documents showing the locations of video surveillance cameras in Adelanto which "capture the housing and movement of detainees and any interactions between detainees and [Adelanto] staff" in response to plaintiff's RFP No 41. JS at 65 (alteration in original). GEO argues disclosure of the locations of video cameras in Adelanto would present serious safety risks for the Adelanto facility. JS at 66.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 8, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

The court agrees with GEO. Plaintiff's RFP No. 41 is extraordinarily broad, seeking the location of all cameras that capture the housing or movement of any detainee as well as anywhere detainees and Adelanto staff may interact. *See* JS at 63. This request would effectively require the disclosure of almost all video cameras at Adelanto. Given the breadth of the requested disclosure, GEO's concern for the safety and security of both Adelanto staff and the Adelanto facility itself is not unfounded. Other courts have noted the serious security risks inherent with disclosing the locations of video cameras within prison facilities. *See Reyes v. Cnty. of Los Angeles*, 2020 WL 6595086, at *5 (C.D. Cal. Sept. 11, 2020); *see also J.A.M. v. U.S.*, 2023 WL 3185791, at *5 (S.D. Cal. Apr. 28, 2023). These risks extend not only to the Adelanto staff, but also to those housed at Adelanto and the public as a whole.

Given the wide breadth of plaintiff's RFP No. 41 and the significant security risks, the court denies plaintiff's request for documents showing the location of video surveillance cameras at Adelanto.

### G.      **GEO Is Ordered to Produce an Amended Response to Plaintiff's RFP No. 50**

Plaintiff also moves to compel GEO to produce all document preservation notices in its possession related to the *Roman* case as requested by plaintiff's RFP No. 50. JS at 64-65. In the parties joint stipulation, GEO represents to the court that "the *Roman* litigation hold records, document preservation notice, and/or direction to cease routine or scheduled destruction of documents in response to the anticipated or pending *Roman* litigation were not issued to GEO . . . ." JS at 66-67. Therefore, the court orders GEO to produce a verified, amended response to plaintiff's RFP No. 50 stating the same.

### H.      **GEO Is Ordered to Produce Adelanto Entrance Screening Logs**

Finally, plaintiff moves the court to compel GEO to produce all Adelanto Facility Entrance Screening Logs going back to September 1, 2020, in response to plaintiff's RFP No. 19. JS at 68. GEO argues it has agreed to produce these records and is in the process of locating all relevant documents. *Id.* As a result, GEO argues plaintiff has moved on this issue prematurely. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:23-cv-00380-JWH-SPx | Date | November 8, 2024 |
|---|---|---|---|
| Title | Martin Vargas v. United States of America et al. | | |

    Plaintiff sent GEO an email concerning its production of Adelanto entrance screening logs on September 13, 2024.  Hoq Decl., Ex. F.  The parties evidently met and conferred on this issue on September 23, 2024, though the email confirming this states the parties discussed production of screening logs from only November 27, 2020 to December 11, 2020.  JS at 68, Hoq Decl., Ex. I.  But based on GEO's response in the parties' joint stipulation, it appears GEO has agreed to produce documents dating back to September 1, 2020.  *See* JS at 68.  And in its supplemental memorandum, GEO stated it has produced "[a]dditional entrance screening logs."  D. Supp. Mem. at 2.

    By sending a meet and confer letter and discussing the issue with opposing counsel in good faith, plaintiff satisfied the meet and confer requirement of Local Rule 37-1.  While the court understands it is difficult and time-consuming for GEO to manually search through and produce hard copies of records, that difficulty does not absolve GEO of its duty to produce the requested documents.  *See id.*  Accordingly, the court finds plaintiff has not moved on this issue prematurely and orders GEO to promptly produce all Adelanto facility entrance screening logs according to the parties' agreement, to the extent it has not already done so.

## IV. ORDER

    For the foregoing reasons, the court GRANTS IN PART AND DENIES IN PART plaintiffs' motion to compel (docket no. 152), as set forth above.