STACY TOLCHIN (Cal. Bar No. 217431)
MEGAN BREWER (Cal. Bar No. 268248)
Law Offices of Stacy Tolchin
    776 E. Green St., Suite 210
    Pasadena, CA 91101
    Telephone: (213) 622-7450
    Facsimile: (213) 622-7233
    Email: Stacy@Tolchinimmigration.com
    Email: Megan@Tolchinimmigration.com

KHALED ALRABE (Cal. Bar No. 349899)
MATTHEW VOGEL (admitted pro hac vice)
National Immigration Project of the National Lawyers Guild
    1200 18th Street NW Suite 700
    Washington, DC 20036
    Telephone: (202) 470-2082
    Facsimile: (617) 227-5495
    Email: khaled@nipnlg.org
    Email: matt@nipnlg.org

(continued on next page)

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Martin VARGAS, individually and as Successor in Interest of the Estate of Martin Vargas Arellano, | Case No. 5:23-cv-00380-JWH-SP |
| Plaintiff, | **PLAINTIFF'S STATUS REPORT** |
| v. | *Status Conference*<br>Date: March 07, 2025<br>Time: 11:00 a.m. |
| UNITED STATES OF AMERICA; THE GEO GROUP; and WELLPATH, LLC, | Honorable John W. Holcomb<br>United States District Judge |
| Defendants. | |

LABONI A. HOQ (SBN 224140)
Email: laboni@hoqlaw.com
Hoq Law APC
P.O. Box 753
South Pasadena, CA 91030
Telephone: (213) 973-9004

Attorneys for Plaintiff
Martin Vargas

1

Plaintiff Martin Vargas ("Plaintiff") submits this Status Report to inform the Court that the Bankruptcy Court in Southern District of Texas has lifted the stay as to Plaintiff's claims in this case against Defendant GEO.

### Background

This case arises from the death of Martin Vargas Arellano, an immigration detainee who was housed at a federal detention facility, known as Adelanto ICE Processing Center ("Adelanto"), located in Adelanto, California and owned and operated by the GEO Group, Inc. ("GEO"). The United States contracted with GEO to operate Adelanto, and GEO, in turn, subcontracted with Wellpath, LLC ("Wellpath") to provide medical services to Adelanto detainees. On March 7, 2023, Plaintiff Martin Vargas ("Plaintiff"), Mr. Vargas Arellano's son, filed a Complaint in the U.S. District Court, Central District of California, against GEO and its sub-contractor, Wellpath, alleging statutory violation of detention standards and tort claims related to their failure to protect Mr. Vargas Arellano from COVID-19 at Adelanto, as well as alleging tort claims against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C §§ 1346(b), 2671–80.

### Relevant Procedural History

On November 6, 2024, the parties held a mediation with Magistrate Judge Sheri Pym. During this mediation, Plaintiff and the United States reached an agreement on the material terms of a settlement. Dkt. 177 (Notice of Settlement); Dkt. 175 (Minutes of Settlement Conference). Plaintiff, GEO, and Wellpath were unable to reach a settlement at the mediation. Dkt. 175.

On November 8, 2024, Plaintiff and the United States informed this Court of their settlement. Dkt. 177. In their Notice of Settlement, Plaintiff and the United States informed this Court that they were "working to formalize a written agreement" and "[t]he United States anticipates filing a Motion for Determination of Good Faith Settlement within the next thirty (30) days." Dkt. 177 at 2.

On November 15, 2024—one week after Plaintiff and the United States informed this Court that they had reached a settlement—Wellpath filed a Suggestion of Bankruptcy and Notice of Stay. Dkt. 180. Therein, Wellpath informed the parties and this Court that on November 11, 2024, it had filed a Voluntary Petition for Non-Individuals Filing Bankruptcy. *Id*. at 1-2. Wellpath also informed this Court and parties that the Bankruptcy Court had entered an Amended Interim Order Enforcing the Automatic Stay ("Interim Stay"), which stayed the instant case in its entirety until at least December 5, 2024, when the Bankruptcy Court set a hearing to decide whether to extend Interim Stay. *Id*. at 3.

On November 18, 2024, this Court directed the parties to file a Joint Status Report discussing the effect of the bankruptcy filing on the case by December 6, 2024, and to appear for a status conference on December 20, 2024. Dkt. 182.

On December 2, 2024, Plaintiff filed a Response to the Debtor's Emergency Motion to Extend the Automatic Stay to Non-Debtor Defendants objecting to the application of the stay to the USA and the GEO Group as Non-Debtor Defendants.

On December 2, 2024, the Bankruptcy Court in Southern District of Texas rescheduled the hearing originally set for December 5, 2024 to December 11, 2024.

On December 6, 2024, the Bankruptcy Court in Southern District of Texas rescheduled the hearing scheduled for December 11, 2024 to January 14, 2025, at 9:00 a.m.

On December 18, 2024, the Bankruptcy Court in Southern District of Texas granted a stipulation between Defendants USA and Wellpath and ordered that the *Wellpath* bankruptcy stay does not apply to the claims in this case against Defendant USA.

On December 20, 2024, the parties appeared before the Court for a status conference. The Court found that the *Wellpath* bankruptcy stay applied to Defendants Wellpath and GEO, vacated the trial schedule, and set a status conference for March 7, 2025, with a Joint Report regarding the status of the bankruptcy filing and its effect on this case due on or before February 14, 2025. Dkt. 189.

On January 7, 2025, the Court granted the parties' stipulation on good faith settlement as to the settlement between Defendant USA and Plaintiff. Dkt. 191. The parties are awaiting payment to Plaintiff and have stipulated to the dismissal of Defendant USA from this action once payment is received.

At the January 14, 2025 hearing, Plaintiff appeared to argue his obejctions to the extension of the Interim Stay as to Defendant GEO. After the hearing, the Bankruptcy Court in the Southern District of Texas issued an order extending the Interim Stay as to claims against certain non-debtors to February 18, 2024, and set a new hearing to consider any further extension based certain showings of the parties. Declaration of Laboni Hoq ("Hoq Decl.") at ¶ 2, Exhibit ("Ex.") A (Bankruptcy Dkt. 962).

Between January 15 and 20, 2025, Plaintiff and Wellpath negotiated a Stipulation and Proposed Order granting relief from the Interim Stay, including an agreement that Wellpath would lift the Interim Stay as to Plaintiff's claims against Defendant GEO, which the Bankruptcy Court in the Southern District of Texas granted on January 21, 2025. Hoq Decl. at ¶ 3, Ex. B (Bankruptcy Dkt. 1034).

**Recent Changes to the Scope of the Bankruptcy Court Stay**

The January 21, 2025 order of the Bankruptcy Court in the Southern District of Texas lifted the Interim Stay as to Plaintiff's claims in this case against Defendant GEO, but the stay remains in place with respect to Plaintiff's claims against Defendant Wellpath. Ex. B. In light of this order, Plaintiff requests the Court to advance the Status Conference set for March 7, 2025 to February 7, 2025, and order the Parties to submit a joint status report a week prior, on January 31, 2025, with proposed dates for a trial schedule as to Plaintiff's claims against GEO, including to replace those dates vacated by the Court's December 20, 2025 Order.

Plaintiff contacted counsel for GEO on January 21, 2025 to propose meeting and conferring about a proposed scheduling order and present that to the Court with a request for a Status Conference to address each party's respective proposals and to set a new

schedule. *See* Hoq Decl. at ¶4, Ex. C (Email correspondences dated between January 21 and 23, 2025, between Plaintiff's counsel and counsel for Defendants). Counsel for GEO did not agree with this course of action. *Id*. Because the stay against Defendant GEO has been lifted by operation of law, Plaintiff filed this unilateral status report to keep the Court abreast of this development.

Plaintiff will continue to try to meet and confer with GEO to attempt to come to some agreement on a new scheduling order, and asks that the Court issue a new scheduling order based on the parties' respective proposals following the Status Conference on this matter.

Respectfully submitted,

Dated: January 23, 2025          *\*/s/ Khaled Alrabe*

KHALED ALRABE (Cal. Bar No. 349899)
MATTHEW VOGEL (admitted pro hac vice)
National Immigration Project
1200 18th Street NW Suite 700
Washington, DC 20036
Telephone: (202) 470-2082
Facsimile: (617) 227-5495
Email: khaled@nipnlg.org
Email: matt@nipnlg.org


STACY TOLCHIN (Cal. Bar No. 217431)
MEGAN BREWER (Cal. Bar No. 268248)
Law Offices of Stacy Tolchin
776 E. Green St., Suite 210
Pasadena, CA 91101
Telephone: (213) 622-7450
Facsimile: (213) 622-7233
Email: Stacy@Tolchinimmigration.com
Email: Megan@Tolchinimmigration.com

LABONI A. HOQ (SBN 224140)
Email: laboni@hoqlaw.com
Hoq Law APC
P.O. Box 753

South Pasadena, CA 91030
Telephone: (213) 973-9004

Attorneys for Plaintiff
Martin Vargas