Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Deann R. Rivard (SBN 177482)
E-mail: drivard@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2953
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendant
THE GEO GROUP, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Martin VARGAS, individually and as Successor in Interest of the Estate of Martin Vargas Arellano, | Case No. 5:23-cv-00380-JWH-SP |
|---|---|
| Plaintiff, | **DEFENDANT THE GEO GROUP, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |
| v. | |
| UNITED STATES OF AMERICA; THE GEO GROUP; and WELLPATH, LLC. | Judge: Hon. John W. Holcomb |
| Defendants. | |

Defendant The GEO Group, Inc. (hereinafter "Defendant GEO"), in answer to the Third Amended Complaint [ECF 238] filed by Plaintiff Martin Vargas ("Plaintiff"), as Successor in Interest to the Estate of Martin Vargas Arellano ("Vargas-Arellano" or "decedent"), hereby admits, denies and alleges as follows:

**INTRODUCTION**

1.    In response to paragraph 1 of Plaintiff's Third Amended Complaint, Defendant GEO acknowledges that Martin Vargas files this action individually and as decedent's son and successor in interest. Defendant denies any remaining allegations for lack of information and belief.

2.    In response to paragraph 2 of Plaintiff's Third Amended Complaint,

Defendant GEO admits that Vargas-Arellano was detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Adelanto [ICE] Processing Center during the COVID-19 pandemic. Defendant GEO denies any remaining allegations for lack of information and belief.

3.     In response to paragraph 3 of Plaintiff's Third Amended Complaint, Defendant GEO Defendant admits that the USA, via ICE, owns the Adelanto Facility and that Adelanto is subject to ICE policies and standards including PBNDS and the PRR, that Adelanto is operated by Defendant GEO through its contract with ICE, and that Wellpath, LLC ("Wellpath") provided medical services at Adelanto during the time period that Vargas-Arellano was housed at Adelanto.

4.     In response to paragraph 4 of Plaintiff's Third Amended Complaint, Defendant GEO acknowledges that, while at Adelanto on December 10, 2020, Vargas-Arellano underwent a Wellpath randomly-administered COVID-19 test that came back positive for COVID-19 several days later. Defendant GEO denies any remaining allegations for lack of information and belief.

5.     In response to paragraph 5 of Plaintiff's Third Amended Complaint, Defendant GEO admits that Vargas-Arellano died at the age of 55 on March 8, 2021. Defendant GEO denies any remaining allegations for lack of information and belief.

6.     In response to paragraph 6 of Plaintiff's Third Amended Complaint, Defendant GEO admits that Vargas-Arellano was prescribed and assigned a wheelchair on or about October 16, 2019, while housed at Adelanto. Defendant GEO admits that Vargas-Arellano came into the Adelanto facility already suffering from high blood pressure, diabetes, liver disease (cirrhosis), cellulitis, hepatitis C, and severe psychiatric illness. Defendant GEO denies any remaining allegations for lack of information and belief.

7.     In response to paragraph 7 of Plaintiff's Third Amended Complaint, Defendant GEO admits that its contract with ICE required that GEO comply with

ICE's COVID-19 Pandemic Response Requirements ("PRR"), ICE's Performance Based National Detention Standards ("PBNDS"), U.S. Centers for Disease Control ("CDC") guidelines on managing COVID-19 in correctional facilities, and federal court orders issued to GEO during the *Roman v. Wolf* (No. 5:20-cv-00768-THJ-PVC (C.D. Cal.)) litigation. Defendant GEO admits that ICE's PBNDS contained the national detention standards with which GEO was required to comply. Defendant GEO denies any remaining allegations for lack of information and belief.

8.    In response to paragraph 8 of Plaintiff's Third Amended Complaint, Defendant GEO avers that Vargas-Arellano suffered from multiple co-morbidities from the time he entered Adelanto, that Wellpath documented and treated while Vargas-Arellano was at Adelanto.  Defendant GEO denies it failed to implement and enforce the COVID-19-required protections at Adelanto. Defendant GEO denies any remaining allegations for lack of information and belief.

9.    In response to paragraph 9 of Plaintiff's Third Amended Complaint, Defendant GEO admits that there were multiple widespread outbreaks of COVID-19 at Adelanto between September 2020, and January 2021. Defendant GEO denies that the outbreaks were caused by any failures by GEO.

10.    Paragraph 10 of Plaintiff's Third Amended Complaint contains characterizations of the *Roman* action and legal conclusions, to which no response is necessary.  The allegation in paragraph 10 is a vague and ambiguous conclusion of law as to the boilerplate statement "significant numbers." To the extent that any further answer is required, Defendant denies the remaining allegations therein, and further answers that it was not a party to the *Roman* litigation.

11.    Paragraph 11 of Plaintiff's Third Amended Complaint contains characterizations of the *Roman* action and legal conclusions, to which no response is necessary.  To the extent that any further answer is required, Defendant denies the remaining allegations therein, and further answers that it was not a party to the *Roman* litigation.

12. Paragraph 12 of Plaintiff's Third Amended Complaint contains characterizations of the *Roman* action and legal conclusions, to which no response is necessary. To the extent that a response is necessary to such allegations, Defendant denies them. Defendant denies the remaining allegations therein, and further answers that it was not a party to the *Roman* litigation.

13. In response to paragraphs 13-20 of Plaintiff's Third Amended Complaint, Defendant avers that it contracted with Defendant Wellpath for all medical care. Defendant GEO did not provide medical care to detainees nor did it have the power to release detainees. Defendant GEO admits that Vargas Vargas-Arellano tested positive for COVID-19 in December 2020, while at Adelanto. Defendant GEO admits that a Wellpath nurse was found by a Special Master in *Roman* to have likely infected Vargas-Arellano with COVID-19. Defendant GEO denies that it either caused or contributed to Vargas-Arellano's illness or death. Defendant GEO denies that it—or any of its counsel, officers or employees—"failed to comply" regarding preservation of video surveillance requirements (as opposed to not retaining such video which contained no "incidents" but only normal operations). Defendant GEO denies non-compliance with any *Roman* court mandates, PBNDS, PRR, and/or CDC COVID-19 requirements to which it was ordered to adhere. In response to the remaining allegations regarding Defendant Wellpath, these allegations concern Defendant Wellpath and therefore are not addressed by the answering party GEO. GEO denies that its staff screening was inadequate, that it failed to screen all staff—comprehensively or otherwise—and that it knowingly allowed staff exposed to COVID-19 to enter the facility. GEO denies that it was required to conduct mandatory twice-daily screenings of high risk detainees because all detainee COVID-19 screenings were conducted by Defendant Wellpath medical staff pursuant to contractual obligation. Defendant GEO avers that, just like any other rule or policy violation - none of which have a specific discipline policy or matrix associated with them - progressive discipline was used

while Vargas-Arellano was housed at Adelanto.  GEO avers it used progressive discipline to address any staff violations of rules between 2020-2021, related to staff potentially failing to participate in weekly saturation testing, failure to wear PPE as required, and any other violations of policy and procedure. Progressive discipline steps for failure to wear PPE as required included verbal warnings, remedial trainings, and documented counseling. GEO avers it drafted a mitigation plan in conformance with PRR requirements. Defendant GEO avers that Vargas-Arellano's randomly administered COVID-19 test administered by Defendant Wellpath on December 10, 2020, returned positive on or about December 13, 2020. Defendant GEO denies that Vargas-Arellano never fully recovered from COVID-19. In response to the remaining allegations regarding former Defendant ICE's interrogatories responses in the *Roman* litigation to which GEO was not a party, these allegations concern former Defendant ICE and therefore are not addressed by the answering party GEO. Defendant GEO denies any remaining allegations for lack of information and belief.

**JURISDICTION AND VENUE**

14.     In response to paragraphs 21-23 of Plaintiff's Third Amended Complaint, Defendant GEO admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity), and venue pursuant to 28 U.S.C. § 1391(b) (general venue). Defendant denies any remaining allegations for lack of information and belief.

**PARTIES**

15.     In response to paragraphs 21-23 of Plaintiff's Third Amended Complaint, Defendant GEO lacks sufficient information to admit or deny facts regarding Plaintiff's citizenship or residence. Defendant GEO admits that the USA, via ICE, owns the Adelanto Facility and that Adelanto is subject to ICE policies and detention standards including PBNDS and the PRR. Defendant GEO admits that GEO is a corporation headquartered in Florida which contracts with ICE to operate

the Adelanto Facility. Defendant GEO admits that Wellpath (formerly "CCS") provided the medical care at Adelanto during the relevant time period. Defendant GEO acknowledges that the United States ("USA") was previously a defendant in this case but was dismissed after having entered into a settlement with Plaintiff. Defendant GEO denies any remaining allegations for lack of information and belief.

## FACTUAL ALLEGATIONS

16.    In response to paragraphs 30-31, Defendant GEO admits that its contract with ICE to operate Adelanto includes a contractual obligation to comply with the 2016 revision to ICE's 2011 PBNDS detention standards during the relevant time period. Defendant GEO acknowledges that Wellpath was contractually required to comply with the same PBNDS detention standards.

17.    In response to paragraph 32, Defendant GEO denies that it failed to follow the PBNDS policies and practices cited in sub-paragraphs a-f. In response to the remaining allegations regarding Defendant Wellpath, these allegations concern Defendant Wellpath and therefore are not addressed by the answering party GEO.

18.    In response to paragraphs 33-35 of Plaintiff's Third Amended Complaint, Defendant GEO admits that ICE established Pandemic Response Requirements ("PRR") in 2020, which have been periodically updated. Defendant GEO admits the PRR provides standards for medical care regarding COVID-19 at detention facilities. Defendant GEO admits the Adelanto Facility also follows the CDC Interim Guidance for Correctional/Detention Facilities. Defendant GEO denies having failed to follow the PRRs. In response to the remaining allegations regarding Defendant Wellpath, these allegations concern Defendant Wellpath and therefore are not addressed by the answering party GEO.

19.    In response to paragraphs 36-37 of Plaintiff's Third Amended Complaint, Defendant GEO admits that it operates the Adelanto ICE Detention Facility for ICE. Defendant GEO also admits that in 2016, it contracted with Correct Care Solution ("CCS") (now Wellpath) to provide medical care at Adelanto.

Defendant GEO denies any remaining allegations for lack of information and belief.

20.    In response to paragraphs 38-42 of Plaintiff's Third Amended Complaint, these allegations concern CCS and Wellpath and therefore are not addressed by answering party GEO.

21.    In response to paragraph 43 of Plaintiff's Third Amended Complaint, Defendant GEO admits that it contracted directly with ICE to run the Facility beginning in June 2019. Defendant denies any remaining allegations for lack of information and belief.

22.    In response to paragraph 44 of Plaintiff's Third Amended Complaint, Defendant GEO admits that a report was issued but denies a causal link to Vargas-Arellano's having contracted COVID-19, or Vargas-Arellano's death. The remaining allegations concern CCS and Wellpath and therefore are not addressed by answering party GEO.

23.    In response to paragraphs 45-53 of Plaintiff's Third Amended Complaint, Defendant GEO denies that Adelanto's response to the pandemic of COVID-19 was inadequate. Defendant GEO admits that the case of *Roman v. Wolf*, 829 F.App'x 165 (9th Cir. 2020), to which GEO was not a party—although GEO Adelanto Facility Administrator James Janecka was a named defendant who was represented by the same counsel as Defendants DHS/ICE/Gabriel Valdez—resulted in various findings and orders, including reduction of the population to increase social distancing. Defendant GEO denies any remaining allegations for lack of information and belief.

24.    In response to paragraph 54 of Plaintiff's Third Amended Complaint, Defendant GEO denies that Adelanto was not adequately screening staff in September 2020, and October 2020.

25.    Paragraphs 55-58 of Plaintiff's Third Amended Complaint contain characterizations of the *Roman* action (to which Defendant was not a party) and legal conclusions, to which no response is necessary. To the extent that an answer is

necessary to such allegations, Defendant denies them.

26.    In response to paragraph 59 of Plaintiff's Third Amended Complaint, Defendant GEO admits that CRCL conducted an investigation after a complaint was issued to ICE in July 2021. Defendant GEO avers that, just like any other rule or policy violation - none of which have a specific discipline policy or matrix associated with them - progressive discipline was used while Vargas-Arellano was housed at Adelanto.  GEO avers it used progressive discipline to address any staff violations of rules between 2020-2021, related to staff potentially failing to participate in weekly saturation testing, failure to wear PPE as required, and any other violations of policy and procedure. Progressive discipline steps for failure to wear PPE as required included verbal warnings, remedial trainings, and documented counseling.  To the extent that any further answer is required, Defendant denies the remaining allegations therein, and further answers that it was not a party to the *Roman* litigation.

27.    Paragraphs 60-65 of Plaintiff's Third Amended Complaint contains factual allegations that contain Plaintiff's unproven factual allegations and allegations that concern former defendant USA and therefore are not addressed by the answering party GEO. To the extent that an answer is required to such allegations, Defendant denies any allegations for lack of information and belief.

28.    In response to paragraph 66 of Plaintiff's Third Amended Complaint, Defendant admits that Vargas-Arellano had numerous medical chronic conditions and co-morbidities.

29.    In response to paragraph 67 of Plaintiff's Third Amended Complaint, Defendant denies the allegations contained therein.

30.    In response to paragraphs 68-70 of Plaintiff's Third Amended Complaint, the language "Adelanto staff" is vague and ambiguous; these allegations presumably concern Defendant Wellpath and therefore are these allegations are not addressed by the answering party GEO. To the extent that an answer is required to

such allegations, Defendant denies any allegations contained therein .

31.    Paragraph 71 of Plaintiff's Third Amended Complaint contains characterizations of the *Roman* action, speculation as to the state of mind of entities and individuals, and legal conclusions, to which no response is necessary.  The allegation in paragraph 71 is a vague and ambiguous conclusion of law as to the boilerplate statement "contact," "subject to," and "applicable standards." To the extent that any further answer is required, Defendant denies the remaining allegations therein, and further answers that it was not a party to the *Roman* litigation. Footnote 33 to paragraph 71 contains a citation to which no response is necessary. To the extent that any response is necessary, Defendant responds that it was not a party to the *Roman* litigation.

32.    In response to paragraph 72 of Plaintiff's Third Amended Complaint, Defendant was not a party to the *Roman* litigation. The allegations in paragraph 72 concern former defendant USA and therefore are not addressed by the answering party GEO. To the extent that an answer is required to such allegations, Defendant denies any allegations for lack of information and belief.

33.    In response to paragraph 73 of Plaintiff's Third Amended Complaint, Defendant admits that Vargas-Arellano was subject to round-the-clock visual observations by GEO staff. Defendant denies the compound allegation that "some of [GEO and Wellpath staff] had been exposed to and later tested positive for COVID-19." Defendant denies the allegation that "a number of patients at the infirmary contracted COVID-19 while housed [in medical] at the same time [as Vargas-Arellano]."  The allegation is vague and ambiguous that "around the same time…" and as such Defendant denies the allegation for lack of information and belief.

34.    In response to paragraph 74 of Plaintiff's Third Amended Complaint, Defendant denies that Defendant's employees discharged Vargas-Arellano from the infirmary. Defendant admits that once Wellpath's staff discharged Vargas-Arellano, Defendant's staff moved Vargas-Arellano back to his assigned housing unit.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

9

Case No. 5:23-cv-00380-JWH-SP
DEF'T GEO'S ANSWER TO PLTF'S THIRD AMN'D
COMPLAINT; DEMAND FOR JURY TRIAL

35. In response to paragraphs 75-76, of Plaintiff's Third Amended Complaint, Defendant denies that Vargas-Arellano was not adequately protected from COVID-19. Defendant denies that Vargas-Arellano contracted COVID from any GEO staff, who would not have interacted as closely to Vargas-Arellano as Wellpath medical staff. Defendant denies that any GEO employee violated PBNDS, CDC and PRR standards. Defendant admits that Vargas-Arellano received a positive test result after his random COVID test on December 10, 2020.

36. In response to paragraph 77-79 of Plaintiff's Third Amended Complaint, the allegations in paragraph 77-79 concern Defendant Wellpath and therefore are not addressed by the answering party GEO. To the extent an answer is required, Defendant denies for lack of information and belief.

37. In response to paragraph 80 of Plaintiff's Third Amended Complaint, Defendant denies the allegations therein.

38. In response to paragraph 81 of Plaintiff's Third Amended Complaint, Defendant answers that the allegations contain characterizations of the *Roman* action and legal conclusions, to which no response is necessary.  Defendant further answers that the allegation is vague and ambiguous as to the term "several" and "being in the infirmary with [Vargas-Arellano] between November 28 and December 10, 2020," and as such Defendant denies the allegation. Defendant denies the remaining allegations therein, and further answers that it was not a party to the *Roman* litigation.

39. In response to paragraph 82 of Plaintiff's Third Amended Complaint, Defendant admits that Vargas-Arellano's medical records reflect Vargas-Arellano had a fever, and was tested for COVID-19 on December 10, 2020. Defendant admits that Vargas-Arellano's December 10th COVID positive test result came back on December 13, 2020. Defendant admits that Vargas-Arellano contracted COVID while housed within Adelanto.

40. In response to paragraph 83-85 of Plaintiff's Third Amended

Complaint, Defendant admits that Vargas-Arellano's medical records documentation states that Vargas-Arellano experienced COVID-related symptoms on or about December 11, 2020, for which Vargas-Arellano was hospitalized twice for diagnosis and treatment, treatment which he received. Defendant admits that another detainee housed in medical in a separate room from Vargas-Arellano contracted COVID while in medical during the time period that Vargas-Arellano was housed in medical between November 28, 2020, and December 11, 2020.

41.    In response to paragraph 86-87 of Plaintiff's Third Amended Complaint, Defendant denies the allegations that Defendant violated CDC and PRR guidelines and/or performed inadequate screening of persons entering Adelanto. Defendant denies the allegations it engaged in any "grossly and recklessly negligent acts."

42.    In response to paragraphs 88-100 of Plaintiff's Third Amended Complaint, Defendant admits that Vargas-Arellano had numerous medical issues (co-morbidities) and that he developed pneumonia. Defendant admits that Vargas-Arellano was hospitalized multiple times, and received treatment by Wellpath medical staff while housed at Adelanto. Defendant admits that Vargas-Arellano refused Wellpath staff's attempt to send him for a CT scan to check for a lung clot on January 6, 2021. Defendant denies any remaining allegations for lack of information and belief.

43.    In response to paragraph 101 of Plaintiff's Third Amended Complaint, Defendant denies the allegations. However, Defendant admits that on February 17, 2021, medical records documented that Vargas-Arellano told medical staff that he fell *the day prior* but did not tell Wellpath medical or GEO security staff of his fall.

44.    In response to paragraph 102 of Plaintiff's Third Amended Complaint, Defendant admits that Vargas-Arellano was hospitalized complaining of shortness of breath and was diagnosed with pulmonary edema and a possible stroke on or about February 18, 2021. Defendant denies any other remaining allegations.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

11

Case No. 5:23-cv-00380-JWH-SP
DEF'T GEO'S ANSWER TO PLTF'S THIRD AMN'D
COMPLAINT; DEMAND FOR JURY TRIAL

45.     Paragraphs 103-105 and footnote 35 to paragraph 103 of Plaintiff's Third Amended Complaint contain factual allegations that concern former defendant USA and therefore are not addressed by the answering party GEO. Defendant admits that it did not have the independent authority to release Vargas-Arellano from ICE's custody.

46.     In response to paragraph 106 of Plaintiff's Third Amended Complaint, Defendant admits that Vargas-Arellano suffered a stroke that caused brain death on or about February 26, 2021.

47.     Paragraph 107 of Plaintiff's Third Amended Complaint contains factual allegations that concern former defendant USA and therefore are not addressed by the answering party GEO. Defendant admits that it did not have the independent authority to release Vargas-Arellano from ICE's custody.

48.     In response to paragraph 108 of Plaintiff's Third Amended Complaint, Defendant admits that Vargas-Arellano died on March 8, 2021, due to brain death, with underlying causes of stroke, brain edema, aspiration pneumonia, and other significant conditions contributing to the death that did not result in the underlying cause of death being acute hypoxemic respiratory failure and hepatitis C following a right sided hemicraniectomy on February 28, 2021. Defendant denies that Vargas-Arellano's death was the result of complications brought [on] by COVID-19. As to the remaining allegations, Paragraph 108 contains factual allegations that concern former defendant USA related to the *Roman* litigation to which GEO was not a party, and therefore are not addressed by the answering party GEO.

49.     The allegations in paragraphs 109-111 of Plaintiff's Third Amended Complaint contain characterizations of the *Roman* action (to which Defendant was not a party), legal conclusions, and factual allegations applicable to former defendant USA, to which no response is necessary. To the extent that an answer is necessary to such allegations, Defendant denies them.

50.     In response to paragraph 112 of Plaintiff's Third Amended Complaint,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

12

Case No. 5:23-cv-00380-JWH-SP
DEF'T GEO'S ANSWER TO PLTF'S THIRD AMN'D
COMPLAINT; DEMAND FOR JURY TRIAL

Defendant admits that because Plaintiff did not request a private autopsy, no autopsy was performed prior to Plaintiff having Vargas-Arellano cremated at Attorney Laboni Hoq's expense. Defendant admits that Vargas-Arellano's death certificate lists the cause of death as being due to brain death, with underlying causes of stroke, brain edema, aspiration pneumonia, and other significant conditions contributing to the death that did not result in the underlying cause of death being acute hypoxemic respiratory failure and hepatitis C following a right sided hemicraniectomy on February 28, 2021. Defendant denies all other allegations.

51. In response to paragraphs 113-114 of Plaintiff's Third Amended Complaint, these allegations contain characterizations of Vargas-Arellano's immigration proceedings, legal conclusions, and factual allegations applicable to former defendant USA, to which no response is necessary. To the extent that an answer is necessary to such allegations, Defendant denies them for lack of information and belief.

52. The allegations in Paragraph 115 contain legal conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 115.

53. The allegations in Paragraph 116 contain legal and factual conclusions, to which no response is necessary. To the extent a response is necessary, Defendant denies the allegations in paragraph 116.

## CAUSES OF ACTION

### COUNT ONE

**(Violation of Detention Standards)**

***Defendants Wellpath and GEO***

54. In response to paragraph 117 of Plaintiff's Third Amended Complaint, Defendant responds that Plaintiff incorporates the allegations in the paragraphs above, to which no response is required. To the extent a response is required, Defendant incorporates its responses to the paragraphs above.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

13

Case No. 5:23-cv-00380-JWH-SP
DEF'T GEO'S ANSWER TO PLTF'S THIRD AMN'D
COMPLAINT; DEMAND FOR JURY TRIAL

55.    The allegations in paragraph 118 are conclusions of law and characterizations of Plaintiff's case, to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 118.

56.    In response to paragraph 119 of Plaintiff's Third Amended Complaint, Defendant admits Plaintiff brings a successor action on behalf of decedent.

57.    In response to the allegation in paragraph 120 of Plaintiff's Third Amended Complaint, Defendant admits that it is a private immigration detention facility operator.

58.    In response to the allegation in paragraph 121 of Plaintiff's Third Amended Complaint, Defendant responds that the allegations in paragraph 121 contains conclusions of law, to which no response is required. Defendant admits that Defendant contracted with Defendant Wellpath to provide medical services to detainees at Adelanto between April 1, 2019, and March 8, 2021.

59.    In response to the allegations in paragraph 122-127 of Plaintiff's Third Amended Complaint, Defendant admits it must adhere to its Facility contract terms, including ICE PBNDS. Defendant denies that it violated the PBNDS and denies it failed to adequately protect Vargas-Arellano. Defendant denies it failed to provide appropriate care or housing for decedent and denies its actions or inactions caused decedent's death and/or damages. Defendant denies any remaining allegations for lack of information and belief.

## COUNT TWO

### (Negligence)

### *Defendants Wellpath and GEO*

60.    In response to paragraph 128 of Plaintiff's Third Amended Complaint, Defendant responds that Plaintiff incorporates the allegations in the paragraphs above, to which no response is required. To the extent a response is required, Defendant incorporates its responses to the paragraphs above.

61.    In response to paragraph 129-130 of Plaintiff's Third Amended

Complaint, Defendant admits Plaintiff brings a successor action on behalf of decedent.

62.    In response to paragraphs 131-139 of Plaintiff's Third Amended Complaint, Defendant admits that Plaintiff alleges a negligent care cause of action including conditions that failed to prevent decedent's infection. Defendant denies that it breached a duty of care and denies it caused decedent pain, suffering, and/or death as a result of any of its actions or inactions. Defendant denies any remaining allegations for lack of information and belief.

## COUNT THREE

### (Negligent Infliction of Emotional Distress)

### *Defendants Wellpath and GEO*

63.    In response to paragraph 140 of Plaintiff's Third Amended Complaint, Defendant responds that Plaintiff incorporates the allegations in the paragraphs above, to which no response is required. To the extent a response is required, Defendant incorporates its responses to the paragraphs above.

64.    In response to paragraphs 141-142 of Plaintiff's Third Amended Complaint, Defendant admits Plaintiff brings a successor action on behalf of decedent.

65.    In response to paragraphs 143-146 of Plaintiff's Third Amended Complaint, Defendant admits that Plaintiff alleges a negligent infliction of emotional distress cause of action including conditions that failed to prevent decedent's infection. Defendant denies that it breached a duty of care and denies it caused Plaintiff serious emotional distress as a result of any of its actions or inactions. Defendant denies any remaining allegations for lack of information and belief.

///

///

///

## COUNT FOUR

### (Wrongful Death)

### *All Defendants*

66.     In response to paragraph 147 of Plaintiff's Third Amended Complaint, Defendant responds that Plaintiff incorporates the allegations in the paragraphs above, to which no response is required. To the extent a response is required, Defendant incorporates its responses to the paragraphs above.

67.     In response to paragraphs 148-149 of Plaintiff's Third Amended Complaint, Defendant admits that he alleges negligent medical care. Defendant denies that it breached a duty of care and denies it caused decedent's death as a result of any of its actions or inactions. Defendant denies Plaintiff is entitled to wrongful death damages or any other recovery as a result of its actions or inactions.

### PRAYER FOR RELIEF

68.     Defendant admits that Plaintiff is seeking compensatory and punitive damages and attorneys' fees and costs. Defendant denies that Plaintiff is entitled to any form of relief in this matter. Defendant denies any remaining allegations for lack of information and belief.

### AFFIRMATIVE DEFENSES

As a separate and distinct affirmative defense, Defendant GEO alleges each of the following:

### FIRST AFFIRMATIVE DEFENSE

The Third Amended Complaint fails to state a claim upon which relief can be granted. The Third Amended Complaint also fails to state a claim against Defendant GEO.

### SECOND AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff and/or decedent were deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

## THIRD AFFIRMATIVE DEFENSE

At all relevant times, Defendant GEO acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason under all circumstances known, and with the good faith belief that its actions comported with federal and state laws.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no actual injury caused by Defendant GEO's conduct.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to sue for one or more of the claims for relief asserted. Additionally, Plaintiff may have failed to join all necessary parties, if decedent had any issue and/or heirs.

## SIXTH AFFIRMATIVE DEFENSE

The damages alleged were directly and proximately caused by decedent's poor health and co-morbidities, and a virus during a worldwide pandemic, and not by any inadequacy in decedent's custody conditions and/or medical care.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendant GEO did not act with malicious intent to deprive him or decedent of any constitutional right or to cause any injury. Punitive damages are not recoverable for the claims set forth.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is not vicariously liable for acts of subordinates or subject to liability under the doctrine of *respondeat superior*.

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that persons or entities other than this answering defendant were responsible for the damages, if any there were which defendant denies, alleged by plaintiff. It was this fault or negligence of third parties, and not any act or acts of this answering defendant, which proximately contributed

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

17

Case No. 5:23-cv-00380-JWH-SP
DEF'T GEO'S ANSWER TO PLTF'S THIRD AMN'D
COMPLAINT; DEMAND FOR JURY TRIAL

to the damages, if any, suffered by plaintiff and/or decedent. This defense is interposed only in the alternative and does not admit any of the allegations of the Third Amended Complaint.

### TENTH AFFIRMATIVE DEFENSE

The comparative negligence of decedent was a proximate cause in causing any illness or injury to him. Plaintiff's recovery against Defendant should therefore be reduced in proportion to the amount of negligence attributable to decedent.

### ELEVENTH AFFIRMATIVE DEFENSE

Should Plaintiff recover damages against Defendant, Defendant is entitled to have the amount abated, apportioned or reduced to the extent that any other party's negligence (including decedent's) caused or contributed to damages, if any there were.

### TWELFTH AFFIRMATIVE DEFENSE

Decedent's own conduct estops him from claiming the damages claimed, as he failed to separate himself from other detainees or wear PPE.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges it is entitled to immunities provided by the California Business & Professions Code §2395, 2396 and 2397.

### FOURTEENTH AFFIRMATIVE DEFENSE

The allegations against Defendant GEO are barred by the doctrines of res judicata and collateral estoppel, as there was a finding that a Wellpath R.N. infected decedent with the COVID-19 virus.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent the Second Amended Complaint herein seeks punitive damages, it violates defendant's right to procedural due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of California, and it further violates defendant's rights to protection against "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in

Article 1, Section XVII of the Constitution of the State of California. It further violates defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California.

### SIXTEENTH AFFIRMATIVE DEFENSE

Because the Third Amended Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

### PRAYER FOR RELIEF

Wherefore, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by this action;

2.      That the action be dismissed in its entirety;

3.      That Defendant be awarded costs of suit, and any other and further relief as deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Defendant demands a trial by jury in this matter.

Dated:  May 30, 2025                    BURKE, WILLIAMS & SORENSEN, LLP


By:  _____/s/ *Deann R. Rivard*_____
       Susan E. Coleman
       Deann R. Rivard
       Attorneys for Defendant
       THE GEO GROUP, INC.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

19

Case No. 5:23-cv-00380-JWH-SP
DEF'T GEO'S ANSWER TO PLTF'S THIRD AMN'D
COMPLAINT; DEMAND FOR JURY TRIAL